Howard S. Caro (SBN 202082)
Cecilia Y. Chan (SBN 240971)
Nathaniel R. Spencer-Mork (SBN 226886)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
Howard.Caro@hellerehrman.com
Cecilia.Chan@hellerehrman.com
Nate.SpencerMork@hellerehrman.com

Robert B. Hawk (SBN 118054)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
Phone: +1.650.324.7000
Facsimile: +1.650.324.0638
Robert.Hawk@hellerehrman.com

Attorneys for Defendants
Clarium Capital Management, LLC, Peter Thiel, Jason Portnoy and Mark Woolway

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus Corporation,<br><br>                                    Plaintiff,<br><br>        v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC, et al.,<br><br>                                    Defendants. | Case No.: C 06 5255 MJJ<br><br>**DECLARATION OF HOWARD S. CARO IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION PENDING ARBITRATION**<br><br><br>Hearing Date:    October 24, 2006<br>Time:               9:30 a.m.<br>Courtroom:        11<br><br><br>The Honorable Martin J. Jenkins |

Heller
Ehrman LLP

I, Howard S. Caro, hereby declare:

1.     I am an attorney with the law firm of Heller Ehrman LLP, counsel to defendants Clarium Capital Management, LLC, Peter Thiel, Jason Portnoy, and Mark Woolway in the above-captioned action.   I am a member of the State Bar of California and am admitted to practice before this Court.  I submit this declaration in support of Defendants' Motion to Compel Arbitration and to Stay Litigation Pending Arbitration. Unless otherwise indicated, I have personal knowledge of the matters set forth herein, and, if called upon to do so, could testify competently to their truth.

2.     Attached hereto as Exhibit A is a true and correct copy of a letter that I sent to Harvey Liederman, counsel to plaintiff Amisil Holdings Ltd. ("Amisil") on September 6, 2006.

3.     As of the close of business on September 13, 2006, I had not received Amisil's response to my September 6, 2006 letter demanding that Amisil agree to submit its claims to arbitration.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed this 14th day of September, 2006, at San Francisco, California.


                                        /s/ Howard S. Caro
                                        Howard S. Caro

# HellerEhrman LLP

September 6, 2006

Howard S. Caro
Howard.Caro@hellerehrman.com
Direct +1.415.772.6487
Direct Fax +1.415.772.3887
Main +1.415.772.6000
Fax +1.415.772.6268

40859.0006

*Via Facsimile & U.S. Mail*

Harvey L. Leiderman, Esq.
Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, California  94111-3922

**Re:    Amisil v. Clarium Capital Management, LLC**

Dear Harvey:

I write on behalf of our clients in the above-referenced matter, Clarium Capital Management, LLC ("Clarium"), Peter Thiel, Jason Portnoy and Mark Woolway, to demand that your client, Amisil Holdings, Ltd., dismiss this litigation and submit the parties' dispute to binding arbitration.

Plaintiff's complaint alleges that Clarium violated certain provisions of the September 9, 1996 Operating Agreement of Thiel Capital Management (the "Operating Agreement"). Section 10.17 of the Operating Agreement provides that, if the parties cannot resolve through non-binding mediation "any controversy or claim arising out of or relating to" the Operating Agreement, "[a]ny such controversy ... shall be resolved through arbitration conducted in accordance with the rules of the American Arbitration Association."[1]

As noted in my August 31, 2006 letter, Clarium was trying to resolve this dispute through a non-binding mediative process — specifically, a neutral valuation proceeding. We interpreted Amisil's filing of its complaint on August 28, 2006 as a statement of Amisil's refusal to resolve the dispute through non-binding mediation. We will accordingly file a Petition to Compel Arbitration in the United States District Court for the Northern District of

---

[1] Our clients do not concede that the September 9, 1996 Operating Agreement is the contract governing the parties' respective rights and obligations. However, plaintiff's complaint unequivocally alleges claims arising out of and relating to the Operating Agreement. Nor should this demand be construed as an admission by defendants of the truth of any allegations set forth in the complaint, or as a waiver of any defense to any claims asserted in the complaint.

Heller Ehrman LLP  333 Bush Street  San Francisco, CA  94104-2878  www.hellerehrman.com

| Anchorage | Beijing | Hong Kong | Los Angeles | Madison, WI | New York | San Diego | **San Francisco** | Seattle |
|-----------|---------|-----------|-------------|-------------|----------|-----------|-------------------|---------|
| Silicon Valley | Singapore | Washington, D.C. | | | | | | |

HellerEhrman LLP

California, unless you inform me before the close of business on Wednesday, September 13, 2006, that your client will stipulate to proceed via arbitration.[2]

Very truly yours,

Howard S. Caro

cc:    Bruce Gibney, Esq.

---

[2] Alternatively, we would forego the filing of a Petition to Compel Arbitration if Amisil is interested in exploring a non-binding mediation proceeding other than the valuation process that it already terminated, and if Amisil is willing to dismiss this litigation while the parties proceed in that manner. Please let me know by the close of business on September 13 if that is how your client would prefer to proceed.