Howard S. Caro (SBN 202082)
Cecilia Y. Chan (SBN 240971)
Nathaniel R. Spencer-Mork (SBN 226886)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
Howard.Caro@hellerehrman.com
Cecilia.Chan@hellerehrman.com
Nate.SpencerMork@hellerehrman.com

Robert B. Hawk (SBN 118054)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
Phone: +1.650.324.7000
Facsimile: +1.650.324.0638
Robert.Hawk@hellerehrman.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus Corporation,<br><br>                              Plaintiff,<br><br>     v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC, et al.,<br><br>                              Defendants. | Case No.: C 06 5255 MJJ<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT; MEMORANDUM IN SUPPORT**<br><br>**Civ. L.R. 6-3**<br><br>[Motion to Compel Arbitration and to Stay Litigation Pending Arbitration Filed Concurrently]<br><br>No Hearing Date Set<br><br>The Honorable Martin J. Jenkins |

# NOTICE OF MOTION AND MOTION
# TO ENLARGE TIME TO RESPOND TO COMPLAINT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Civil Local Rule 6-3, Defendants Clarium Capital Management, LLC, Peter Thiel, Jason Portnoy and Mark Woolway ("Defendants") hereby present this Motion to Enlarge Time to Respond to the Complaint ("Motion"). Under the provisions of Civil Local Rule 6-3(c), Plaintiff's Opposition to this Motion must be filed no later than three court days after service of this Motion. Pursuant to Civil Local Rule 6-3(d), Defendants have not noticed a hearing date for this Motion.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Cecilia Y. Chan, along with the exhibits thereto, all pleadings and papers on file in this action, such matters of which the Court may take judicial notice, and such additional evidence and authority as may be offered at the time of oral argument, if any.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Plaintiff Amisil Holdings, Ltd.'s ("Amisil") claims in this action allegedly arise out of and relate to the 1996 Operating Agreement of Defendant Clarium Capital Management, LLC ("Operating Agreement").[1] As explained in Defendants' concurrently filed Motion to Compel Arbitration and to Stay Litigation Pending Arbitration ("Motion to Compel"), all claims in this action are subject to arbitration under the dispute resolution provision of the Operating Agreement. Defendants' Motion to Compel requests an order pursuant to the Federal Arbitration Act compelling Amisil to arbitrate Plaintiffs' claims and also requests a stay of this action pending arbitration. Defendants' rights to arbitrate this matter would be substantially prejudiced — and substantial resources would be wasted — if Defendants

---

[1] Clarium does not concede that the 1996 version of the Operating Agreement governs the claims in this action.

were required to respond to the Complaint before the Motion to Compel is decided.[2] Defendants Clarium, Thiel, Portnoy and Woolway therefore respectfully request an order enlarging the time to respond to the Complaint until 20 days after the termination of the stay requested in the Motion to Compel, or, if the Court denies the Motion to Compel, 20 days after service of the notice of that denial.  In the alternative, Defendants request that time to respond to the Complaint be extended until October 4, 2006 — 15 days beyond the date that Plaintiff contends Clarium must respond to the Complaint.

**II.     FACTS**

Before Amisil filed its Complaint in this action, the parties were attempting to resolve their dispute by a third party valuation of Amisil's interest in Clarium.  Sept. 6, 2006 Ltr. from H. Caro to H. Leiderman (Declaration of Cecilia Y. Chan, Ex. A) ("Chan Decl.").  When Amisil abruptly terminated that process by filing its Complaint, Clarium promptly demanded arbitration under the terms of the Operating Agreement, and requested that Amisil either arbitrate or stipulate to an enlargement of the time for Defendants to respond to the Complaint until after resolution of a motion to compel arbitration.  *Id.*;  Chan Decl. ¶ 3.

Despite the clear arbitration provision, Amisil rejected the demand to arbitrate and offered to extend the time to respond to the Complaint only in exchange for Clarium's agreement to "provide[] access to Clarium's books and records commencing at least by noon on September 18."  Sept. 12, 2006 Ltr. from H. Leiderman to H. Caro (Chan Decl. Ex. B).

**III.    ARGUMENT**

Without a stipulation or the requested Order Enlarging Time, Defendants will be required to begin litigating this case by responding to the Complaint before their Motion to Compel is heard or decided.  The Federal Arbitration Act reflects a strong federal policy in favor of arbitration, *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999), and

---

[2] Defendants' Motion to Compel is noticed for hearing on October 24, 2006.

requiring Defendants to begin litigating this case by responding to the Complaint while their Motion to Compel is pending substantially prejudices their right to arbitration. (Amisil's conditions for stipulating to an extension of time to respond to the Complaint would effectively have forced Clarium to submit to discovery before it would be permitted under Rule 26.) Accordingly, Defendants request that the Court enlarge Defendants' time to respond to the Complaint until after the Motion to Compel is heard and resolved.

## IV.  CONCLUSION

For the reasons stated above, Defendants respectfully requests that the Court enter an Order enlarging time to respond to the complaint in this action until 20 days after the Court either lifts the stay requested by the Motion to Compel or denies Defendants' Motion to Compel . In the alternative, Defendants request that the time to respond to the Complaint be extended to October 4, 2006.

September 14, 2006                     Respectfully submitted,


                                       HELLER EHRMAN LLP



                                       By _____/s/ Howard S. Caro_____
                                              HOWARD S. CARO

                                       Attorneys for Defendants
                                       CLARIUM CAPITAL MANAGEMENT, PETER
                                       THIEL, JASON PORTNOY and MARK
                                       WOOLWAY

Heller
Ehrman LLP

3

NOTICE OF MOTION & MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT; MEM. OF P&A IN SUPPORT; Case No. C 06-5255 MJJ