Howard S. Caro (SBN 202082)
Cecilia Y. Chan (SBN 240971)
Nathaniel R. Spencer-Mork (SBN 226886)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
Howard.Caro@hellerehrman.com
Cecilia.Chan@hellerehrman.com
Nate.SpencerMork@hellerehrman.com

Robert B. Hawk (SBN 118054)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
Phone: +1.650.324.7000
Facsimile: +1.650.324.0638
Robert.Hawk@hellerehrman.com

Attorneys for Defendants
Clarium Capital Management, LLC, Peter Thiel, Jason Portnoy and Mark Woolway

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus Corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC, et al.,<br><br>                    Defendants. | Case No.: C 06 5255 MJJ<br><br>**DECLARATION OF CECILIA Y. CHAN IN SUPPORT OF DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND TO THE COMPLAINT**<br><br>Hearing Date:  October 24, 2006<br>Time:          9:30 a.m.<br>Courtroom:     11<br><br><br>The Honorable Martin J. Jenkins |

Heller Ehrman LLP

DECL. OF CECILIA Y. CHAN ISO DEFS.' MOTION TO ENLARGE TIME TO RESPOND TO THE COMPLAINT, Case No. C 06 5255 MJJ

I, Cecilia Y. Chan, hereby declare:

1. I am an attorney with the law firm of Heller Ehrman LLP, counsel to defendants Clarium Capital Management, LLC, Peter Thiel, Jason Portnoy, and Mark Woolway in the above-captioned action. I am a member of the State Bar of California and am admitted to practice before this Court. I submit this declaration in support of defendants' Motion to Enlarge Time to Respond to Complaint. Unless otherwise indicated, I have personal knowledge of the matters set forth herein, and, if called upon to do so, could testify competently to their truth.

2. Attached hereto as Exhibit A is a true and correct copy of a letter my colleague, Howard Caro, sent to Harvey Liederman, counsel to plaintiff Amisil Holdings Ltd. ("Amisil") on September 6, 2006.

3. On September 8, 2006, I contacted Tita Bell (also counsel to plaintiff Amisil) by telephone to inquire whether, if Amisil did not agree to arbitrate, Amisil would be willing to stipulate to an extension of time for defendants to respond to the complaint until after the resolution of a motion to compel arbitration.

4. Attached hereto as Exhibit B is a true and correct copy of a letter my colleague, Mr. Caro, received from Mr. Leiderman on September 12, 2006.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed this 14th day of September, 2006, at San Francisco, California.

/s/ Cecilia Y. Chan
Cecilia Y. Chan

Heller Ehrman LLP

1

DECL. OF CECILIA Y. CHAN ISO DEFS.' MOTION TO ENLARGE TIME TO RESPOND TO THE COMPLAINT, Case No. C 06 5255 MJJ

# HellerEhrman LLP

September 6, 2006

*Via Facsimile & U.S. Mail*

Howard S. Caro
Howard.Caro@hellerehrman.com
Direct +1.415.772.6487
Direct Fax +1.415.772.3887
Main +1.415.772.6000
Fax +1.415.772.6268

40859.0006

Harvey L. Leiderman, Esq.
Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, California 94111-3922

Re:   **Amisil v. Clarium Capital Management, LLC**

Dear Harvey:

I write on behalf of our clients in the above-referenced matter, Clarium Capital Management, LLC ("Clarium"), Peter Thiel, Jason Portnoy and Mark Woolway, to demand that your client, Amisil Holdings, Ltd., dismiss this litigation and submit the parties' dispute to binding arbitration.

Plaintiff's complaint alleges that Clarium violated certain provisions of the September 9, 1996 Operating Agreement of Thiel Capital Management (the "Operating Agreement"). Section 10.17 of the Operating Agreement provides that, if the parties cannot resolve through non-binding mediation "any controversy or claim arising out of or relating to" the Operating Agreement, "[a]ny such controversy ... shall be resolved through arbitration conducted in accordance with the rules of the American Arbitration Association."[1]

As noted in my August 31, 2006 letter, Clarium was trying to resolve this dispute through a non-binding mediative process — specifically, a neutral valuation proceeding. We interpreted Amisil's filing of its complaint on August 28, 2006 as a statement of Amisil's refusal to resolve the dispute through non-binding mediation. We will accordingly file a Petition to Compel Arbitration in the United States District Court for the Northern District of

---

[1] Our clients do not concede that the September 9, 1996 Operating Agreement is the contract governing the parties' respective rights and obligations. However, plaintiff's complaint unequivocally alleges claims arising out of and relating to the Operating Agreement. Nor should this demand be construed as an admission by defendants of the truth of any allegations set forth in the complaint, or as a waiver of any defense to any claims asserted in the complaint.

Heller Ehrman LLP   333 Bush Street   San Francisco, CA 94104-2878   www.hellerehrman.com

Anchorage    Beijing    Hong Kong    Los Angeles    Madison, WI    New York    San Diego    **San Francisco**    Seattle
Silicon Valley    Singapore    Washington, D.C.

HellerEhrman LLP

Harvey L. Leiderman, Esq.
September 6, 2006
Page 2

California, unless you inform me before the close of business on Wednesday, September 13, 2006, that your client will stipulate to proceed via arbitration.[2]

Very truly yours,

Howard S. Caro

cc: Bruce Gibney, Esq.

---

[2] Alternatively, we would forego the filing of a Petition to Compel Arbitration if Amisil is interested in exploring a non-binding mediation proceeding other than the valuation process that it already terminated, and if Amisil is willing to dismiss this litigation while the parties proceed in that manner. Please let me know by the close of business on September 13 if that is how your client would prefer to proceed.

# ReedSmith

**Harvey L. Leiderman**
Direct Phone: 415.659.5914
Email: HLeiderman@reedsmith.com

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
415.543.8700
Fax 415.391.8269

September 12, 2006

VIA E-MAIL AND U.S. MAIL

Howard Caro, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878

Re: Amisil Holdings v. Clarium Capital Management, et al.

Dear Mr. Caro:

With reference to your letter of September 6, 2006, please be advised that Amisil is open to many approaches to resolving its differences with Clarium Capital Management, LLC and the other defendants. Whether this matter is resolved in federal court, AAA arbitration, mediation or by other means, however, a full accounting of Clarium's financial activities will be required. Accordingly, whichever approach we take, we will have to review Clarium's books and records from 1998 to the present.

With this in mind, Amisil would be willing to extend the time for defendants to respond to the complaint, provided such an extension does not further delay our access to Clarium's books and records. Timely access will promote a speedy and less costly resolution of this dispute, if, as you contend, Clarium's business has been conducted properly.

Clarium's response to the complaint is presently due by September 19, 2006. If we are provided access to Clarium's books and records commencing at least by noon on September 18, we will then grant a thirty (30) day extension of time, to October 19, 2006, for all defendants to respond to the complaint. Once we have reviewed the books and records, we can discuss the most expeditious manner of proceeding towards resolution.

Please let me know if you would like to move forward on this basis.

Sincerely yours,

Harvey L. Leiderman

DOCSSFO-12452682.1-HLLEIDER