Harvey L. Leiderman (SBN 55838)
Email: hleiderman@reedsmith.com
Tita K. Bell (SBN 206735)
Email: tkbell@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
<u>Mailing Address:</u>
P.O. Box 7936
San Francisco, CA 94120-7936
Telephone:   415.543.8700
Facsimile:   415.391.8269

Daniel R. Formeller (admitted *pro hac vice*)
Email: dformeller@tsmp.com
Basileios Katris (admitted *pro hac vice*)
Email: bkatris@tsmp.com
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
Telephone:   312.627.4000
Facsimile:   312.627.1717

Attorneys for Plaintiff Amisil Holdings Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC f/k/a/ THIEL CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Company, PETER ANDREAS THIEL, a California resident, JASON PORTNOY, a California resident, MARK WOOLWAY, a California resident,<br><br>    Defendants. | Case No.: C 06 5255 MJJ<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT**<br><br>**Civ. L.R. 6-3**<br><br>Honorable Martin J. Jenkins |

Plaintiff Amisil Holdings Ltd. ("Amisil") hereby submits its Opposition to Defendants' Motion to Enlarge Time to Respond to Complaint as follows:

## I.   THE CASE AND THIS MOTION

Through an elaborate shell game, defendants Clarium Capital Management, LLC ("Clarium"), and Peter Thiel ("Thiel") have confiscated Amisil's investment in Clarium and appropriated Amisil's share of the company's profits for themselves. Amisil is a long-time investor in Clarium, a registered investment adviser that reportedly manages $2 billion in investors' funds. Defendant Thiel – Clarium's Managing Member, and its only other member, who owns over 98% of the Company – dominates Clarium and its investment portfolio. Through a pattern and practice of unlawful activity, Thiel and the other individual codefendants have oppressed Amisil's rights as holder of a minority membership interest in Clarium.

Thiel and Clarium and have steadfastly refused to allow Amisil access to Clarium's books and records despite Clarium's clear contractual obligation to do so. Meanwhile, in the last year alone Thiel and his colleagues have distributed over $60 million out of the Company to themselves – but not a penny to Amisil. In response to an inquiry from Amisil, Clarium, at the direction of Thiel, simply issued a notice claiming to expel Amisil as a member of Clarium and confiscating Amisil's share of the company, at a fraction of its value. In short, defendants have fraudulently seized control over Amisil's property, deprived Amisil of its rightful distributions, and oppressed Amisil as a minority member of Clarium. These are the facts that warranted Amisil's filing of this lawsuit.

Instead of filing a proper responsive pleading, however, defendants have filed a Motion to Compel Arbitration of Amisil's claims and a Motion to Enlarge Time to Respond to Complaint ("Motion"). Citing no authority whatsoever, defendants have asked the Court to allow them to bifurcate their challenges to the complaint (first on the ground of arbitrability, and later on the basis of any other defenses and objections that they may have). The Motion is an attempt to end-run Rule 12 of the Federal Rules of Civil Procedure ("FRCP") by filing serial challenges to the complaint, and should be denied.

## II. THE FACTS

Amisil filed its complaint on August 28, 2006. The summons and complaint were served by personal delivery on defendant Clarium Capital Management, LLC, on August 30, 2006, and on defendants Thiel, Portnoy, and Woolway on September 8, 2006. (See Declaration of Tita K. Bell submitted herewith ("Bell Dec."), ¶ 2.) On September 6, 2006, seven days after Clarium was served, counsel for all defendants demanded that Amisil agree to submit its claims to arbitration. (Declaration of Cecilia Chan submitted in support of the Motion ("Chan Dec."), Ex. A.) It was not until September 8, 2006, eleven days after Clarium was served, that defense counsel inquired in general terms whether Amisil would stipulate to an extension of time for the defendants to respond to the complaint. (Chan Dec., ¶ 3.) On September 12, 2006, Amisil, through its counsel of record, expressed that it was open to various methods for resolving the dispute including arbitration, and indicated that it was willing to consider defendants' request for an extension of time to respond.[1] (Chan Dec., Ex. B.) On September 13, 2006, Amisil's counsel contacted defense counsel to discuss defendants' request for an extension, among other things. (Declaration of Harvey L. Leiderman submitted herewith, ¶ 2.) However, because defense counsel failed to propose a specific time frame or fixed dates for an extended deadline, Amisil could not meaningfully stipulate to an extension. (*Id.*, ¶ 2.)

Defendants now seek an order "enlarging time to respond to the complaint." (Motion at 3:8.) permitting them to file serial challenges until perhaps one is successful. Amisil does not object to a modest extension of time for defendants to file their *answers* to the complaint; however, to the extent defendants seek to extend their time to challenge the complaint pursuant to FRCP Rule 12, Amisil objects on the ground that such a request violates the mandate of Rule 12(g) to consolidate all defenses and objections in one motion.

## III. ARGUMENT

Defendants cite *no authority* for the proposition that they should be allowed to defer their responses by virtue of having filed a motion seeking to arbitrate the dispute and to stay court

---

[1] Amisil objects to defendants' misleading statement in their Memorandum in Support of Motion to Enlarge Time to Respond that Amisil "rejected the demand to arbitrate." (Motion, at 2:17.)

proceedings pending arbitration. The FRCP does not provide for an extension of the normal period of time to respond to the complaint pending the outcome of such a motion. Moreover, the FRCP explicitly requires defendants to consolidate all applicable grounds for a Rule 12 motion to dismiss in one motion. FRCP Rule 12(g). As discussed below, defendants' motion to compel arbitration is in essence a Rule 12 motion, and pursuant to FRCP Rule 12(g), defendants must raise any other applicable Rule 12(b)(2) through (7) defenses concurrently with their arbitration motion.

### A. Defendants May Not Bring Serial Rule 12 Motions Challenging the Pleading.

FRCP Rule 12(a) requires defendants file their responses to the complaint within 20 days of being served. Pursuant to Rules 12(a) and 12(b), a motion to dismiss any claim raised in the complaint on any of grounds (2) through (7) stated in Rule 12(b) must be brought, if at all, within the 20-day period allowed for answer by Rule 12(a). *Totalplan Corp. of Am. v Lure Camera*, 613 F. Supp. 451, 455 (W.D. N.Y. 1985).

The combined language of FRCP Rules 12(g) and (h) further requires that "a party 'who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job.'" *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000) (defendant who raised only one Rule 12 defense of insufficiency of process in his first responsive pleading was precluded from later asserting the Rule 12 defense of lack of personal jurisdiction). The law is clear that a defendant who "raise[s] any Rule 12 defenses in his first filing to the court . . . [is] obliged to raise all of those specified in Rule 12(h)." *Id; see also Church of Scientology v. Linberg*, 529 F. Supp. 945, 967 (C.D. Cal. 1981) ("the central objectives of Rules 12(g) and 12(h)(1) [are] to force litigants to exercise great diligence in challenging personal service at the earliest possible time, and to deter defendants from the dilatory tactic of filing a series of 12(b) motions.").

### B. Defendants' Motion to Compel Arbitration Is Jurisdictional and Should Be Heard at the Same Time as a Rule 12(b) Motion to Dismiss.

Defendants' motion to compel may be construed as their first responsive pleading for purposes of triggering the rule against successive Rule 12(b) motions to dismiss. In determining whether a motion counts as a first responsive pleading, the Ninth Circuit has stated that whether or

not the first filing is "dubbed a 'Rule 12' motion is of no significance." *Hayhurst*, 227 F.3d at 1107, citing *O'Brien v. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1399 (7th Cir. 1993) (a motion made pursuant to Rule 55 "was, in essence, a Rule 12 motion'" and thus defendant's failure to move to dismiss for lack of personal jurisdiction constituted a waiver).

A motion to compel arbitration is akin to a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Evans v. Hudson Coal Co.*, 165 F.2d 970 (3d Cir. 1948). In *Evans*, in lieu of an answer defendants filed an application for a stay pending arbitration pursuant to section 3 of the Federal Arbitration Act. *Id.* at 972. Plaintiffs then filed a motion to dismiss defendant's application for a stay based on the assertion that the application was not in accordance with Rule 12(b). *Id.* Plaintiffs argued that Rule 12(b) required an answer and that the application for a stay was not such a pleading. *Id.* The court held that "if the issues of the instant suit are referable to arbitration, the motion for a stay under Section 3 of the Arbitration Act fulfills the requirements of Rule 12(b)." *Id.* at 973 (9 USC § 3 directs that the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"). *Evans* has come to stand for the proposition that a "motion for a stay pending arbitration is a motion under Rule 12(b)(1) for it is in effect a challenge to the court's jurisdiction over the subject matter." *Atlantic Steamers Supply Co. v. International Maritime Supplies Co.*, 268 F. Supp. 1009, 1012 (D.N.Y. 1967); *see also Macchiavelli v. Shearson, Hammill & Co.*, 384 F. Supp. 21, 28 (E.D. Cal. 1974) ("[t]he essence of the motion for a stay pending arbitration is a question of the court's subject matter jurisdiction"; FRCP 12(b)(1) "authorizes a defendant to make application for a stay pending arbitration."); *Nicholson v. Labor Ready, Inc.*, 1997 U.S. Dist. LEXIS 23494 (N.D. Cal. 1997) ("12(b)(1) authorizes a defendant to apply for a stay of the federal court proceedings pending arbitration."). As such, Rule 12(g) prohibits the defendant from making any other motions set forth in Rule 12(b) if they were not made at the same time as a motion to compel. *Atlantic Steamers*, 268 F. Supp. at 1012.

Alternatively, a motion to stay and compel arbitration has also been viewed as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See Nationwide Ins. Co. of Columbus, Ohio v. Patterson*, 953 F.2d 44, 45 n.1 (3d Cir. 1991) ("[d]ismissal of a

declaratory judgment action because the dispute is covered by an arbitration provision is generally effected under Rule 12(b)(6)").

Both theories command the same result: a motion to compel arbitration counts as the first responsive pleading which triggers the application of FRCP Rules 12(g) and (h). A defendant who makes its first appearance by seeking to compel arbitration must also raise all other defenses under FRCP Rule 12(b)(2) through (7) concurrently *or the latter are waived*. Defendants have cited no authority for their request to abrogate this rule, nor have they demonstrated a risk of harm sufficient to overcome the policy of promoting expeditious and simultaneous presentation of defenses and objections available to a party.

Indeed, the risk of harm falls entirely on Plaintiff Amisil, as defendants continue to concoct procedural schemes to delay Amisil's examination of Clarium's books and records. As Amisil's counsel invited them to do, no motions would have been necessary if defendants would have agreed to even *begin* opening their books. (Chan Dec., Ex. B.) Whether this case is heard by a jury in this Court or by an Arbitrator, or both, defendants are going to have to divulge what they have been doing with Amisil's investment. To sanction serial defensive pleadings would only perpetuate defendants' secrecy scheme.

## IV.  CONCLUSION

For the foregoing reasons, the Court should deny defendants' Motion to Enlarge Time to Respond to the extent defendants seek an extension of time to file motions to dismiss under FRCP Rule 12(b)(2) through (7). To the extent defendant Clarium seeks an extension of time to answer the complaint, the Court should order Clarium to file and serve its answer no later than September 25, 2006.

DATED:  September 19, 2006.

REED SMITH LLP

By     /s/
Harvey L. Leiderman
Attorneys for Plaintiff
Amisil Holdings Ltd.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On September 19, 2006, I served the following document(s) by the method indicated below:

**(1) PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT**

**(2) DECLARATION OF TITA K. BELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND;**

**(3) DECLARATION OF HARVEY L. LEIDERMAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT;**

☐ by transmitting via facsimile on this date from fax number 415.391.8269 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☒ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ by transmitting via email to the parties at the email addresses listed below:

– 1 –
Proof of Service

**Attorneys for Defendant Clarium Capital Management, LLC:**

Howard S. Caro
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878
Tel: 414-772-6487
Fax: 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

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 19, 2006, at San Francisco, California.

/S/
James Edward White

1  Harvey L. Leiderman (SBN 55838)
   Email: hleiderman@reedsmith.com
2  Tita K. Bell (SBN 206735)
   Email: tkbell@reedsmith.com
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA 94111-3922
   Mailing Address:
5  P.O. Box 7936
   San Francisco, CA 94120-7936
6  Telephone:   415.543.8700
   Facsimile:   415.391.8269
7
   Daniel R. Formeller (admitted *pro hac vice*)
8  Email: dformeller@tsmp.com
   Basileios Katris (admitted *pro hac vice*)
9  Email: bkatris@tsmp.com
   Tressler, Soderstrom, Maloney & Priess
10 Sears Tower, 22nd Floor
   233 South Wacker Drive
11 Chicago, Illinois 60606-6308
   Telephone:   312.627.4000
12 Facsimile:   312.627.1717

13 Attorneys for Plaintiff Amisil Holdings Ltd.

14                     UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16                          SAN FRANCISCO DIVISION

17

18 | AMISIL HOLDINGS LTD., a Cyprus Corporation, | Case No.: C 06 5255 MJJ |

19 | Plaintiff, | **DECLARATION OF HARVEY L. LEIDERMAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT** |

20 v.

21 CLARIUM CAPITAL MANAGEMENT, LLC
   f/k/a/ THIEL CAPITAL MANAGEMENT, LLC,     Civ. L.R. 6-3
22 a Delaware Limited Liability Company, PETER
   ANDREAS THIEL, a California resident, JASON  Honorable Martin J. Jenkins
23 PORTNOY, a California resident, MARK
   WOOLWAY, a California resident,
24
                  Defendants.
25

26

27

28

Case No. C 06 5255 MJJ          — 1 —          DOCSSFO-12453381.2-TKBELL 9/19/06 3:33 PM

I, Harvey L. Leiderman, declare:

1. I am an attorney at law and a principal of the firm of Reed Smith, LLP, counsel of record to plaintiff Amisil Holdings Ltd. ("Amisil") in this case. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. I submit this declaration in support of Plaintiff's Opposition to Defendants' Motion to Enlarge Time to Respond to Complaint. I have personal knowledge of the matters set forth herein, and, if called upon to do so, could testify competently to their truth.

2. On September 13, 2006, I phoned Cecilia Chan of Heller Ehrman LLP, counsel of record to defendants Clarium Capital Management, LLC ("Clarium"), Peter Thiel, Jason Portnoy, and Mark Woolway in this matter, to discuss what I understood was defendants' request for (a) an extension of time to respond to the complaint and (b) an order shortening time in which to file a motion to compel arbitration and stay further proceedings in this Court. During the call, I told Ms. Chan that Amisil would be agreeable to postpone all motions and responses to the complaint, if defendants would begin giving Amisil access to Clarium's books and records, as I had previously proposed in my letter to defendants' counsel on September 12, 2006. Ms. Chan stated that she would have to consult with her clients and phone me back. She did so soon thereafter and stated that "now that you have sued us," defendants refused to give Amisil any information unless and until required to do so by the Court or an arbitrator. Ms. Chan then again asked me to agree to give defendants more time to file their response to the complaint, to allow them time to first file their motion to stay the proceedings. Additionally, Ms. Chan asked whether Amisil would agree to let the court hear defendants' motions on an expedited basis. I asked her when defendants proposed to have the expedited motions heard, or what Amisil's response time might be. She was unable to explain what defendants were proposing in this regard. For that reason we were unable to reach any agreement. I finally suggested that defendants proceed to file whatever they intended to file and we would simply follow the local rules in responding.

/ / /

/ / /

/ / /

I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration this 19th day of September, 2006, at San Francisco, California.

/ s /
───────────────────────────
Harvey L. Leiderman

Case No. C 06 5255 MJJ — 3 — DOCSSFO-12453381.2-TKBELL 9/19/06 3:33 PM

DECLARATION OF HARVEY L. LEIDERMAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT

Harvey L. Leiderman (SBN 55838)
Email: hleiderman@reedsmith.com
Tita K. Bell (SBN 206735)
Email: tkbell@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Mailing Address:
P.O. Box 7936
San Francisco, CA 94120-7936
Telephone:   415.543.8700
Facsimile:    415.391.8269

Daniel R. Formeller (admitted *pro hac vice*)
Email: dformeller@tsmp.com
Basileios Katris (admitted *pro hac vice*)
Email: bkatris@tsmp.com
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
Telephone:   312.627.4000
Facsimile:    312.627.1717

Attorneys for Plaintiff Amisil Holdings Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus Corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC f/k/a/ THIEL CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Company, PETER ANDREAS THIEL, a California resident, JASON PORTNOY, a California resident, MARK WOOLWAY, a California resident,<br><br>　　　　　　　Defendants. | Case No.: C 06 5255 MJJ<br><br>**DECLARATION OF TITA K. BELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND**<br><br>Civ. L.R. 6-3<br><br>Honorable Martin J. Jenkins |

I, Tita K. Bell, hereby declare:

1. I am an attorney at law and an associate with the firm of Reed Smith, LLP, counsel of record to plaintiff Amisil Holdings Ltd. ("Amisil") in the above-captioned matter. I am a member of the State Bar of California and am admitted to practice before this Court. I submit this declaration in support of Plaintiff's Opposition to Defendants' Motion to Enlarge Time to Respond to Complaint. I have personal knowledge of the matters set forth herein, and, if called upon to do so, could testify competently to their truth.

2. Attached hereto as Exhibit A are true and correct copies of the Proofs of Service of the Summons and Complaint upon each of the four named defendants in this action. These documents attest that defendant Clarium Capital Management, LLC was served personally on August 30, 2006, and defendants Peter Thiel, Jason Portnoy and Mark Woolway were served via hand delivery upon their counsel of record on September 8, 2006.

I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on this 19th day of September, 2006, at San Francisco, California.

/s/
Tita K. Bell

| | For Court Use Only |
|---|---|
| Attorney or Party without Attorney:<br>TITA K. BELL, ESQ.<br>REED SMITH LLP<br>TWO EMBARCADERO CENTER<br>SUITE 2000<br>SAN FRANCISCO, CA 94111<br>Telephone No: 415-543-8700    FAX No: 415-391-8269 | |
| Ref. No. or File No.: | |
| Attorney for: Plaintiff | |

Insert name of Court, and Judicial District and Branch Court:
U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

Plaintiff: AMISIL HOLDINGS, LTD., ETC.
Defendant: CLARIUM CAPITAL MANAGEMENT, ETC., ET AL.

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>C065255 MJJ |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; COMPLAINT; ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES; STANDING ORDER; NOTICE OF AVAILABILITY; NOTICE OF LAWSUIT; ECF HANDOUT; CIVIL COVER SHEET

3. a. Party served: PETER THIEL
   b. Person served: JONATHAN P. HAYDEN, ESQ., AUTHORIZED TO ACCEPT SERVICE

4. Address where the party was served: HELLER EHRMAN
   333 BUSH STREET
   9TH FLOOR
   SAN FRANCISCO, CA 94111

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Sep. 08, 2006 (2) at: 3:50PM

7. *Person Who Served Papers:*    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. ALOIZIO COSTA
   
   d. *The Fee for* Service was:
   
   e. I am: (3) registered California process server
      (i) Employee
      (ii) Registration No.: 2002-0000962
      (iii) County: San Francisco

   First Legal Support Services
   ATTORNEY SERVICES
   1138 HOWARD STREET
   San Francisco, CA 94103
   (415) 626-3111, FAX (415) 626-1331

8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.

   Date: Mon, Sep. 11, 2006

   *(signature)* ALOIZIO COSTA    6306315.reesmsf.29971

Judicial Council Form
Rule 982.9.(a)&(b) Rev July 1, 2004

PROOF OF SERVICE
SUMMONS & COMPLAINT

EXHIBIT A

| | For Court Use Only |
|---|---|
| *Attorney or Party without Attorney:*<br>TITA K. BELL, ESQ.<br>REED SMITH LLP<br>TWO EMBARCADERO CENTER<br>SUITE 2000<br>SAN FRANCISCO, CA  94111<br>*Telephone No:* 415-543-8700    *FAX No:* 415-391-8269 | |
| *Ref. No. or File No.:* | |
| *Attorney for:* Plaintiff | |

*Insert name of Court, and Judicial District and Branch Court:*
U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

*Plaintiff:* AMISIL HOLDINGS, LTD., ETC.
*Defendant:* CLARIUM CAPITAL MANAGEMENT, ETC., ET AL.

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>C065255 MJJ |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; COMPLAINT; ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES; STANDING ORDER; NOTICE OF AVAILABILITY; NOTICE OF LAWSUIT; ECF HANDOUT; CIVIL COVER SHEET

3. a. *Party served:*      MARK WOOLWAY
   b. *Person served:*     JONATHAN P. HAYDEN, ESQ., AUTHORIZED TO ACCEPT SERVICE

4. *Address where the party was served:*  HELLER EHRMAN
                                          333 BUSH STREET
                                          9TH FLOOR
                                          SAN FRANCISCO, CA  94111

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Sep. 08, 2006 (2) at: 3:50PM

7. *Person Who Served Papers:*                             Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. ALOIZIO COSTA                                        d. *The Fee for Service was:*
                                                           e. I am: (3) registered California process server
   First Legal Support Services                               (i)   Employee
   ATTORNEY SERVICES                                          (ii)  Registration No.:   2002-0000962
   1138 HOWARD STREET                                         (iii) County:             San Francisco
   San Francisco, CA 94103
   (415) 626-3111, FAX (415) 626-1331

8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.

   Date: Mon, Sep. 11, 2006

                                                                                      (ALOIZIO COSTA)

*Judicial Council Form*                    PROOF OF SERVICE                           6306315.reesmsf.29969
Rule 982.9.(a)&(b) Rev July 1, 2004        SUMMONS & COMPLAINT

| Attorney or Party without Attorney: <br> TITA K. BELL, ESQ. <br> REED SMITH LLP <br> TWO EMBARCADERO CENTER <br> SUITE 2000 <br> SAN FRANCISCO, CA 94111 <br> Telephone No: 415-543-8700    FAX No: 415-391-8269 <br> Ref. No. or File No.: | For Court Use Only |
|---|---|

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:
U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

Plaintiff: AMISIL HOLDINGS, LTD., ETC.
Defendant: CLARIUM CAPITAL MANAGEMENT, ETC., ET AL.

| PROOF OF SERVICE SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number: C065255 MJJ |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; COMPLAINT; ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES; STANDING ORDER; NOTICE OF AVAILABILITY; NOTICE OF LAWSUIT; ECF HANDOUT; CIVIL COVER SHEET

3. a. Party served:        JASON PORTNOY
   b. Person served:    JONATHAN P. HAYDEN, ESQ., AUTHORIZED TO ACCEPT SERVICE

4. Address where the party was served:    HELLER EHRMAN
   333 BUSH STREET
   9TH FLOOR
   SAN FRANCISCO, CA 94111

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Sep. 08, 2006 (2) at: 3:50PM

7. *Person Who Served Papers:*
   a. ALOIZIO COSTA

   First Legal Support Services
   ATTORNEY SERVICES
   1138 HOWARD STREET
   San Francisco, CA 94103
   (415) 626-3111, FAX (415) 626-1331

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*
   e. I am: (3) registered California process server
      (i) Employee
      (ii) Registration No.:    2002-0000962
      (iii) County:              San Francisco

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*

   Date: Mon, Sep. 11, 2006

   (ALOIZIO COSTA)
   6306315.reesmsf.29972

Judicial Council Form
Rule 982.9.(a)&(b) Rev July 1, 2004

PROOF OF SERVICE
SUMMONS & COMPLAINT

| | | | | | |
|---|---|---|---|---|---|
| Attorney or Party without Attorney:<br>HARVEY L. LEIDERMAN, Bar #55838<br>REED SMITH LLP<br>TWO EMBARCADERO CENTER<br>20TH FLOOR<br>SAN FRANCISCO, CA 94111<br>Telephone No: 415 543-8700   FAX No: 415 391-8269 | | | | | For Court Use Only |
| Attorney for: Plaintiff, Amisil Holdings Ltd., et al. | | | Ref. No. or File No.:<br>360757.60001 | | |
| Insert name of Court, and Judicial District and Branch Court:<br>United States District Court, Northern District Of California | | | | | |
| Plaintiff: AMISIL HOLDINGS LTD., a Cyprus Corporation | | | | | |
| Defendant: CLARIUM CAPITAL MANAGEMENT, LLC, et al. | | | | | |
| PROOF OF SERVICE<br>SUMMONS IN A CIVIL CASE | Hearing Date:<br>Tue, Nov. 28, 2006 | Time:<br>2:00PM | Dept/Div:<br>11 | Case Number:<br>C 06 5255 MJJ | |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS IN A CIVIL CASE; COMPLAINT; ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND A D R DEADLINES; CIVIL COVER SHEET; NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE TO EXERCISE JURISDICTION; COURT RULES AND GUIDELINES; E C F REGISTRATION INFORMATION HANDOUT

3. a. Party served:           CLARIUM CAPITAL MANAGEMENT, LLC f/k/a THIEL CAPITAL
                              MANAGEMENT LLC, a Delaware limited liability company
   b. Person served:          KATHY CORUCCINI, LEGAL DEPARTMENT

4. Address where the party was served:   1 LETTERMAN DRIVE
                                         BUILDING C, SUITE 400
                                         SAN FRANCISCO, CA 94129

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., Aug. 30, 2006 (2) at: 12:35PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: CLARIUM CAPITAL MANAGEMENT, LLC f/k/a THIEL CAPITAL MANAGEMENT LLC, a Delaware
                 limited liability company
   Under CCP 416.40 (association or partnership)

7. *Person Who Served Papers:*
   a. RAIMUNDO CARVALHO

   First Legal Support Services
   ATTORNEY SERVICES
   1138 HOWARD STREET
   San Francisco, CA 94103
   (415) 626-3111, FAX (415) 626-1331

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*
   e. I am: (3) registered California process server
      (i) Employee
      (ii) Registration No.:   2005-0000968-00
      (iii) County:            San Francisco

8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.

   Date: Wed, Aug. 30, 2006

                                      (RAIMUNDO CARVALHO)
   PROOF OF SERVICE
   SUMMONS IN A CIVIL CASE                            6306309   .harle-rs.28713