Howard S. Caro (SBN 202082)
Cecilia Y. Chan (SBN 240971)
Nathaniel R. Spencer-Mork (SBN 226886)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
Howard.Caro@hellerehrman.com
Cecilia.Chan@hellerehrman.com
Nate.SpencerMork@hellerehrman.com

Robert B. Hawk (SBN 118054)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
Phone: +1.650.324.7000
Facsimile: +1.650.324.0638
Robert.Hawk@hellerehrman.com

Attorneys for Defendants
Peter Thiel, Jason Portnoy and Mark Woolway

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No.: C 06 5255 MJJ<br><br>**NOTICE OF MOTIONS; MOTIONS OF DEFENDANTS PETER THIEL, JASON PORTNOY AND MARK WOOLWAY TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM; OR, IN THE ALTERNATIVE, TO STRIKE TIME BARRED ALLEGATIONS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**F.R.C.P. 12(b)(6) & 12(f)**<br><br>Hearing Date:  November 7, 2006<br>Time:  9:30 a.m.<br>Courtroom:  11<br><br>The Honorable Martin J. Jenkins |

Heller Ehrman LLP

NOTICE OF MOTIONS; MOTIONS OF INDIVIDUAL DEFS TO DISMISS FOR FAILURE TO STATE CLAIM OR IN ALTERNATIVE TO STRIKE  TIME BARRED ALLEGATIONS; MEM. OF P&A IN SUPPORT, Case No. C 06-5255 MJJ

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ......................................................................................................................... 2

I. THE COURT SHOULD DISMISS THE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS FOR FAILURE TO STATE A CLAIM. ......................................................................................................................... 2

    A. Legal Standards ................................................................................................ 2

    B. Plaintiff's Fraud Claims Fail to Allege Any Basis For Holding the Individual Defendants Liable. ........................................................................ 2

    C. The Express Terms of the Operating Agreement Negate Amisil's Claim for Breach of Fiduciary Duty ...................................................... 4

        1. Fiduciary Duties in Limited Liability Companies. .............................. 4

        2. The Operating Agreement Does Not Impose Any Of the Purported "Duties" Alleged by Plaintiff. ............................................. 6

    D. The Conspiracy Claim Fails Because the Underlying Claims Fail. .................................................................................................................. 7

    E. The Remaining Claims Fail for the Reasons Set Forth in Clarium's Motion to Dismiss. ......................................................................... 8

II. IN THE ALTERNATIVE, THE COURT SHOULD STRIKE TIME BARRED ALLEGATIONS BECAUSE THEY ARE IMPERTINENT AND IMMATERIAL. ............................................................................................... 9

CONCLUSION ................................................................................................................... 12

Heller Ehrman LLP

i

NOTICE OF MOTIONS; MOTIONS OF INDIVIDUAL DEFS TO DISMISS FOR FAILURE TO STATE CLAIM OR IN ALTERNATIVE TO STRIKE  TIME BARRED ALLEGATIONS; MEM. OF P&A IN SUPPORT, Case No. C 06-5255 MJJ

# TABLE OF AUTHORITIES

**Page**

### Cases

*Albert v. Alex.Brown Mgmt. Servs., Inc.*,
  No. Civ.A. 762-N, 2005 WL 2130607 (Del. Ch. Aug. 26, 2005) .............................. 8

*Atlantis Plastics Corp. v. Sammons*,
  558 A.2d 1062 (Del. Ch. 1989) ............................................................................... 7

*Coleman v. PricewaterhouseCoopers LLC*,
  854 A.2d 838 (Del. 2004) ...................................................................................... 11

*Douzinas v. Am. Bureau of Shipping, Inc.*,
  888 A.2d 1146 (Del. Ch. 2006) ............................................................................... 5

*E.I. Du Pont De Nemours and Co. v. Monsanto Co.*,
  No. CIV.A. 00-359-SLR, 2001 WL 652019 (D. Del. Feb. 14, 2001) ................ 10-11

*Elf Atochem N. Am., Inc. v. Jaffari*,
  727 A.2d 286 (Del. 1999) ....................................................................................... 5

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) ................................................................................ 9

*Gilbert v. El Paso Co.*,
  490 A.2d 1050 (Del. Ch. 1984) ........................................................................... 7, 8

*In re Clearly Canadian Sec. Litig.*,
  875 F. Supp. 1410 (N.D. Cal. 1995) ..................................................................... 11

*In re PetSmart Sec. Litig.*,
  61 F. Supp. 982 (D. Ariz. 1999) ............................................................................. 4

*In re Syncor Int'l Corp. Sec. Litig.*,
  327 F. Supp. 2d 1149 (C.D. Cal. 2004) ............................................................... 3, 4

*Miller v. Am. Real Estate Partners, L.P.*,
  No. CIV.A.16788, 2001 WL 1045643 (Del. Ch. Sept. 6, 2001) ............................. 6

*Nutt v. A.C. & S. Co.*,
  517 A.2d 690 (Del. 1986) ....................................................................................... 7

*Phoenix Canada Oil Co. v. Texaco, Inc.*,
  560 F. Supp. 1372 (D. Del. 1983) ........................................................................... 7

Heller
Ehrman LLP

ii

NOTICE OF MOTIONS; MOTIONS OF INDIVIDUAL DEFS TO DISMISS FOR FAILURE TO STATE CLAIM OR IN
ALTERNATIVE TO STRIKE  TIME BARRED ALLEGATIONS; MEM. OF P&A IN SUPPORT, Case No. C 06-5255 MJJ

*Sidney-Vinstein v. A.H. Robins Co.*,
    697 F.2d 880 (9th Cir. 1983) ................................................................................... 9

*Sonet v. Timber Co., L.P.*,
    722 A.2d 319 (Del. Ch. 1998) ................................................................................... 5

*Vess v. Ciba-Geigy Corp.*,
    317 F.3d 1097 (9th Cir. 2003) .................................................................................. 3

*Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*,
    860 A.2d 312 (Del. 2004) ........................................................................................ 11

*Wasco Products, Inc. v. Southwall Tech., Inc.*,
    435 F.3d 989 (9th Cir. 2006) .................................................................................... 7

*Weinberger v. Rio Grande Industries, Inc.*,
    519 A.2d 116 ( Del. Ch. 1986) .................................................................................. 8

*Weinberger v. UOP, Inc.*,
    426 A.2d 1333 ( Del. Ch. 1981) ................................................................................ 7

### Statutes

10 Del. C. § 8106 .................................................................................................................. 10

28 U.S.C. § 1658 .................................................................................................................. 10

6 Del. C. § 18-1101 ................................................................................................................ 5

Fed. R. Civ. P. 12(f) ............................................................................................................... 9

Heller
Ehrman LLP

iii

NOTICE OF MOTIONS; MOTIONS OF INDIVIDUAL DEFS TO DISMISS FOR FAILURE TO STATE CLAIM OR IN
ALTERNATIVE TO STRIKE  TIME BARRED ALLEGATIONS; MEM. OF P&A IN SUPPORT, Case No. C 06-5255 MJJ

## NOTICE OF MOTIONS AND MOTIONS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE** that on November 7, 2006, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 11 of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California, Defendants Peter Thiel, Jason Portnoy and Mark Woolway will, and hereby do, present their Motions to Dismiss Plaintiff's Complaint or, in the Alternative, to Strike Time Barred Allegations (the "Motion") pursuant to the Rule 12 of the Federal Rules of Civil Procedure.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, all pleadings and papers on file in this action, such matters of which the Court may take judicial notice, and such additional evidence and authority as may be offered at the time of oral argument, if any.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This Motion to Dismiss, brought on behalf of the individual defendants in this action, seeks dismissal of claims brought by Amisil against Clarium officers Peter Thiel, Jason Portnoy, and Mark Woolway (collectively, the "Individual Defendants"). Plaintiff's claims fail for the reasons set forth in Defendant Clarium's previously filed Motion to Dismiss, as well as the additional reasons set forth below.

The statutory and common law fraud claims fail against the Individual Defendants, because Amisil fails to plead that any of the Individual Defendants made any actionable misrepresentation or omission, and because the Complaint fails to meaningfully connect the Individual Defendants with allegedly wrongful acts. Counts Five (breach of fiduciary duty) and Six (conspiracy to defraud and to breach fiduciary duties), asserted only against the Individual Defendants, likewise fail. Under Delaware law, the breach of fiduciary duty claim against the Individual Defendants essentially reprises the breach of contract claim against Clarium, and should be dismissed for the same reasons discussed in Clarium's Motion to Dismiss. Finally, the conspiracy claim should be dismissed for lack of predicate

Heller Ehrman LLP

1

NOTICE OF MOTIONS; MOTIONS OF INDIVIDUAL DEFS TO DISMISS FOR FAILURE TO STATE CLAIM OR IN ALTERNATIVE TO STRIKE TIME BARRED ALLEGATIONS; MEM. OF P&A IN SUPPORT, Case No. C 06-5255 MJJ

violations.

In addition, the facts alleged in the Complaint itself (as well as the face of the documents cited in and attached to the Complaint) demonstrate that much of the conduct Amisil complains of took place long in the past, beyond all applicable statutes of limitations. Defendants accordingly move to strike these allegations, if and to the extent the Court does not grant Defendants' Motion to Dismiss in its entirety.

## STATEMENT OF FACTS

Mr. Thiel is the Managing Member of Clarium; Mr. Portnoy is Clarium's Chief Financial Officer; and Mr. Woolway is a Managing Director of Clarium. Compl. ¶¶ 9-11. All other pertinent facts are set forth in the Memorandum in support of Clarium's Motion to Dismiss, which the Individual Defendants join in and incorporate by reference. *See* Clarium Br. at 3-7.[1]

## ARGUMENT

### I. THE COURT SHOULD DISMISS THE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS FOR FAILURE TO STATE A CLAIM.

#### A. Legal Standards

The Individual Defendants join in and incorporate by reference the legal standards set forth in Clarium's Motion to Dismiss. *See* Clarium Br. at 7-8.

#### B. Plaintiff's Fraud Claims Fail to Allege Any Basis For Holding the Individual Defendants Liable.

As a general matter, Amisil's fraud claims (pursuant to Section 10(b) of the Securities Exchange Act of 1934 and under the common law )[2] fail against the Individual Defendants for the same reason they fail against Clarium: the Complaint does not allege

---

[1] Clarium filed and served its Motion to Dismiss Amisil's Complaint on September 19, 2006. These motions and Clarium's motion are all noticed for hearing on November 7, 2006. The Memorandum of Points and Authorities in Support of Clarium's Motion to Dismiss is cited herein as "Clarium Br."

[2] The claim for violation of the Investment Advisers Act of 1940 fails against all defendants because there is no private action for damages under the antifraud provision of that statute. *See* Clarium Br. at 20-21.

Heller Ehrman LLP

2

NOTICE OF MOTIONS; MOTIONS OF INDIVIDUAL DEFS TO DISMISS FOR FAILURE TO STATE CLAIM OR IN ALTERNATIVE TO STRIKE TIME BARRED ALLEGATIONS; MEM. OF P&A IN SUPPORT, Case No. C 06-5255 MJJ

any actionable misstatements or omissions. *See* Clarium Br. 10-12.

Moreover, these allegations fail to state a claim against the Individual Defendants, because they do not attribute alleged misstatements or omissions to the Individual Defendants. *See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003); *see also In re Syncor Int'l Corp. Sec. Litig.*, 327 F. Supp. 2d 1149, 1171 (C.D. Cal. 2004) (complaint failed to allege misstatement with particularity where it fails to link any misstatement made by a particular defendant). First, the Complaint does not allege *which* defendant made each (or any) of the purportedly false statements in connection with Clarium's 2006 retirement of Amisil's purported interest in Clarium (the "2006 Retirement"). Instead, it alleges that "*Clarium* wrongfully asserted that Amisil had only a 0.3% interest in Clarium," that an undifferentiated group of "*Defendants*" have not disclosed the basis for this membership interest, and that "*Defendants*" have failed to furnish financial information. Compl. ¶¶ 45, 55(a) (emphasis added). At most, the Complaint alleges that *Clarium* made some statements in connection with the 2006 Retirement, but there is no allegation describing what misstatements each, or any, of the Individual Defendants made.[3]

The remaining allegations allegedly forming the basis for the fraud claims similarly assert that "*Clarium*" failed to disclose information to Amisil at various points in time, but make no mention at all of the Individual Defendants. These include "*Clarium's*" alleged failure to provide annual financial statements to Amisil (Compl. ¶¶ 35, 50, 55(b), 69(a)); "*Clarium's*" alleged failure to disclose information relating to the PayPal transaction (*id.* ¶¶ 22, 24, 26-28, 69(c)); "*Clarium's*" alleged concealment of the distribution to Thiel (*id.* ¶ 69(d)); and "*Clarium's*" alleged failure to disclose the basis on which Amisil's membership interest was calculated and to provide access to books and records. *Id.* ¶¶ 55(b), 69(e). The lack of any attribution of any "misstatement or omission" means that the Section 10(b) and

---

[3] While paragraph 38 of the Complaint purports to describe alleged statements made by Messrs. Portnoy and Woolway during a March 14, 2006 meeting with Amisil, nowhere does the Complaint allege these statements were false. Therefore, these statements cannot form the basis of a Section 10(b) or any other fraud claim against these two defendants.

3
NOTICE OF MOTIONS; MOTIONS OF INDIVIDUAL DEFS TO DISMISS FOR FAILURE TO STATE CLAIM OR IN ALTERNATIVE TO STRIKE TIME BARRED ALLEGATIONS; MEM. OF P&A IN SUPPORT, Case No. C 06-5255 MJJ

Heller
Ehrman LLP

common law fraud claims against the Individual Defendants must be dismissed on this ground alone.  *Syncor,* 327 F. Supp. 2d at 1171.

The Section 10(b) claim fails for a second reason:  the Complaint fails to plead scienter with the particularity required by the Private Securities Litigation Reform Act ("PSLRA").  The PSLRA requires that a Section 10(b) claim plead facts raising a strong inference that *each* defendant knowingly or with deliberate recklessness made misleading statements.  In other words, the allegations in the Complaint "against the '*defendants*' as a group" cannot be imputed to any individual defendant unless the connection between individual defendant and the misstatement is specifically pleaded.  *Id*. at 1172 (complaint failed to plead scienter where it does not plead specific facts that would tie each individual defendants to specific alleged misstatements) (emphasis added); *In re PetSmart Sec. Litig.,* 61 F. Supp. 982, 997-98 (D. Ariz. 1999) (mere allegation of a "scheme to defraud," without alleging with specificity which defendant made what false statement, fails to meet the PSLRA's heightened pleading requirements for scienter).  Amisil's Complaint falls far short of the PSLRA's heightened pleading standard as to the Individual Defendants.

### C. The Express Terms of the Operating Agreement Negate Amisil's Claim for Breach of Fiduciary Duty.

Because Amisil's allegations are at odds with Clarium's 1996 Operating Agreement (Compl. Ex. B), Amisil's Breach of Fiduciary Duty claims against the Individual Defendants — including claims that the defendants "breached their fiduciary duties by intentionally and/or recklessly misstating [certain facts] to Amisil," and that "Defendants used their power to control company activities to benefit themselves alone or in a manner detrimental to Amisil, a minority member" — fail to state a claim.  Compl. ¶85.

#### 1. Fiduciary Duties in Limited Liability Companies.

Delaware law affords the members of an LLC — *i.e.*, the parties to the LLC agreement[4] — great latitude to expand or restrict "the member's or the manger's or other

---

[4] Delaware courts use the term "alternative entity" to refer to limited partnerships, LLCs, and other similar entities.  The contractual nature of such entities is well-established
*(Footnote Continued)*

Heller Ehrman LLP

4

NOTICE OF MOTIONS; MOTIONS OF INDIVIDUAL DEFS TO DISMISS FOR FAILURE TO STATE CLAIM OR IN ALTERNATIVE TO STRIKE  TIME BARRED ALLEGATIONS; MEM. OF P&A IN SUPPORT, Case No. C 06-5255 MJJ

person's duties including fiduciary duties and liabilities in a limited liability company agreement." *Douzinas v. Am. Bureau of Shipping, Inc.*, 888 A.2d 1146, 1149 (Del. Ch. 2006), *quoting* 6 Del. C. § 18-1101(c)(2) (alterations in original); *see also Elf Atochem N. Am., Inc. v. Jaffari*, 727 A.2d 286, 290 (Del. 1999).[5] An LLC agreement "creates the governance system for the LLC and establishes the framework governing *all* of the members' rights and duties." *Id*. at 1150 (emphasis in original). Clarium is an LLC incorporated in Delaware; its Operating Agreement expressly dictates that Delaware law controls all actions arising out of the Operating Agreement. 1996 Operating Agreement § 10.5 (Compl. Ex. B). Thus, Delaware law affords the members of Clarium the power to establish their rights, duties and liabilities by contract. Accordingly, any evaluation of Amisil's claim for breach of fiduciary duty turns on the Operating Agreement. *Id*. at 1149-1150; *Sonet v. Timber Co., L.P.*, 722 A.2d 319, 324 (Del. Ch. 1998) (in alternative entity context, "a claim of breach of fiduciary duty must first be analyzed in terms of the operative

---

in Delaware law. *See, e.g., Elf Atochem*, 727 A.2d at 290 ("The policy of freedom of contract underlies both the [LLC] Act and the LP Act.").

[5] Section 18-1101 of the Delaware Code provides, in relevant part:

…. (b) It is the policy of this chapter to give the maximum effect to the principle of freedom of contract and to the enforceability of limited liability company agreements.

(c) To the extent that, at law or in equity, a member or manager or other person has duties (including fiduciary duties) to a limited liability company or to another member or manager or to another person that is a party to or is otherwise bound by a limited liability company agreement, the member's or manager's or other person's duties may be expanded or restricted or eliminated by provisions in the limited liability company agreement; provided, that the limited liability company agreement may not eliminate the implied contractual covenant of good faith and fair dealing.

(d) Unless otherwise provided in a limited liability company agreement, a member or manager or other person shall not be liable to a limited liability company or to another member or manager or to another person that is a party to or is otherwise bound by a limited liability company agreement for breach of fiduciary duty for the member's or manager's or other person's good faith reliance on the provisions of the limited liability company agreement.

(e) A limited liability company agreement may provide for the limitation or elimination of any and all liabilities for breach of contract and breach of duties (including fiduciary duties) of a member, manager or other person to a limited liability company or to another member or manager or to another person that is a party to or is otherwise bound by a limited liability company agreement….

6 Del. C. § 18-1101.

Heller Ehrman LLP

5

NOTICE OF MOTIONS; MOTIONS OF INDIVIDUAL DEFS TO DISMISS FOR FAILURE TO STATE CLAIM OR IN ALTERNATIVE TO STRIKE TIME BARRED ALLEGATIONS; MEM. OF P&A IN SUPPORT, Case No. C 06-5255 MJJ

governing instrument.")  Delaware courts will look past an operating agreement to "statutory default rules [and] traditional notions of fiduciary duties … only where that document is silent or ambiguous," *id*., and "will not tempted by the piteous pleas of [LLC investors] who are seeking to escape the consequences of their own decisions to become investors in [an entity whose manager] has clearly exempted itself from traditional fiduciary duties."  *Miller v. Am. Real Estate Partners, L.P.*, No. CIV.A.16788, 2001 WL 1045643, at *8 (Del. Ch. Sept. 6, 2001).  If the duties alleged in the Complaint contradict the terms of the Operating Agreement, or if the terms of the Operating Agreement expressly authorize the allegedly wrongful conduct, there can be no claim that the Individual Defendants breached fiduciary duties owed to Amisil.  That is precisely the case here.

### 2. The Operating Agreement Does Not Impose Any Of the Purported "Duties" Alleged by Plaintiff.

Like various of its other claims, Amisil, in its breach of fiduciary duty claim, alleges that it should have been provided information about Clarium.  Compl. ¶¶ 39, 44, 50, 84-85.  Assuming *arguendo* the existence of a fiduciary duty to make disclosures in certain contexts, any claim that the Individual Defendants breached a fiduciary duty to disclose information to Amisil is inconsistent with the Operating Agreement.  Under that Agreement, Amisil lost all rights to information when it withdrew its investment from the Fund.  *See* Clarium Br. at 4-5, 12, 17-18.  Any claim that the Individual Defendants breached fiduciary duties by not providing information therefore fails as a matter of law.

Nor can Amisil advance a claim against the Individual Defendants for breach of fiduciary duties to a minority shareholder.  Presumably Amisil's theory is that the Individual Defendants breached such fiduciary duties by not paying it distributions and by retiring it from Clarium.  *See generally* Compl. ¶¶ 45, 48, 84-85.  But Clarium and the Individual Defendants acted within Clarium's rights under the 1996 and 2003 Operating Agreements in not paying distributions and in retiring Amisil.  Clarium Br. at 5-7, 16, 18-19.  Accordingly any breach of fiduciary duty claim made on this basis fails for the same reason that the breach of contract claims fail against Clarium.  Clarium Br. at 17-19.

Heller Ehrman LLP

6

NOTICE OF MOTIONS; MOTIONS OF INDIVIDUAL DEFS TO DISMISS FOR FAILURE TO STATE CLAIM OR IN ALTERNATIVE TO STRIKE  TIME BARRED ALLEGATIONS; MEM. OF P&A IN SUPPORT, Case No. C 06-5255 MJJ

**D.     The Conspiracy Claim Fails Because the Underlying Claims Fail.**

The Complaint alleges a Sixth Cause of Action against the Individual Defendants, for "Conspiracy to Defraud and to Breach Fiduciary Duties" against the Individual Defendants. Amisil alleges that the Individual Defendants conspired to withhold information about Clarium, failed to make distributions to Amisil, and ultimately retired Amisil's interest in Clarium. Compl. ¶ 88. These acts allegedly constituted misrepresentations and breaches of fiduciary duty to Amisil. *Id.* ¶ 89.

Civil conspiracy is not an independent cause of action under Delaware law. *Phoenix Canada Oil Co. v. Texaco, Inc.*, 560 F. Supp. 1372, 1388 (D. Del. 1983). It requires an underlying wrong that would be actionable absent conspiracy. *Nutt v. A.C. & S. Co.*, 517 A.2d 690, 694 (Del. 1986). A civil conspiracy requires the combination of two or more persons for an unlawful purpose or for the accomplishment of a lawful purpose by unlawful means, and resulting damages. *Weinberger v. UOP, Inc.*, 426 A.2d 1333, 1348 ( Del. Ch. 1981), *rev'd on other grounds*, 457 A.2d 701 (Del. 1983); *see also Gilbert v. El Paso Co.*, 490 A.2d 1050, 1057 (Del. Ch. 1984).

To state a claim for conspiracy to defraud under Delaware law, a plaintiff must allege "facts which, if true, show the formation and operation of a conspiracy, the wrongful act or acts done pursuant thereto, and the damage resulting from such acts." *Atlantis Plastics Corp. v. Sammons*, 558 A.2d 1062, 1066 (Del. Ch. 1989). Under Federal Rule of Civil Procedure 9(b), the facts underlying a civil conspiracy to defraud must be pled with particularity. *Wasco Products, Inc. v. Southwall Tech., Inc.*, 435 F.3d 989, 991-92 (9th Cir. 2006). The Complaint alleges that the Individual Defendants conspired against Amisil by not informing Amisil "about the conduct of Clarium's business, failing to make any income distributions to Amisil … and ultimately attempting to expel Amisil from Clarium." Compl. ¶ 88. As explained above, and in Clarium's motion, however, none of these allegedly wrongful acts is actionable, because all were expressly authorized by the 1996 and 2003 Operating Agreement. *See supra* at 6; *see also* Clarium Br. at 4-7, 12, 16, 17-19. Amisil further asserts that the Individual Defendants "made numerous misrepresentations

Heller Ehrman LLP

7

NOTICE OF MOTIONS; MOTIONS OF INDIVIDUAL DEFS TO DISMISS FOR FAILURE TO STATE CLAIM OR IN ALTERNATIVE TO STRIKE  TIME BARRED ALLEGATIONS; MEM. OF P&A IN SUPPORT, Case No. C 06-5255 MJJ

… and concealments." Compl. ¶ 89. This generalized allegation falls far short of the specificity required by Rule 9(b), and adds nothing to Plaintiff's otherwise vacuous allegations. Accordingly, the Complaint fails to allege a conspiracy to defraud Amisil.

To establish a civil conspiracy to breach fiduciary duties, a plaintiff must plead facts tending to show "(1) the existence of a fiduciary relationship, (2) a breach of the fiduciary's duty and (3) knowing participation in that breach by the party *not in direct fiduciary relationship*." *Gilbert*, 490 A.2d at 1057 (emphasis added); *see also Weinberger v. Rio Grande Industries, Inc.*, 519 A.2d 116, 131 (Del. Ch. 1986). Any claim for conspiracy to breach fiduciary duties against the Individual Defendants fails for two reasons. First, as discussed above, Defendants' conduct is consistent with the terms of the Operating Agreement, and therefore does not breach any fiduciary duties. *See supra* at 6. Second, claims for conspiracy to breach fiduciary duties *can only be brought against non-fiduciaries* who aid and abet a fiduciary in violating its duties. *Gilbert*, 490 A.2d at 1057 (conspiracy to breach fiduciary duties applies to a "party *not in direct fiduciary relationship*") (emphasis added); *see also Albert v. Alex.Brown Mgmt. Servs., Inc.*, No. Civ.A. 762-N, 2005 WL 2130607, at *11 (Del. Ch. Aug. 26, 2005) (conspiracy to breach fiduciary duty "holds a third party, *not a fiduciary*, responsible for a violation of fiduciary duty.") (emphasis added). The Complaint, however, expressly alleges that each of the Individual Defendants is a fiduciary. Compl. ¶ 89. Accordingly, there can be no claim against the Individual Defendants for conspiracy to breach fiduciary duties.

### E. The Remaining Claims Fail for the Reasons Set Forth in Clarium's Motion to Dismiss.

Amisil's remaining claims for conversion, violation of California Business & Professions Code § 17200, accounting, constructive trust and injunctions fail for the same reasons those claims fail against Clarium, and should be dismissed. Clarium Br. at 21-24.

//

//

Heller Ehrman LLP

8

NOTICE OF MOTIONS; MOTIONS OF INDIVIDUAL DEFS TO DISMISS FOR FAILURE TO STATE CLAIM OR IN ALTERNATIVE TO STRIKE  TIME BARRED ALLEGATIONS; MEM. OF P&A IN SUPPORT, Case No. C 06-5255 MJJ

## II. IN THE ALTERNATIVE, THE COURT SHOULD STRIKE TIME BARRED ALLEGATIONS BECAUSE THEY ARE IMPERTINENT AND IMMATERIAL.

If and to the extent the Court does not completely dismiss Plaintiff's Complaint, it should strike allegations concerning conduct as to which Amisil's claims are time barred, as such allegations cannot contribute to any potential cause of action. *See* Fed. R. Civ. P. 12(f) (court "may order stricken from any pleading … any redundant, immaterial, impertinent, or scandalous matter").  The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Impertinent" or "immaterial" matter is not necessary to issues in the case or has no essential relationship to the claims. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "Superfluous historical allegations" of allegedly wrongful conduct as to which claims are barred by the statute of limitations "are a proper subject of a motion to strike." *Id.*  Amisil's Complaint is replete with such allegations, and they should be stricken.

While Plaintiff alleges eleven claims, all are founded on some combination of the following allegations:

- An alleged failure to make any distributions to Amisil, **from 1998**. *Id.* ¶¶ 35, 48, 84-85, 95.
- A general "oppress[ion]" of Amisil's rights under the agreements, **from 1998**. *Id.* ¶¶ 84-85, 95.
- An alleged failure to furnish the required yearly financial statements **from 2000**. Compl. ¶¶ 50, 69(a), 84-85, 95.
- An alleged misrepresentation of the value of Amisil's interest in Clarium **in May 2002**. *Id.* ¶¶ 29, 69(b).

//

//

Heller Ehrman LLP

9

NOTICE OF MOTIONS; MOTIONS OF INDIVIDUAL DEFS TO DISMISS FOR FAILURE TO STATE CLAIM OR IN ALTERNATIVE TO STRIKE TIME BARRED ALLEGATIONS; MEM. OF P&A IN SUPPORT, Case No. C 06-5255 MJJ

- An alleged failure to disclose information relating to PayPal, Inc.'s IPO and eBay's acquisition of PayPal, which occurred in **February and October, 2002,** respectively. *Id.* ¶¶ 23-26, 28, 30-32, 69(c).

Defendants contest the factual accuracy and legal sufficiency of these allegations, as shown above and in Clarium's brief. These allegations, and any other allegations which pre-date the applicable statute of limitations, and the claims based thereon fail because the applicable limitations periods have run. Accordingly, they should be stricken.

Any claim for violation of Section 10(b) must be brought within two years from discovery of the alleged wrong and in no event more than five years from the alleged violation. 28 U.S.C. § 1658. To the extent that Amisil seeks to assert any Section 10(b) claim based on its alleged February 27, 1998 investment in Clarium, that 8-year old claim is time barred by the absolute five-year limit of repose. *Id.* In addition, the alleged failure to provide Amisil with financial information (Compl. ¶ 55(b)) falls outside the two- year limit of the statute. The basis for Clarium's alleged failure to provide financial statements was the 1996 Operating Agreement which, as Plaintiff concedes, it received on December 19, 1997. Compl. ¶ 18. To the extent that Amisil was entitled to financial statements for a given year, Amisil must have known of this allegedly wrongful act no later than March 30 of the following year, when Clarium did not deliver a financial statement. 1996 Operating Agreement, § 6.9 (financial records provided to Members within 90 days after the end of each fiscal year). Having made no objections or inquiries at the time of the alleged wrong, or for the next two years, Amisil cannot now assert Section 10(b) claims based on Clarium's failure to provide financial statements for the fiscal years 2000 to 2003.

The state law claims for breach of contract and breach of the implied covenant, and the various tort claims (fraud, conversion, breach of fiduciary duty and conspiracy) are subject to a three-year statute of limitations.[6] *See* 10 Del. C. §8106; *see also E.I. Du Pont*

---

[6] Delaware law applies for the reasons stated in Section III.A of the Clarium Motion. *See* Clarium Br. at 8.

Heller Ehrman LLP

10

NOTICE OF MOTIONS; MOTIONS OF INDIVIDUAL DEFS TO DISMISS FOR FAILURE TO STATE CLAIM OR IN ALTERNATIVE TO STRIKE TIME BARRED ALLEGATIONS; MEM. OF P&A IN SUPPORT, Case No. C 06-5255 MJJ

*De Nemours and Co. v. Monsanto Co.*, No. CIV.A. 00-359-SLR, 2001 WL 652019, at *1 (D. Del. Feb. 14, 2001) (actions for breach of contract and breach of fiduciary duty are subject to a three-statute of limitation); *Coleman v. PricewaterhouseCoopers LLC*, 854 A.2d 838, 842 (Del. 2004) (tort actions must be brought within three years from accrual). Under Delaware law, "a cause of action 'accrues' … pat the time of the wrongful act, even if the plaintiff is ignorant of the cause of action." *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 860 A.2d 312, 319 (Del. 2004), *aff'd in part and rev'd in part*, 901 A.2d 106 (Del. 2006).

As noted above, the failure to provide statements and financial information up through and including fiscal year 2002 (Compl. ¶¶ 50, 69(a), 95) occurred no less than three years ago, and cannot serve as a basis for Amisil's state law claims, because any such failure occurred more than three years before the filing of the Complaint. As for the allegedly wrongful buyout offer, by Plaintiff's own allegations that occurred in May 2, 2002 — more than four years before suit was filed — and so also clearly falls outside the limitations period. *See* Compl. ¶¶ 29, 69(b), 95. With respect to the PayPal transactions, Plaintiff knew of Clarium's interest in PayPal, *id.* ¶¶22-24, 26, 28, and the fact of both PayPal's IPO and its acquisition by eBay were made public in February and October 2002, respectively. *Id.* ¶¶ 30-32. If, as plaintiff alleges, it received no accounting of, or other information relating to, the PayPal IPO, that necessarily put plaintiff on notice of its claims more than three years before it filed its complaint. Similarly, any claim for the failure to make a distribution in 2002 (or, indeed, going back to 1998), *id.* ¶¶ 35, 48, 95, also arose long before August 28, 2003, and is therefore barred. Each of Plaintiff's various allegations that occurred before August 28, 2003 should be stricken and the claims based on those allegations, dismissed.

None of the time barred conduct alleged in the Complaint supports any of Plaintiff's claims. These allegations have no place in the Complaint, and merely burden the defendants and this Court. *See In re Clearly Canadian Sec. Litig.*, 875 F. Supp. 1410, 1420 (N.D. Cal. 1995). Accordingly, they should be stricken.

Heller Ehrman LLP

11

NOTICE OF MOTIONS; MOTIONS OF INDIVIDUAL DEFS TO DISMISS FOR FAILURE TO STATE CLAIM OR IN ALTERNATIVE TO STRIKE  TIME BARRED ALLEGATIONS; MEM. OF P&A IN SUPPORT, Case No. C 06-5255 MJJ

## **CONCLUSION**

For the foregoing reasons, the Individual Defendants respectfully submit that Amisil's claims against them should be dismissed.  In the alternative, allegations of conduct for which Amisil's claims are time barred should be stricken from the Complaint.

September 28, 2006                         Respectfully submitted,

                                                        HELLER EHRMAN LLP


                                                        By    /s/ Howard S. Caro
                                                                HOWARD S. CARO

                                                        Attorneys for Defendant
                                                        CLARIUM CAPITAL MANAGEMENT, LLC

Heller Ehrman LLP

12

NOTICE OF MOTIONS; MOTIONS OF INDIVIDUAL DEFS TO DISMISS FOR FAILURE TO STATE CLAIM OR IN ALTERNATIVE TO STRIKE  TIME BARRED ALLEGATIONS; MEM. OF P&A IN SUPPORT, Case No. C 06-5255 MJJ