REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Harvey L. Leiderman (SBN 55838)
   Email: hleiderman@reedsmith.com
2  Tita K. Bell (SBN 206735)
   Email: tkbell@reedsmith.com
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA  94111-3922
   Mailing Address:
5  P.O. Box 7936
   San Francisco, CA  94120-7936
6  Telephone:     415.543.8700
   Facsimile:     415.391.8269
7
   Daniel R. Formeller (admitted *pro hac vice*)
8  Email: dformeller@tsmp.com
   Basileios Katris (admitted *pro hac vice*)
9  Email: bkatris@tsmp.com
   Tressler, Soderstrom, Maloney & Priess
10 Sears Tower, 22nd Floor
   233 South Wacker Drive
11 Chicago, Illinois  60606-6308
   Telephone:     312.627.4000
12 Facsimile:     312.627.1717

13 Attorneys for Plaintiff Amisil Holdings Ltd.

14                UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                  SAN FRANCISCO DIVISION

17
   AMISIL HOLDINGS LTD., a Cyprus          Case No. C 06 5255 MJJ
18 Corporation,
                                           **PLAINTIFF'S OBJECTION TO**
19              Plaintiff,                 **REQUEST FOR JUDICIAL NOTICE**
                                           **IN SUPPORT OF DEFENDANT CLARIUM**
                                           **CAPITAL MANAGEMENT, LLC'S**
20        v.                               **MOTION TO DISMISS FOR FAILURE**
                                           **TO STATE A CLAIM**
21 CLARIUM CAPITAL MANAGEMENT, LLC
   f/k/a/ THIEL CAPITAL MANAGEMENT, LLC,
22 a Delaware Limited Liability Company, PETER   Date:          November 7, 2006
   ANDREAS THIEL, a California resident, JASON   Time:          9:30 a.m.
23 PORTNOY, a California resident, MARK          Courtroom:     11
   WOOLWAY, a California resident,
24                                         Honorable Martin J. Jenkins
                Defendants.
25

26

27

28

Case No. C 06 5255 MJJ                    – 1 –                    DOCSSFO-12456005.1-TKBELL 10/17/06 8:04 PM

Plaintiff Amisil Holdings Ltd. ("Amisil") hereby objects to the Request for Judicial Notice in Support of Defendant Clarium Capital Management, LLC's Motion to Dismiss for Failure to State a Claim ("Request"). Pursuant to Federal Rule of Evidence Section 201(b) and as set forth more fully below, Amisil objects on the ground that the Request inappropriately seeks judicial notice of the contents of an extraneous document not attached as an exhibit to the Complaint, and therefore, Clarium's references to said document in its Motion to Dismiss ("Motion") is improper. Accordingly, Amisil objects to Defendant's Request as follows:

Clarium's Request a judicial notice of a document entitled "Second Amended and Restated Limited Liability Company Agreement of Clarium Capital Management, LLC ("Document"), citing the incorporation by reference doctrine. This Request is inappropriate because the only conceivable "reference" to the Document appears in the form of an affirmative allegation disputing the validity of the Document. The Request is also inappropriate because the Complaint does not necessarily rely on the Document; in fact, it does not rely on the Document at all.

The Complaint alleges that the operating agreement that governs its relationship with Clarium is an operating agreement dated September 9, 1996 ("Operating Agreement"):

18.    On December 19, 1997, Thiel solicited Amisil to invest in Thiel Capital International, LLC (the "Fund") and Clarium. Both entities had principal offices located in Menlo Park, California. Clarium was the investment adviser to the Fund. As part of Thiel's inducement of Amisil to enter into the transaction, Thiel provided Amisil with operating agreements for the Fund and Clarium. Attached hereto as Exhibits A and B are true and correct copies of the Operating Agreement of Thiel Capital International, LLC (the "Fund's Operating Agreement"), and the Operating Agreement of Thiel Capital Management, LLC ("Clarium's Operating Agreement"), both of which are dated September 9, 1996.

Amisil's Complaint further alleges the following:

34.    On February 19, 2003, Thiel, on behalf of Clarium, wrote to Amisil regarding certain proposed changes to Clarium's Operating Agreement. Among the changes would be a new provision purporting to authorize the Managing Member of Clarium to remove a member without the member's consent. Shortly thereafter, pursuant to section 10.4 of Clarium's Operating Agreement, Amisil objected in writing to some of the proposed changes to Clarium's Operating Agreement, including specifically the provision concerning removal of a member without consent.

. . .

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PLAINTIFF'S OBJECTION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
DEFENDANT CLARIUM CAPITAL MANAGEMENT, LLC'S MOTION TO DISMISS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

45.     In response to Amisil's exercise of its right to inspect Clarium's books and records, on July 20, 2006, Thiel, in his capacity as Managing Member of Clarium, purported to expel Amisil as a member of Clarium and acquire its interest, effective July 26, 2006.  Attached hereto as Exhibit E is a true and correct copy of correspondence, dated July 20, 2006, sent by Clarium's General Counsel to Amisil's counsel.  In connection with this forced sale, not only did Clarium wrongfully assert that it had the unilateral authority to make such a forced sale, but, in its previous correspondence regarding a buy-out, Clarium wrongfully asserted that Amisil had only a 0.3% interest in Clarium.  Thus, by virtue of Clarium's July 20, 2006 to Amisil, it was apparent that that the purported purchase by Clarium of Amisil's membership interest would be far less than its actual value.

The foregoing allegations demonstrate that the Document contains the "proposed amendments" with regard to a removal of "a member without the member's consent" to which Amisil expressly objected.  Compl. ¶ 34.   Thus, Amisil "contest[s] the intent, purpose, scope, and interpretation of the [Document], calling into question its role in the relationship between the parties." *Ismart Int'l Ltd. v. I-Docsecure, LLC*, 2005 WL 588607, at *7 (N.D. Cal. Feb. 14, 2005). Moreover, the claims in the Complaint do not rely on the Document in any way, except to dispute its validity.

Additionally, the Complaint states as follows:

1.     On February 27, 1998, based upon the materials presented and Thiel's representations, Amisil entered into a subscription agreement with the Fund and Clarium.  Attached hereto as Exhibit C is a true and correct copy of the Subscription and Investment Representation Agreement entered into between Amisil, Thiel Capital International, LLC, and Thiel Capital Management, LLC (n/k/a Clarium Capital Management, LLC), dated February 27, 1998 ("Subscription Agreement"). According to the Subscription Agreement, upon Amisil's investment of $300,000, Amisil would receive a 1% membership interest in Clarium.  On February, 1998, Amisil paid $300,000 to the Fund and Clarium.

According to Section 11 of the Subscription Agreement, defendant Thiel was given a "special power of attorney" to execute documents on behalf of its members including Amisil, such as amendments to operating agreements. *See* Compl. Ex. C, Subscription Agreement § 11 ("Subscription Agreement").  The Subscription Agreement went on to state, that "[i]n the event of any conflict between the Management Operating Agreement [dated September 9, 1996] and any document filed pursuant to this power of attorney, the Management Operating Agreement shall control." *Id.* § 11(d).  The Operating Agreement dated September 9, 1996, provided that the Managing Member shall not have the power to amend the Operating Agreement that is materially

1   adverse to any other Member without providing that Member the right to object within 30 days of

2   the proposed amendment.  Compl. Ex B, Operating Agreement § 10.4 (d).

3       By logical inference, the proposed amendment of February 19, 2003, was submitted by Thiel

4   pursuant to this special power of attorney.  The proposed amendment was rejected by Amisil in a

5   timely manner.  The proposed amendment was necessarily in conflict with the Operating Agreement

6   and thus, pursuant to § 11 of the Subscription Agreement, the original provision of the Operating

7   Agreement controls, which states that a member cannot be removed without his consent.

8       For the reasons stated above, the Document is not the proper subject of judicial notice and

9   the Court should therefore strike the evidence and all portions of the Motion which rely on it.

10      DATED:  October 17, 2006.

11                              REED SMITH LLP

12

13                              By____/s/_____
                                     Tita K. Bell

14
                                    Attorneys for Plaintiff
15                                  Amisil Holdings Ltd.

PLAINTIFF'S OBJECTION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
DEFENDANT CLARIUM CAPITAL MANAGEMENT, LLC'S MOTION TO DISMISS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware