Howard Caro (SBN 202082)
Cecilia Chan (SBN 240971)
Nathaniel Spencer-Mork (SBN 226886)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268

Robert Hawk (SBN 118054)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
Phone: +1.650.324.7000
Facsimile: +1.650.324.0638

Attorneys for Defendants
Clarium Capital Management, LLC, Peter Thiel, Jason Portnoy and Mark Woolway

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No.: C 06 5255 MJJ<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date:  November 7, 2006<br>Time:          9:30 a.m.<br>Courtroom:     11<br><br>The Honorable Martin J. Jenkins |

In an effort to avoid a Rule 12(b)(6) dismissal, Plaintiff Amisil Holdings Ltd. ("Amisil") objects to the Request for Judicial Notice in Support of Defendant Clarium Capital Management, LLC's ("Clarium") Motion to Dismiss for Failure to State a Claim (the "Request").  Specifically, Clarium's Request seeks judicial notice of the "Second Amended and Restated Limited Liability Company Agreement of Clarium Capital Management, LLC," dated March 28, 2003 (the "2003 Operating Agreement") under the incorporation by reference doctrine.

The incorporation by reference doctrine provides that a court may "consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (internal citation and quotes omitted; alteration in original); *see also Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds*, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (on a Rule 12(b)(6) motion, a court may consider documents expressly mentioned in the complaint).  In fact, the Ninth Circuit has extended this rule to documents that are not even explicitly referred to in the complaint, as long as plaintiff's claims are predicated on the documents and their authenticity is not in dispute.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds*, *Abrego v. Dow Chemical Co.*, 443 F.3d 676 (9th Cir. April 4, 2006).  In reaching this conclusion, the court emphasized the policy concern underlying the rule:  "Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based."  *Id*.

In this case, the 2003 Operating Agreement, which amends the 1996 Operating Agreement, is incorporated by reference into Amisil's Complaint, and Amisil cannot avoid complete dismissal of its claims by keeping this Court from considering the amended agreement in this motion.  As an initial matter, Amisil does not contest the authenticity of

the document.[1]   Instead, Amisil argues that Clarium's Request is inappropriate because the Complaint does not rely on it.  This argument fails for several reasons.

*First*, on this Rule 12(b)(6) motion, the Court may consider a document that is not even referred to in the complaint, *Parrino*, 146 F.3d at 706, as long as it is integral to plaintiff's claims, *Hotel Employees and Restaurant Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp 2d 972, 979 (N.D. Cal. 2005) (court may consider documents "integral to the plaintiff's complaint and dispositive in the dispute, raising the spectre that plaintiff failed to incorporate them by reference in the complaint as a means of avoiding Rule 12(b)(6) dismissal").

The 2003 amendment is referred to in Plaintiff's Complaint and it is integral to Amisil's claims.  Compl. ¶ 34; Exh. E, at 1 (letter from counsel for Clarium to Amisil, informing Amisil that pursuant to § 7.3 of the 2003 Operating Agreement, Amisil is mandatorily retired).  As set forth in Clarium's opening and reply briefs, Clarium's position is that it properly expelled Amisil under the 2003 Operating Agreement, which amended the mandatory retirement provision in the 1996 Operating Agreement.[2]  Amisil, on the other hand, contends that the amendment is ineffective and thus the expulsion was null and void. *See e.g.*, Compl. ¶¶ 34, 45, 53; *see also* Objection, at 3-4.  The wrongful expulsion, Amisil alleges, is the basis of many of its claims.  *See e.g.*, *id.* ¶¶ 88, 104, Prayer ¶ 4.  The question of whether the expulsion under the 2003 Operating Agreement was proper, therefore, is crucial to Amisil's claims.  Because the agreement is integral to Amisil's claims, it should be considered incorporated by reference on this ground alone.

*Second*, the 2003 Operating Agreement is incorporated by reference because both the Complaint and Amisil's opposition brief rely on it.  Specifically, the Complaint alleges in

---

[1]  Amisil argues that it contests the validity of the 2003 Operating Agreement.  Plaintiff's Objection to the Request For Judicial Notice in Support of Defendant Clarium Capital Management, LLC's Motion to Dismiss for Failure to State a Claim ("Objection") [Docket No. 42] at 3.  Challenging the *validity* of the document, however, is not the same as challenging its *authenticity*, and Amisil has cited no authority suggesting that challenges to validity can be a basis for objection to admission of the document.

[2]  As Clarium's briefs demonstrate, this Court may decide the issue of whether Clarium properly amended the 1996 Operating Agreement on the face of the agreements.

the alternative that even if the amendment were effective, Clarium nonetheless failed to provide the proper accounting. Compl. ¶ 53. This allegation again goes to the issue of whether the 2003 Operating Agreement was properly amended. And more importantly, because this claim assumes (in the alternative) that the 2003 Operating Agreement effectively amended the 1996 Operating Agreement, Amisil is suing to enforce the terms of the 2003 Operating Agreement. Therefore, not only does the Complaint refer to it, it is central to this alternative claim. *Branch*, 14 F.3d at 454 (court may consider documents referred to in the complaint that are central to plaintiff's claims). Similarly, in its opposition papers, Amisil argues in the alternative that if the expulsion was a valid act, it qualifies as a sale for the securities fraud claim. Opposition to Defendant Clarium Capital Management LLC's Motion to Dismiss for Failure to State a Claim ("Clarium Opp.") at 11. Having referred to and relied upon the 2003 Operating Agreement in both the Complaint and its opposition brief, Amisil cannot have it both ways and now object to its admissibility.

*Third*, Amisil argues in its opposition brief that it timely objected to the proposed amendment under Section 10.4 of the 1996 Operating Agreement. Clarium Opp. at 3. That provision provides that a Member may object to any amendment that "could have a disproportionately adverse effect upon such Member … due to some attribute of the Member itself (other than the Member's status as such)." Operating Agreement § 10.4(c). But this Court cannot determine whether the amendment disproportionately affected Amisil without considering the amendment that is contained in the 2003 Operating Agreement.

//
//
//
//
//
//
//
//

For the reasons set forth above, the 2003 Operating Agreement should be deemed to be incorporated by reference into the Complaint. Defendants' Request should therefore be granted and Amisil's Objection overruled.

October 24, 2006                          Respectfully submitted,

                                      HELLER EHRMAN LLP


By      /s/ Howard S. Caro
       HOWARD S. CARO
Attorneys for Defendants
CLARIUM CAPITAL MANAGEMENT, PETER THIEL, JASON PORTNOY and MARK WOOLWAY