Harvey L. Leiderman (SBN 55838)
Email: hleiderman@reedsmith.com
Tita K. Bell (SBN 206735)
Email: tkbell@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Mailing Address:
P.O. Box 7936
San Francisco, CA 94120-7936
Telephone: 415.543.8700
Facsimile: 415.391.8269

Daniel R. Formeller (admitted *pro hac vice*)
Email: dformeller@tsmp.com
Basileios Katris (admitted *pro hac vice*)
Email: bkatris@tsmp.com
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
Telephone: 312.627.4000
Facsimile: 312.627.1717

Attorneys for Plaintiff Amisil Holdings Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC f/k/a/ THIEL CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Company, PETER ANDREAS THIEL, a California resident, JASON PORTNOY, a California resident, MARK WOOLWAY, a California resident,<br><br>　　　　　Defendants. | Case No. C 06 5255 MJJ<br><br>**PLAINTIFF'S SUR-REPLY OBJECTIONS TO IMPROPER EVIDENCE CITED IN DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION PENDING ARBITRATION**<br><br>Date:　　　　November 21, 2006<br>Time:　　　　2:30 p.m.<br>Courtroom:　　C<br><br>Magistrate Judge Edward M. Chen |

1  Plaintiff Amisil Holdings Ltd. ("Amisil") hereby objects to Defendants Clarium Capital
2  Management LLC ("Clarium"), Peter Thiel, Jason Portnoy and Mark Woolway's (collectively
3  "Defendants") attempt to introduce improper extrinsic evidence through their Reply Memorandum
4  in Support of Motion to Compel Arbitration and to Stay Litigation Pending Arbitration ("Reply").
5  Pursuant to Rules 201(b), 401 and 402, Federal Rules of Evidence, and as set forth more fully below,
6  Amisil objects to the admissibility of this proffered evidence on the grounds that it is not judicially
7  noticeable and is irrelevant to the Motion to Compel Arbitration ("Motion").

## I. BACKGROUND

Defendants' Motion is premised upon an arbitration clause found in the Operating Agreement dated September 9, 1996, which governs the relationship between Amisil and Clarium. Motion at 1-2; Compl. Ex. B. Defendants Thiel, Portnoy and Woolway, who are nonsignatories to the Operating Agreement, contend that the claims alleged by Amisil against them are also subject to the arbitration clause because every claim arises out the Operating Agreement. Motion at 6; Reply at 3-7. Defendants attempt to bolster their contention in the Reply by referring to a different agreement from the one alleged in the Complaint and one whose validity is expressly questioned in the Complaint, namely a document entitled "Second Amended and Restated Limited Liability Company Agreement of Clarium Capital Management, LLC" purportedly dated March 28, 2003 ("Document"). Reply at 6. The way they seek to put this Document into evidence on this Motion is by referring to a request for judicial notice filed elsewhere in this matter. *Id*.

## II. OBJECTIONS

The Document should not be admitted because, as a contested writing, the Document is not susceptible to judicial notice. Fed. R. of Evid. 201(b). Moreover, the Document is inadmissible because, as a writing whose validity is disputed, it does not give the Court a basis for evaluating the existence of a fact of consequence to the determination of Defendants' Motion and is therefore irrelevant. Fed. R. of Evid. 401, 402.

**A.   The Contested Document Is Not Susceptible to Judicial Notice.**

Defendants seek to admit the Document by relying on the Request for Judicial Notice in Support of Defendant Clarium Capital Management LLC's Motion to Dismiss Complaint for Failure

to State a Claim ("Request") [Docket #22].  The Request seeks judicial notice on the basis of the "incorporation by reference doctrine."  Request at 1.  Even assuming that Defendants could bootstrap onto the Request for purposes of this Motion, neither Rule 201(b) of the Federal Rules of Evidence nor the "incorporation by reference doctrine" permits judicial notice under the circumstances found here.

Rule 201(b), Federal Rules of Evidence, states that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

The Complaint alleges that the operating agreement that governs Amisil's relationship with Clarium is an operating agreement entered into on or about September 9, 1996 ("Operating Agreement").  Compl. ¶ 18.  Amisil's Complaint further alleges that when defendant Thiel attempted to amend the Operating Agreement on February 19, 2003, to include *inter alia* a "new provision purporting to authorize the Managing Member of Clarium to remove a member without the member's consent," Amisil objected in writing to some of the proposed changes, "including specifically the provision concerning removal of a member without consent."  Compl. ¶ 34.  The Document contains the "proposed amendments" with regard to a removal of "a member without the member's consent" to which Amisil expressly objected.  Compl. ¶ 34; Request Ex. A, § 7.3 at 19.  The Document is therefore a contested writing.  As such, it fails to satisfy the Rule 201(b) requirement of not being "subject to reasonable dispute" in order to be judicially noticeable.

Nor is the Document admissible under the incorporation by reference doctrine.  Ordinarily, a court may look only at the face of the complaint and documents attached to or referenced in the complaint to decide a motion to dismiss.  *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  The incorporation by reference doctrine creates an exception to the general rule by allowing consideration of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  To fall within this exception, the document must be one

on which plaintiff's complaint "necessarily relies." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

Here, Amisil's Complaint does not rely on the Document at all. The only conceivable "reference" to the Document in Amisil's Complaint appears in the form of an affirmative allegation disputing the Document's validity. The incorporation by reference doctrine does not apply where, as here, a party "contest[s] the intent, purpose, scope, and interpretation of the [document], calling into question its role in the relationship between the parties." *Ismart Int'l Ltd. v. I-Docsecure, LLC*, 2005 WL 588607, at *7 (N.D. Cal. Feb. 14, 2005). Amisil's Complaint lies in stark contrast to the one in the case cited by Clarium in support of its Request, where there was "ongoing and substantial reliance" on the document as a basis for the complaint's allegations (*In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999)). Therefore, the Document does not fall within the incorporation by reference exception.

In summary, to the extent Defendants rely on Clarium's Request for Judicial Notice in citing said Document in this Motion, the Court should deny the Request because the Document is subject to dispute and because the claims in the Complaint do not rely on the Document in any way except to contest its validity.

**B.     The Document Is Irrelevant.**

The Court should refuse to admit the Document on the ground of irrelevance because the Document does not represent a valid or binding agreement between Amisil and Clarium, let alone the other defendants, as to the proposition for which it is cited. Defendants cite to the Document in attempting to rebut Amisil's argument that Thiel, Portnoy and Woolway committed independent acts of fraud with the repeated unsolicited attempts to buy out Amisil's interest in Clarium despite the absence of any particular contractual authority or obligation to do so. Reply at 3-6. However, the Document is irrelevant because it does not evidence any authority by any of the Defendants to remove Amisil and purchase Amisil's interest without its consent.

Rule 401, Federal Rules of Evidence, defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Defendants offer the

Document in support of its general contention that all of Amisil's claims against Thiel, Portnoy and Woolway are grounded upon some provision of the Operating Agreement entered into between Clarium and Amisil, and specifically that the Operating Agreement "must be interpreted to evaluate the buy out" in July 2006. Reply at 3-6.

The Complaint alleges that the operative operating agreement is the one dated September 9, 1996 (Compl. ¶ 18), yet in support of their arguments above, Defendants seek to rely on an entirely different, irrelevant document. As discussed above, Amisil expressly disputes the validity of the Document in the allegations of the Complaint. Moreover, as discussed below, the contents of other valid documents attached to the Complaint support the interpretation that the Document now proffered by Defendants is invalid.

The Complaint states that in February 27, 1998, Amisil entered into a subscription agreement with Clarium in connection with its investment in a fund managed by Clarium ("Subscription Agreement"). Compl. ¶ 19, Ex. C. Section 11 of the Subscription Agreement gives defendant Thiel "special power of attorney" to execute documents on behalf of its members including Amisil, such as amendments to operating agreements. *See* Compl. Ex. C, § 11. The Subscription Agreement goes on to state, that "[i]n the event of any conflict between the Management Operating Agreement [dated September 9, 1996] and any document filed pursuant to this power of attorney, the Management Operating Agreement shall control." *Id.* § 11(d). *The Operating Agreement provides that the Managing Member shall not have the power to amend the Operating Agreement that is materially adverse to any other Member without providing that Member the right to object within 30 days of the proposed amendment*. Compl. Ex. B, § 10.4 (d).

By logical inference, the proposed amendment of February 19, 2003 purporting to allow removal of members without their consent (Compl. ¶ 34) -- which appears in the Document being proffered by Defendants -- was submitted by Thiel pursuant to this special power of attorney. *The proposed amendment was rejected by Amisil in a timely manner* (*id*.). Because the proposed amendment was necessarily in conflict with the Operating Agreement, pursuant to § 11 of the Subscription Agreement, the original Operating Agreement controls and the conflicting provision found in § 7.3 of the Document is inoperative. Therefore, the Document may not be construed as

1 evidence of a contractual agreement governing the conduct between Amisil and Clarium with
2 respect to the removal of members without consent.
3    In summary, the Document is not admissible because it is not the proper subject of judicial
4 notice, and because it is irrelevant to the issue of whether the personal misconduct of the individual
5 defendants is governed by contract between plaintiff Amisil and defendant Clarium.
6    We respectfully request that the Court sustain Amisil's objection to the proffered Document
7 and not admit evidence of the Document in connection with the Motion to Compel Arbitration, or
8 permit any argument of counsel based on the Document.
9    DATED: October 24, 2006.

REED SMITH LLP

By  /s/
      Tita K. Bell

      Attorneys for Plaintiff
      Amisil Holdings Ltd.