Harvey L. Leiderman (SBN 55838)
Email:  hleiderman@reedsmith.com
Tita K. Bell (SBN 206735)
Email:  tkbell@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922
Mailing Address:
P.O. Box 7936
San Francisco, CA  94120-7936
Telephone:    415.543.8700
Facsimile:    415.391.8269

Daniel R. Formeller (admitted *pro hac vice*)
Email:  dformeller@tsmp.com
Basileios Katris (admitted *pro hac vice*)
Email:  bkatris@tsmp.com
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois  60606-6308
Telephone:    312.627.4000
Facsimile:    312.627.1717

Attorneys for Plaintiff Amisil Holdings Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus Corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC f/k/a/ THIEL CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Company, PETER ANDREAS THIEL, a California resident, JASON PORTNOY, a California resident, MARK WOOLWAY, a California resident,<br><br>　　　　　　　Defendants. | Case No. C 06 5255 MJJ (EMC)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO SHORTEN TIME TO HEAR MOTION TO COMPEL DISCOVERY**<br><br>**Civ. L.R. 6-3**<br><br>No Hearing Date Set<br><br>The Honorable Edward M. Chen |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**NOTICE OF MOTION AND MOTION TO SHORTEN TIME TO HEAR MOTION TO COMPEL DISCOVERY**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Civil Local Rule 6-3, plaintiff Amisil Holdings LTD ("Amisil") hereby submits this Motion to Shorten Time to Hear Motion to Compel Discovery ("Motion"). Under the provisions of Civil Local Rule 6-3(c), any opposition to this Motion must be filed no later than three court days after service of this Motion. Pursuant to Civil Local Rule 6-3(d), Amisil has not noticed a hearing date for this Motion.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Tita K. Bell, along with the exhibits thereto, all pleadings and papers on file in this action, such matters of which the Court may take judicial notice, and such additional evidence and authority as may be offered at the time of oral argument, if any.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

As of the filing of this Motion it will have been over eight months since Amisil, in its capacity as the only remaining minority member of Clarium Capital Management, LLC ("Clarium"), made its first of many oral and written requests to inspect Clarium's financial records. However, despite Clarium's clear contractual obligation to do so, defendants have steadfastly refused to allow Amisil access to Clarium's books and records to prevent Amisil from determining the true value of its interest in Clarium. Ultimately, defendants unilaterally expelled Amisil from Clarium and unlawfully seized Amisil's interest. These events led Amisil to commence this litigation to protect its rights and obtain a fair accounting of its interest.

Despite this, defendants' obstructionism continues even in litigation. Rather than respond to the Complaint, they have filed three defensive motions and are now using an administrative scheduling change as an excuse to deny Amisil's right to pursue and prove its claims through the discovery process. Defendants refuse to meet and confer under Federal Rule of Civil Procedure

26(f), claiming there is no reason to do so until the recently continued deadline of February 13, 2007, approaches. They apparently seek to prevent Amisil from obtaining discovery from any source for as long as six months after the lawsuit was filed. This is entirely unjustifiable considering the crux of Amisil's claims is that it has been unfairly deprived of information and Amisil would be entitled to discovery regardless of the outcome of any of defendants' motions now pending before the Court.

Consequently, Amisil intends to file a motion to compel discovery seeking an order pursuant to Rule 26(f) compelling the parties to conduct the Conference of Parties immediately, or alternatively, pursuant to Rule 26(d) allowing discovery to commence irrespective of the Rule 26(f) meet and confer. Because Amisil's right to prove its claims and to establish the extent of its damages will be prejudiced by the ongoing delay in the discovery process, Amisil seeks to shorten the time to hear the Motion to Compel Discovery so that it may be heard by this Court following the Motion to Compel Arbitration on November 29, 2006, at which time the lawsuit will have been pending for three full months.

## II.  FACTS

Since the inception of its interest in Clarium, Amisil has not received a single annual or quarterly financial statement relating to Clarium or the value of Amisil's interest. Compl. ¶ 39. Upon learning in 2006 that Clarium currently manages a hedge fund with more than $1.5 billion in assets, and in light of repeated attempts by defendants to buy-out Amisil's interest without providing any basis for their valuation, Amisil made repeated requests to inspect Clarium's financial records to determine the fair value of its interest. Compl. ¶¶ 38-44. Defendants responded to these requests with deceit and delay tactics, denied Amisil a fair accounting of its interest, and ultimately purported to expel Amisil as a member of Clarium and acquire its interest by a forced sale. Compl. ¶¶ 40-45.

On August 28, 2006, in response to this unlawful taking of its interest, Amisil filed its Complaint against Clarium and the individual defendants. By order of the court, the parties were to meet and confer pursuant to Rule 26(f) by November 7, 2006. Declaration of Tita K. Bell "Bell Dec.", ¶ 2. The parties agreed to conduct the conference on November 7, 2006. "Bell Dec.", ¶ 2. On November 3, 2006, following the Clerk's Notice continuing the Initial Case Management Conference in this case from November 28, 2006 to March 6, 2007, defendants unilaterally refused

1  to proceed with the November 7th meeting. Bell Dec., ¶ 5. Despite the fact that the parties are free
2  to meet and confer in advance of a deadline, and the fact that only four days earlier the parties were
3  prepared to meet on November 7th, defendants apparently wish to delay the Rule 26(f) and to stall
4  discovery in this case indefinitely until the deadline of February next year. Bell Dec., ¶ 11.

### III.    ARGUMENT

Without an Order to Shorten Time for the hearing on its Motion, Amisil's right to prove its claims and determine the extent of its damages will be substantially prejudiced by ongoing delay in the discovery and initial disclosure process. This case was filed on August 28, 2006. Rule 26(f) mandates a Conference of Parties "<u>as soon as practicable</u> and in any event at least 21 days before a scheduling conference is held . . . to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan." (emphasis added). The parties' communications prior to continuance of the Initial Case Management Conference demonstrate that as of October 30, 2006, both sides were prepared to proceed with the meet and confer on November 7, 2006, and that the conference was "practicable" on that date. Despite this agreement, defendants cancelled the meeting upon being notified that the Initial Case Management Conference was continued to March next year, and have subsequently refused to agree to a specific time, date, and place for conducting the meeting, claiming that there is "no reason" to proceed with the meeting "at this time." By refusing to engage in the Rule 26(f) conference, defendants could potentially stall the discovery for as much as six months after the lawsuit was filed.

Defendants' continued intransigence in further preventing Amisil's access to Clarium's financial records, among other things, clearly imposes an unfair prejudice on Amisil, who has already been deprived of its contractual right to access these records for an extended time and who now seeks to prosecute this case in a timely manner. In this latest act of obstructionism, defendants demonstrate that they will take any and every measure to prevent Amisil from determining the true value of its interest in Clarium. Consequently, Amisil must seek judicial intervention to compel the parties to meet and confer or for discovery to commence without further delay, and this issue must be resolved immediately. It has already been nearly three months since the Complaint was filed. Moreover, regardless of the determination of either Defendants' Motion to Dismiss or Motion to

Compel Arbitration, neither party can deny that Amisil is entitled to an accounting regarding its interest in Clarium. Timely access to Clarium's financial documents will ensure a "just, speedy, and inexpensive determination of [this] action" as is commanded by Rule 1 of the Federal Rules of Civil Procedure. Since the parties are already expected to appear before this Court on November 29, 2006 to argue Defendants' Motion to Compel Arbitration, it would serve the interests of fairness and efficiency to hear Amisil's Motion to Compel Discovery on the same date. Accordingly, Amisil requests an Order Shortening Time to have its Motion to Compel Discovery heard on November 29, 2006.

## IV.  CONCLUSION

For the reasons stated above, Amisil respectfully requests that the Court enter an Order Shortening Time to have a hearing on its Motion to Compel Discovery heard on November 29, 2006 following the hearing on the Motion to Compel Arbitration.

DATED: November 15, 2006.

REED SMITH LLP

By  /s/
   Tita K. Bell
   Attorneys for Plaintiff
   Amisil Holdings Ltd.