Harvey L. Leiderman (SBN 55838)
Email: hleiderman@reedsmith.com
Tita K. Bell (SBN 206735)
Email: tkbell@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Mailing Address:
P.O. Box 7936
San Francisco, CA 94120-7936
Telephone:   415.543.8700
Facsimile:    415.391.8269

Daniel R. Formeller (admitted *pro hac vice*)
Email: dformeller@tsmp.com
Basileios Katris (admitted *pro hac vice*)
Email: bkatris@tsmp.com
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
Telephone:   312.627.4000
Facsimile:    312.627.1717

Attorneys for Plaintiff Amisil Holdings Ltd.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus Corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC f/k/a/ THIEL CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Company, PETER ANDREAS THIEL, a California resident, JASON PORTNOY, a California resident, MARK WOOLWAY, a California resident,<br><br>             Defendants. | Case No. C 06 5255 MJJ (EMC)<br><br>**DECLARATION OF TITA K. BELL IN SUPPORT OF PLAINTIFF'S MOTION TO SHORTEN TIME TO HEAR MOTION TO COMPEL DISCOVERY**<br><br>**Civ. L.R. 6-3**<br><br>No Hearing Date Set<br><br>Honorable Edward M. Chen |

I, Tita K. Bell, hereby declare:

1.  I am an attorney at law and an associate with the firm of Reed Smith, LLP, counsel of record to plaintiff Amisil Holdings Ltd. ("Amisil") in the above-captioned matter. I am a member of the State Bar of California and am admitted to practice before this Court. I submit this declaration in support of Plaintiff's Motion to Shorten Time to Hear Motion to Compel Discovery ("Motion"). I have personal knowledge of the matters set forth herein, and, if called upon to do so, could testify competently to their truth.

2.  On October 30, 2006, I e-mailed Howard Caro of Heller Ehrman, LLP, counsel of record for defendants in this matter. The purpose of my communication was to schedule a time and date for the parties to meet and confer in person for purposes of Federal Rules of Civil Procedure Rule 26. Pursuant to the Order Setting Initial Case Management Conference and ADR Deadlines issued the day the lawsuit was filed, August 28, 2006, the parties were required to meet and confer under Rule 26(f) by November 7, 2006. I advised Mr. Caro that my partner Howard Leiderman and I were available to meet on Thursday, November 2, or Monday, November 6. I forwarded the e-mail to Cecilia Chan, Mr. Caro's colleague at Heller Ehrman, upon receiving an automatic reply from Mr. Caro indicating that he was out of the office. Ms. Chan responded by suggesting that we meet at the courthouse after the hearing on defendants' motions to dismiss, which was set for November 7, 2006, at noon. I replied that we were amenable to that. Therefore, we agreed to meet on November 7, 2006, at the attorney's lounge following the hearing on the motions to dismiss. Attached hereto as Exhibit A is a true and correct copy of the e-mail exchange between me and Cecilia Chan, dated October 30, 2006.

3.  On November 1, 2006, we received a clerk's notice postponing the hearing on defendants' motions to dismiss to February 6, 2007. That afternoon I telephoned Mr. Caro to reschedule the time and place of our meeting since we no longer were expected to appear in court. Mr. Caro indicated that he would prefer to postpone the meeting until after the hearing on defendants' Motion to Compel Arbitration which is set for November 29, 2006, to obtain more clarity on the case. He proposed that the parties stipulate to continue the Case Management

Conference and other deadlines related thereto, including the Rule 26(f) meet and confer, until after the Motion to Compel Arbitration is heard. I told him that I would consult with my client and let him know the following day. Mr. Caro asked me to convey the answer to Ms. Chan since he was going to be unavailable.

4. On November 2, 2006, I advised Ms. Chan by e-mail that we would prefer to adhere to the original schedule ordered by the Court when the lawsuit was filed. Ms. Chan replied by indicating that while the defendants believed it would be "most efficient" to meet after the November 29th hearing, they were "prepared" to meet on November 7th. She proposed to conduct the meeting at Heller Ehrman's offices between 10 a.m. and 3 p.m. I responded that we would arrive for the meeting at 10 a.m. Attached hereto as Exhibit B is a true and correct copy of the e-mail exchange between me and Cecilia Chan, dated November 2 through November 3, 2006, which includes the communication set forth above on pages 3-5.

5. On November 3, 2006, we received a clerk's notice vacating the Case Management Conference on November 28, 2006, and resetting it for March 6, 2007. Citing a nearly four-month continuation of the deadline to meet and confer, Ms. Chan unilaterally refused to proceed with the meet and confer on November 7th as previously agreed four days earlier. I responded that the parties were not prevented from meeting and conferring in advance of the deadline, that we wished to proceed with the meeting on November 7th, and that we were fully prepared to discuss all topics set forth under Rule 26(f). I also offered to meet and confer telephonically. Ms. Chan nevertheless refused to proceed, stating that she saw "no reason to meet and confer next week." *See* Exhibit B, pages 1-2.

6. On November 14, 2006, I telephoned Ms. Chan in an attempt to reschedule the Rule 26 meet and confer. To accommodate the efficiency concerns and the desire to obtain more clarity on the case, as previously articulated by defendants on October 30th, I proposed to conduct the meeting in person following the hearing on defendants' Motion to Compel Arbitration on November 29th, assuming there has been no ruling referring the matter to arbitration. Ms. Chan reiterated that

since the Case Management Conference was not scheduled to take place until March next year and the deadline to file a Joint Case Management Statement was not until February, she saw no reason to meet and confer at this time. I told Ms. Chan that because the purpose of the Rule 26(f) meet and confer is to discuss a plan of discovery for this case and because discovery may not commence until the meeting takes place, it is unreasonable for defendants to delay the process by refusing to meet and confer even though it has nearly been three months since the complaint was filed. I also asked, if not now, when defendants would be willing to engage in a Rule 26(f) conference. Ms. Chan indicated she would consult with her clients and her colleagues and let me know.

7. In my November 15th telephone conversation with Ms. Chan, I advised her that Amisil intends to file a Motion to Compel Discovery if the parties cannot agree to conduct a meet and confer by November 29th, and that plaintiff will seek an order shortening the time to hear the motion to November 29th. Specifically, I informed Ms. Chan that plaintiff will seek an order compelling the parties to meet and confer for purposes of Rule 26(f), or alternatively, allowing discovery to commence irrespective of the Rule 26(f) meet and confer. I asked Ms. Chan to let me know as soon as possible whether defendants would agree to meet on November 29th, or if defendants would oppose a motion to shorten time and modify the briefing schedule so that the Motion to Compel Discovery could be heard on November 29th.

8. Rule 26(f) requires the parties to meet and confer "as soon as practicable" and sets a deadline for doing so. Despite my attempts to confer with counsel for the defendants since November 3rd to agree on a time, date and place for conducting the Rule 26(f) conference as soon as possible, defendants have refused to cooperate, as detailed above. Defendants' refusal to meet and confer under Rule 26(f) until the new deadline of February 13, 2007, approaches effectively prevents Amisil from conducting discovery from any source until nearly six months after the lawsuit was filed. Amisil must therefore seek judicial intervention by filing a motion to compel discovery seeking an order pursuant to Rule 26(f) compelling the parties to conduct the Conference of Parties immediately, or alternatively, an order pursuant to the Court's powers under Rule 26(d) allowing discovery to commence irrespective of the Rule 26(f) conference.

9.   If the motion is set for hearing on regular notice, it will not be heard until mid- to late December. By then it will have been nearly four months since Amisil filed its Complaint. The only explanation offered by defendants for refusing to engage in a Rule 26(f) conference is that the deadline is not impending. Meanwhile, Amisil's right to prove its claims and to establish the extent of its damages will be prejudiced by the ongoing delay in the discovery process. Accordingly, Amisil seeks to shorten the time to hear the Motion to Compel Discovery so that it may be heard by this Court following the Motion to Compel Arbitration on November 29, 2006, at which time the lawsuit will have been pending for three full months.

10.  Previous time modifications in this case are as follows: an order vacating the hearing on defendants' Motion to Compel Arbitration on October 24, 2006 [DOCKET# 38]; an order resetting the hearing on same motion for November 21, 2006 [DOCKET# 43]; a stipulated order resetting the hearing on same motion for November 29, 2006 [DOCKET# 50]; a clerk's notice resetting the hearing on defendants' motions to dismiss from November 7, 2006 to February 6, 2007 [DOCKET# 52]; and a clerk's notice resetting the Case Management Conference from November 28, 2006 to March 6, 2007 [DOCKET# 53]; and a clerk's notice resetting the time of the hearing on defendants' Motion to Compel Arbitration on November 29, 2006 from 2:30 p.m. to 12:00 p.m. [DOCKET# 54].

11.  As of 4 p.m. today, November 15, 2006, I have not heard from Ms. Chan or any other attorney representing defendants regarding the subject of either this Motion or the Motion to Compel Discovery. However, in the interest of allowing the Court sufficient time to evaluate Amisil's request to shorten the time to hear its Motion to Compel Discovery such that the motion could be heard the same day as defendants' Motion to Compel Arbitration on November 29th (and any opposition thereto), plaintiff hereby submits the Motion to Shorten Time with the understanding that Local Rule 6-3 provides defendants three court days hereafter to file any opposition they may have to this Motion.

1  I declare under penalty of perjury that the foregoing is true and correct and that I executed
2  this declaration on this 15th day of November, 2006, at San Francisco, California.

3

4                                                              /s/
                                                         Tita K. Bell
5

# EXHIBIT A

## Bell, Tita K.

**From:** Chan, Cecilia Y. [Cecilia.Chan@hellerehrman.com]
**Sent:** Monday, October 30, 2006 10:17 PM
**To:** Bell, Tita K.
**Cc:** Caro, Howard S.
**Subject:** Re: Amisil v. Clarium - Rule 26 meeting

Tita,

That sounds good. We will plan to meet and confer after the hearing then. Thanks.

Cecilia

-----Original Message-----
From: Bell, Tita K. [mailto:TKBell@ReedSmith.com]
Sent: Monday, October 30, 2006 09:45 PM Pacific Standard Time
To: Bell, Tita K.; Chan, Cecilia Y.
Cc: Caro, Howard S.
Subject: Re: Amisil v. Clarium - Rule 26 meeting

Howard and Cecilia,

Your proposal to meet on November 7 after the hearing on the motion to dismiss is fine by us.

Thanks,
Tita

----- Original Message -----
From: Bell, Tita K.
To: 'Chan, Cecilia Y.' <Cecilia.Chan@hellerehrman.com>
Cc: Caro, Howard S. <Howard.Caro@hellerehrman.com>
Sent: Mon Oct 30 17:16:34 2006
Subject: RE: Amisil v. Clarium - Rule 26 meeting

Cecilia,

I am waiting to hear from Harvey on the proposal below. I will respond to you as soon as I can.

Tita

---

From: Chan, Cecilia Y. [mailto:Cecilia.Chan@hellerehrman.com]
Sent: Monday, October 30, 2006 3:57 PM
To: Bell, Tita K.
Cc: Caro, Howard S.
Subject: RE: Amisil v. Clarium - Rule 26 meeting

Tita,

Thanks for your email. Our preference would be to have the meet and confer right after oral argument on the motion to dismiss on 11/7. We believe it would make the most sense to wait until after the hearing, at which time we'll have more clarity, and also, it would be more efficient to meet then. We can have the meeting in the attorney lounge at the courthouse.

11/15/2006

Is this proposal agreeable to you?

Thanks,

Cecilia

---

From: Bell, Tita K. [mailto:TKBell@ReedSmith.com]
Sent: Monday, October 30, 2006 2:22 PM
To: Chan, Cecilia Y.
Subject: FW: Amisil v. Clarium - Rule 26 meeting

Cecilia,
I am bringing this to your attention since I received an auto-reply message from Howard that he is in client meetings all day today.

Thanks,
Tita

---

From: Bell, Tita K.
Sent: Monday, October 30, 2006 2:16 PM
To: 'Caro, Howard S.'
Subject: Amisil v. Clarium - Rule 26 meeting

Howard,

As you know, the parties in this case are due to meet and confer for Rule 26 purposes by November 7. We would like to schedule an in-person meeting with you on either Thursday, November 2 or Monday, November 6. We are happy to host the meeting at our offices. Please let me know as soon as possible if you are available on those dates, and if so, what time.

Regards,
Tita

Tita K. Bell
415.659.5963
tkbell@reedsmith.com

Reed SmithLLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
Main: 415.543.8700
Fax: 415.391.8269

This e-mail is confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Tita Bell at 415-659-5963 or tkbell@reedsmith.com if you need assistance.

===========================================

11/15/2006

This email is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify us immediately.

==================================================

This email is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify us immediately.

==================================================

11/15/2006

# EXHIBIT B

**Bell, Tita K.**

**From:** Chan, Cecilia Y. [Cecilia.Chan@hellerehrman.com]
**Sent:** Friday, November 03, 2006 5:19 PM
**To:** Bell, Tita K.
**Subject:** RE: Amisil v. Clarium - Rule 26 conference

Tita,

Although we are generally willing to discuss issues that need to be discussed about the case, and you are welcome to call us regarding such issues, our position on the "meet and confer" you reference is set forth in our prior emails.

Cecilia

---

**From:** Bell, Tita K. [mailto:TKBell@ReedSmith.com]
**Sent:** Friday, November 03, 2006 4:50 PM
**To:** Chan, Cecilia Y.
**Subject:** RE: Amisil v. Clarium - Rule 26 conference

Cecilia,

The fact that a deadline has been delayed does not mean that the parties should not meet and confer in advance of that deadline. We believe that it is appropriate to proceed with our scheduled meet and confer conference on Tuesday, Nov. 7, as you previously agreed. Are you now refusing to do so?

Tita

---

**From:** Chan, Cecilia Y. [mailto:Cecilia.Chan@hellerehrman.com]
**Sent:** Friday, November 03, 2006 4:37 PM
**To:** Bell, Tita K.
**Subject:** RE: Amisil v. Clarium - Rule 26 conference

Tita,

Your belief that the continuation of the CMC does not delay the time to meet and confer is incorrect. Pursuant to the Court's Order Setting Initial Case Management Conference And ADR Deadlines (attached for your convenience), "If the Initial Case Management Conference is continued, the other deadlines are continued accordingly." Here, because the court has continued the CMC to March, the deadline to meet and confer has also been continued. Accordingly, we see no reason to meet and confer next week.

Thanks,

Cecilia

---

**From:** Bell, Tita K. [mailto:TKBell@ReedSmith.com]
**Sent:** Friday, November 03, 2006 3:29 PM

11/15/2006

**To:** Chan, Cecilia Y.
**Subject:** Re: Amisil v. Clarium - Rule 26 conference

Cecilia,

The time to meet and confer has not necessarily been delayed by the continuation of the CMC. We are prepared to meet and confer with you on all the topics set forth under Rules 26(a) and 26(f) and seek your cooperation in doing so, at least telephonically, on Tuesday morning.

Tita

----- Original Message -----
From: Chan, Cecilia Y. <Cecilia.Chan@hellerehrman.com>
To: Bell, Tita K.
Sent: Fri Nov 03 14:56:14 2006
Subject: RE: Amisil v. Clarium - Rule 26 conference

Tita,

With the CMC and related deadlines nearly four months away, we do not believe there is any need to meet and confer pursuant to Rule 26(f) right now. If there is something specific that you believe we need to meet and confer about at this time, please inform us what that is.

Thanks,

Cecilia

From: Bell, Tita K. [mailto:TKBell@ReedSmith.com]
Sent: Friday, November 03, 2006 2:13 PM
To: Chan, Cecilia Y.
Subject: Re: Amisil v. Clarium - Rule 26 conference

Cecilia,

Actually, we still plan on proceeding with the meet and confer on Tuesday morning. If you would prefer to do it telephonically, that's fine; just let me know, please, by Monday.

Thanks,
Tita

----- Original Message -----
From: Chan, Cecilia Y. <Cecilia.Chan@hellerehrman.com>
To: Bell, Tita K.
Sent: Fri Nov 03 10:52:30 2006
Subject: RE: Amisil v. Clarium - Rule 26 conference

Tita,

In light of the court's notice continuing the CMC to March 6, 2007, we see no reason to meet and confer now, as the Rule 26-related deadlines are also continued under the initial scheduling order. We trust that you agree. Accordingly, we will not plan to meet with you next Tuesday.

Thanks,

Cecilia

11/15/2006

From: Chan, Cecilia Y.
Sent: Thursday, November 02, 2006 3:45 PM
To: 'Bell, Tita K.'
Subject: RE: Amisil v. Clarium - Rule 26 conference

Tita,

Our office is at 333 Bush Street. Please go to the 30th Floor reception and ask for me when you get here on Tuesday. Thanks.

Cecilia

---

From: Bell, Tita K. [mailto:TKBell@ReedSmith.com]
Sent: Thursday, November 02, 2006 3:35 PM
To: Chan, Cecilia Y.
Subject: RE: Amisil v. Clarium - Rule 26 conference

Cecilia,

We will meet you at your offices at 10 a.m. on Tuesday, November 7.

Thanks,
Tita

---

From: Chan, Cecilia Y. [mailto:Cecilia.Chan@hellerehrman.com]
Sent: Thursday, November 02, 2006 2:29 PM
To: Bell, Tita K.
Subject: RE: Amisil v. Clarium - Rule 26 conference

Tita,

As we indicated on the phone yesterday, we believe that it would be most efficient, for both the Court and the parties, to reschedule the Rule 26-related events until after the motion to compel is heard on 11/29. We believe it would be a mistake not to ask the Court to move this schedule, particularly in light of the fact that the hearing for the motion to dismiss is moved to February.

Nonetheless, if you insist on meeting and conferring on the original schedule, we're prepared to do so. We are available to meet and confer by phone next Monday, any time after 3 pm or on Tuesday, between 10-3, or if you'd prefer to meet in person, you can meet us at our offices. Please be advised, however, that we may still ask the Court to reschedule the filing of the CMC report and the CMC.

Please let me know how you would like to proceed. Thank you.

Cecilia

---

From: Bell, Tita K. [mailto:TKBell@ReedSmith.com]
Sent: Thursday, November 02, 2006 8:49 AM
To: Chan, Cecilia Y.
Subject: Amisil v. Clarium - Rule 26 conference

11/15/2006

Cecilia,

We prefer to adhere to the schedule of Rule 26-related events that was ordered by the Court when the action was filed. Please let me know your availability to meet and confer on Monday, November 6 or Tuesday, November 7. Again, we can host the conference here at our offices.

Regards,
Tita

===========================================================

This email is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify us immediately.

===========================================================

This email is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify us immediately.

===========================================================

This email is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient,

11/15/2006

please delete the email and notify us immediately.

==================================================

==================================================

This email is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify us immediately.

==================================================

==================================================

This email is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify us immediately.

==================================================

11/15/2006