Howard S. Caro (SBN 202082)
Cecilia Y. Chan (SBN 240971)
Nathaniel Spencer-Mork (SBN 226886)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268

Robert B. Hawk (SBN 118054)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, California 94025-3506
Phone: +1.650.324.7000
Facsimile: +1.650.324.0638

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC, et al.,<br><br>    Defendants. | Case No.: 3:06-cv-5255 MJJ (EMC)<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO SHORTEN TIME TO HEAR MOTION TO COMPEL DISCOVERY**<br><br>Civ. L.R. 6-3<br><br>No Hearing Date Set<br><br>The Hon. Edward M. Chen |

## I. INTRODUCTION

Plaintiff Amisil brings this Motion to Shorten Time ("Motion") to have a threatened Motion to Compel Discovery ("Discovery Motion") heard together with Defendants' (collectively, "Clarium") Motion to Compel Arbitration ("Arbitration Motion"). Amisil utterly fails, however, to demonstrate any prejudice to it if the Discovery Motion were heard in accordance with the Local Rules (or, indeed, if the Discovery Motion were not heard at all). At bottom, the Discovery Motion is an attempt by Amisil to circumvent its contractual agreement to arbitrate these disputes and by litigating in this forum, despite Defendants' pending Arbitration Motion, filed immediately upon Amisil's filing of its Complaint. Far from demonstrating the good cause it needs to prevail on this Motion to Shorten Time, Amisil fails to demonstrate *any* reason that the Court should hear the Discovery Motion before deciding Defendants' Arbitration Motion. Amisil's pleas that it is prejudiced by delays in obtaining discovery ring hollow in light of Amisil's failure to identify with particularity (or at all) any harm it will suffer if this Motion is denied; its decision to wait three months after filing its lawsuit to attempt for early discovery; and the pre-Thanksgiving timing of this Motion.

In addition to the Arbitration Motion, Defendants have filed Motions to Dismiss all of Amisil's claims against them. Following referral of the Arbitration Motion to this Court, the Motions to Dismiss were scheduled for hearing before the Arbitration Motion. Since then, Judge Jenkins has reset the hearing on the Motions to Dismiss for February 6, 2007, and moved the initial Case Management Conference to March 6, 2007. The Court's *sua sponte* scheduling changes confirm that arbitrability is a threshold issue to be decided before any other issues in this case are addressed. What is more, Amisil's Complaint includes a claim under Section 10(b) of the Securities Exchange Act of 1934. This claim triggers an automatic stay of discovery under the Private Securities Litigation Reform Act ("PSLRA"), preventing Amisil from taking discovery until the pleadings are resolved, unless Amisil can adduce specific facts demonstrating that it will be prejudiced if the stay is not lifted. For all of these reasons, this Motion should be denied.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

At the time Amisil brought this lawsuit, Clarium was attempting to resolve the parties' dispute under the terms of the ADR and arbitration clause of the governing Operating Agreement. Amisil prematurely halted this process by filing this lawsuit. Clarium promptly responded by seeking to enforce the clearly-articulated right to arbitrate in the contract pursuant to which the lawsuit was brought. Section 10.17 of that contract unambiguously provides that "any controversy or dispute arising out of this Agreement… *shall be resolved through arbitration*…." Complaint Ex. B (emphasis added). Because Amisil refused to stipulate that Defendants could respond to the Complaint after resolution of the Arbitration Motion, Defendants were also forced to file their Motions to Dismiss, to protect their rights under Rule 12 of the Federal Rules of Civil Procedure.

The Arbitration Motion was originally set for hearing before Judge Jenkins on October 24, and the Motions to Dismiss were set for November 7. [Dkt. Nos. 12, 20, 27]. Judge Jenkins referred the Arbitration Motion to this Court, which set the hearing on the Arbitration Motion for November 29.[1] [Dkt. Nos. 38, 43, 50]. Under the Order Setting Initial Case Management Conference and ADR Deadlines [Dkt. No. 2], the deadline to meet and confer pursuant to Rule 26(f) was November 7. But on November 1, Judge Jenkins reset the hearing on the Motions to Dismiss to February 6, 2007, and on November 3, he reset the initial Case Management Conference to March 6, 2007 [Dkt. Nos. 52, 53]. Under this new schedule, the parties are not required to confer under Rule 26(f) until mid-February, after the hearing on the Motions to Dismiss. Because the Rule 26 conference deadline was continued by over three months, and in light of Court's view that arbitrability was a threshold issue, Clarium immediately informed Amisil that it was not necessary or appropriate to confer on November 7, when resolution of the pending Arbitration Motion could moot discovery and related Rule 26 procedures. Declaration of Cecilia Y. Chan ("Chan Decl.") ¶ 3; Declaration of Tita Bell ("Bell Decl.") Ex. B.

---

[1] The Arbitration Motion has now been reset to December 8, 2006. [Dkt. No. 59].

2

Eleven days later, on November 14, Tita Bell, counsel for Amisil, contacted Defendants' counsel shortly before the close of business. Chan Decl. ¶¶ 4-5. Ms. Bell proposed that the Rule 26(f) conference take place following the hearing on the Arbitration Motion, then scheduled for November 29. *Id.* ¶ 6. Defendants' counsel reiterated that it was premature to conduct the Rule 26 conference. *Id.* Ms. Bell announced that if Clarium did not capitulate to its demands by agreeing to commence discovery immediately, Amisil would file this Motion and a Motion to Compel Discovery, and asked for a response the following morning. *Id.* Counsel informed Ms. Bell that Defendants would be unable to respond by the next morning but would respond as soon as possible. *Id.* Ms. Bell said that Amisil would file these motions on Thursday, November 16. *Id.* Less than 24 hours later, on November 15, Defendants' counsel faxed a letter to Ms. Bell, rejecting Amisil's demands, and explaining that, among other things, the threatened Discovery Motion would fail in light of the PSLRA stay. *Id.* ¶ 7 & Ex. A. At about 5:15 p.m. on November 15, Amisil filed this Motion, a day before Defendants' counsel were led to believe the Motion would be filed. *Id.* Ex. B. The statements in Ms. Bell's declaration and the fact that Amisil ignored Defendants' point in the November 15 fax about the PSLRA stay make clear that Amisil had no intention of waiting until November 16 to file this Motion. Bell Decl. ¶ 11.

### III. ARGUMENT

#### A. The Discovery Motion Should Be Postponed Until the Motion to Compel Arbitration Has Been Decided.

Arbitrability is a threshold matter that should be decided before the parties expend the resources required to engage in premature Rule 26 procedures, disputes over discovery in the face of a presumptive stay, or full-blown litigation. The Court indicated as much by moving the Case Management Conference to March and resetting the corresponding Rule 26 dates. Indeed, this schedule is consistent with the strong protection agreements to arbitrate enjoy under the Federal Arbitration Act. 9 U.S.C. § 1; *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). It will waste the resources of both Court and parties to proceed with a Rule 26(f) conference or discovery before the Arbitration Motion is decided. Because the Arbitration Motion is set for hearing in short order, waiting for resolution of

3

that motion will not aggravate the unspecified prejudice Amisil claims it will suffer if discovery is postponed.[2]  In contrast, the parties will be manifestly burdened if they are forced to meet and confer or proceed with discovery without knowing whether any part of this case will even remain in federal court following the resolution of the Arbitration Motion.[3]  For this reason alone, Amisil's Motion to Compel should be denied.

### B.   Amisil Fails to Show Substantial Harm or Prejudice.

Local Rule 6-3(a)(3) requires Amisil to identify "the substantial harm or prejudice that would occur if the Court did not" shorten time.  Amisil makes the conclusory contention that its "right to prove its claims and to establish the extent of its damages will be prejudiced" by delaying discovery.  Motion at 2.  Aside from this conclusory plaint, Amisil merely rehashes the allegations of the Complaint, which assert that Amisil has a contractual right to the information it seeks.  *Id*. at 3.  But Amisil's purported contractual right is itself no more than a conclusory assertion:  As is set forth in detail in Defendants' Motions to Dismiss, Amisil long ago lost any such contractual rights.  [Dkt. Nos. 21, 27, 44].  The Court should not credit these vague assertions of prejudice.  Rather, the procedural "delays" of which Amisil complains are merely the mundane consequence of the nexus of this Court's management of its docket with the provisions of Rule 26, and in no way amount to the "substantial prejudice" required to shorten time.

Moreover, any delays are entirely attributable to Amisil's litigation tactics.  If what Amisil really wanted was documents, it could have proceeded straight to arbitration — as the contract clearly requires — and availed itself of that system's expedited discovery procedures.  Instead, it chose to engage in forum-shopping gamesmanship by filing this lawsuit, fully aware of and, indeed, in response to Clarium's expressed intent to resolve the dispute through contractual ADR.  In doing so, Amisil must have anticipated that the

---

[2] If Amisil was so concerned about prejudice from a delay in discovery, it should not have waited nearly three months since the inception of this litigation to file its Discovery Motion.

[3] Moreover, if any of Amisil's claims survive in this Court after the hearing on the Arbitration Motion, they would likely be stayed pursuant to the Federal Arbitration Act, 9 U.S.C. § 3, confirming that the resources of the Court and the parties will be conserved if resolution of Amisil's Discovery Motion awaits the outcome of Defendants' Arbitration Motion.

4

DEFENDANTS' OPPOSITION TO MOTION TO SHORTEN TIME TO HEAR MOTION TO COMPEL DISCOVERY
Case No. 3:06-cv-5255 MJJ (EMC)

Heller Ehrman LLP

arbitrability of the case would need to be resolved before discovery progressed.

Similarly, Amisil chose to include a securities fraud claim in its kitchen-sink Complaint. Clarium reasonably and predictably moved to dismiss that claim under Rule 12(b)(6), thereby invoking the PSLRA's automatic stay of discovery and related procedures. 15 U.S.C. § 78u-4(b)(3)(B); *see also SG Cowen Sec. Corp. v. U.S. Dist. Court for Northern Dist. of Cal.*, 189 F.3d 909 (9th Cir. 1999). Amisil has not so much as acknowledged the effect of the stay, much less presented a compelling argument to lift it.

The timing of this Motion further confirms the lack of any prejudice. Amisil knew on November 3 that the Rule 26(f) conference was not going forward. Rather than act on this information promptly, Amisil chose to wait nearly two weeks before informing Defendants of the relief it planned to seek, while giving Defendants only 24 hours' notice before filing this Motion. If Amisil had promptly filed its Discovery Motion, that motion could have been heard shortly after the Arbitration Motion. Amisil's unexplained delay should not entitle it to expedite this Motion, especially where the delay appears to be a litigation tactic designed to prejudice Defendants during a holiday week when Amisil knew they were likely to be unavailable except at substantial personal and financial cost.[4]

## IV.   CONCLUSION

For the above reasons, Clarium respectfully requests that Amisil's Motion be denied.

November 17, 2006                        Respectfully submitted,

HELLER EHRMAN LLP


By _____/s/ Howard S. Caro_____
         Howard S. Caro
      Attorneys for Defendants

---

[4] Indeed, Amisil originally stated it would bring this Motion on November 16. Chan Decl. ¶ 6. Evidently, when it realized that there would not be enough time for this Motion to be decided before the holiday weekend, it jumped the gun and filed a day early. See Bell Decl. ¶ 11. The Court has since moved the hearing date on the Arbitration Motion, which would alleviate the burden of working over the holiday. But if Amisil had promptly filed its Motion to Compel, that Motion would have been heard at about the time the Arbitration Motion is now set for.