Harvey L. Leiderman (SBN 55838)
Email: hleiderman@reedsmith.com
Tita K. Bell (SBN 206735)
Email: tkbell@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Mailing Address:
P.O. Box 7936
San Francisco, CA 94120-7936
Telephone:  415.543.8700
Facsimile:  415.391.8269

Daniel R. Formeller (admitted *pro hac vice*)
Email: dformeller@tsmp.com
Basileios Katris (admitted *pro hac vice*)
Email: bkatris@tsmp.com
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
Telephone:  312.627.4000
Facsimile:  312.627.1717

Attorneys for Plaintiff Amisil Holdings Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC f/k/a/ THIEL CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Company, PETER ANDREAS THIEL, a California resident, JASON PORTNOY, a California resident, MARK WOOLWAY, a California resident,<br><br>Defendants. | Case No. C 06 5255 MJJ (EMC)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE**<br><br>F.R.C.P. 26(d), (f)<br><br>[Motion to Shorten Time to Hear Motion to Compel Discovery Filed November 15, 2006]<br><br>Hearing Date:   December 27, 2006<br>Time:                  10:30 a.m.<br>Courtroom:       C<br><br>The Honorable Edward M. Chen |

# NOTICE OF MOTION AND MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 27, 2006, at 10:30 a.m.[1], or as soon thereafter as the matter may be heard, in Courtroom C of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California, plaintiff Amisil Holdings Ltd. ("Amisil") will bring its Motion to Compel Expedited Discovery or Alternatively Rule 26(f) Conference pursuant to Federal Rules of Civil Procedure 26(d) and 26(f). Specifically, Amisil seeks an order pursuant to the Court's authority under Federal Rule of Civil Procedure 26(d) allowing the parties to commence discovery immediately irrespective of the meet and confer requirements under Federal Rule of Civil Procedure 26(f). Alternatively, Amisil requests an order compelling defendants Clarium Capital Management, LLC, Peter Thiel, Jason Portnoy and Mark Woolway (collectively "defendants") to meet and confer with Amisil for purposes of Federal Rule of Civil Procedure 26(f) on or before December 11, 2006, or as soon thereafter as the Court deems appropriate.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Tita K. Bell, along with the exhibits thereto, all pleadings and papers on file in this action, such matters of which the Court may take judicial notice, and such additional evidence and authority as may be offered at the time of oral argument, if any.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

As of the filing of this Motion it will have been over eight months since Amisil, in its

---

[1] Pursuant to the Motion to Shorten Time to Hear Motion to Compel Discovery filed on November 15, 2006, Amisil has requested that the Court set the instant Motion for hearing on the same day as defendants' Motion to Compel Arbitration, which is currently set for December 8, 2006.

capacity as the only remaining minority member of Clarium Capital Management, LLC ("Clarium"), made its first of many oral and written requests to inspect Clarium's financial records. However, despite Clarium's clear contractual obligation to do so, defendants have steadfastly refused to allow Amisil access to Clarium's books and records to prevent Amisil from determining the true value of its interest in Clarium. Ultimately, defendants unilaterally expelled Amisil from Clarium and unlawfully seized Amisil's interest. These events led Amisil to commence this litigation to protect its rights and obtain a fair accounting of its interest.

Despite this, defendants' obstructionism continues even in litigation. Rather than respond to the Complaint, they have filed three defensive motions and are now using an administrative scheduling change as an excuse to deny Amisil's right to pursue and prove its claims through the discovery process. Approximately two weeks ago, defendants had agreed to meet and confer under Federal Rule of Civil Procedure 26(f) at a set time and date; however, they abruptly cancelled the meeting upon learning that the deadline to meet and confer was no longer imminent. It was not until after Amisil threatened to seek court action that defendants suddenly forwarded the position that discovery proceedings in this case were subject to the automatic stay provisions under the Private Securities Litigation Reform Act of 1995, 15 U.S.C.S. § 77a et seq. ("PSLRA"). Ignoring the fact that Amisil has brought numerous state law claims that are separate and distinct from the securities fraud claim, including a claim for a simple but truthful accounting, defendants apparently seek to prevent Amisil from obtaining discovery on any subject from any source for longer than six months after the lawsuit has been filed. This is entirely unjustifiable considering Amisil is likely to obtain discovery in support of at least its accounting claim, regardless of the outcome of the defensive motions currently pending. Whether in arbitration or litigation, defendants will have to show what they have done with Amisil's membership interest for the last eight years.

Consequently, Amisil seeks an order pursuant to Rule 26(d) allowing particularized discovery with respect to state law claims for relief not involving fraud to commence immediately, or alternatively, an order pursuant to Rule 26(f) compelling the parties to conduct the Conference of Parties forthwith. Amisil's right to prove its claims and to establish the extent of its damages under the breach of contract and accounting claims, among others, will be prejudiced by the ongoing delay

in commencing discovery.

## II.   FACTS

Since the inception of its interest in Clarium, Amisil has not received a single annual or quarterly financial statement relating to Clarium or the value of Amisil's interest. Compl. ¶ 39. Upon learning earlier this year that Clarium currently manages a hedge fund with more than $1.5 billion in assets, and in light of repeated attempts by defendants to buy-out Amisil's interest without providing any basis for price, Amisil made repeated requests to inspect Clarium's financial records to determine the fair value of its interest. Compl. ¶¶ 38-44. Defendants responded to these requests with deceit and delay tactics, denied Amisil a full and fair accounting of its interest, and ultimately purported to expel Amisil as a member of Clarium and confiscate its interest by a forced sale. Compl. ¶¶ 40-45.

On August 28, 2006, in response to this unlawful taking of its interest, Amisil filed its Complaint against Clarium and the individual defendants. The Complaint alleges that Amisil is a Cyprus corporation, Clarium is a Delaware corporation, and the individual defendants are California residents. Compl. ¶¶ 7-11. The Complaint states state law claims for fraud, conversion, breach of fiduciary duties, conspiracy to defraud and to breach fiduciary duties, breach of contract, breach of implied covenants of good faith and fair dealing, unfair business practices, accounting and constructive trust.

By Order of the Court, the parties were to meet and confer pursuant to Rule 26(f) by November 7, 2006. Declaration of Tita K. Bell filed herewith ("Bell Dec.") ¶ 2. The parties agreed to conduct the conference on November 7, 2006. Bell Dec. ¶ 2. On November 3, 2006, following the Clerk's Notice continuing the Initial Case Management Conference in this case from November 28, 2006 to March 6, 2007, defendants unilaterally refused to proceed with the November 7th meeting even though the day before they represented that they were prepared to do so. Bell Dec. ¶¶ 4, 5. When pressed to explain the reason for defendants' refusal to go forward, defendants simply reiterated that they did not see a reason to meet and confer at this time and mentioned nothing of the PLSRA's automatic stay provision. Bell Dec. ¶¶ 4-6. It was not until Amisil had already finalized its Motion to Shorten Time to hear the instant Motion that defendants finally offered a legal basis for

their unreasonable position. Bell Dec. ¶ 9. Notwithstanding the fact that the PSLRA automatic stay provision does not apply to Amisil's state law claims, defendants unjustifiably seek to delay the Rule 26(f) meeting and to stall all discovery in this case until February next year. Declaration of Cecilia Y. Chan in support of Defendants' Opposition to Motion to Shorten Time to Hear Motion to Compel Discovery, Ex. A [DOCKET #61].

## III. ARGUMENT

### A. Federal Rule of Civil Procedure 26 Permits the Court to Grant the Relief Amisil Seeks

Pursuant to the Order of Reference entered on October 17, 2006 [DOCKET #38] and the clerk's notice dated October 18, 2006, all discovery matters in this action have been assigned to this Court. Rule 26(d) authorizes the Court to alter the timing of discovery, including the proscription on "seek[ing] discovery from any source until the parties have met and conferred as required by Rule 26(f)." In addition, Rule 26(f) provides that the Court may issue an order affecting when the Conference of Parties must occur.

### B. The PSLRA Does Not Require a Stay of Discovery Related to Amisil's State Law Non-fraud Claims

Particularized discovery relating to non-fraud state law claims such as Amisil's breach of contract and accounting claims, among others, are exempt from the automatic stay provisions under the PSLRA where diversity jurisdiction exists over those claims. In a case involving similar facts, *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 166-167 (S.D.N.Y. 2001), held that state law claims that are distinct from the federal securities claim -- such as would be expected to be found where the basis of jurisdiction over the state law claims relies on diversity of citizenship -- are not subject to the discovery stay under 15 U.S.C .§ 78U-4(B)(3). In *Tobias Holdings*, plaintiff investor brought securities fraud claims alleging violations of section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C.S. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, and also asserted state common law claims for fraud, breach of contract, conspiracy, and tortious interference with contract. *Id.* at 164. Defendants, bank and brokerage firm, moved to dismiss the complaint and argued that the automatic stay of discovery provisions of the PSLRA required a stay of discovery until after the motion to dismiss has been decided. *Id.* Plaintiff investor sought to continue

discovery on all the state claims except the common law fraud claim. *Id.* The court in *Tobias Holdings* allowed discovery to proceed on the breach of contract, conspiracy, and tortious interference with contract claims even though they arose from the same set of facts as the 10b-5 claim, because the state law claims "represent[ed] legally cognizable, substantive causes of action" and because the court had "independent jurisdiction -- diversity of citizenship -- requiring it to hear those claims." *Id.* at 168; *cf. In re Altera Corp Deriv. Litigation*, 2006 U.S. Dist. LEXIS 76197 (N.D. Cal. Oct. 11, 2006) (acknowledging *Tobias Holdings* rule but distinguishing on the basis that unlike *Tobias Holdings* the legal claims therein were "not wholly distinct" from the federal securities fraud claim).

Amisil's state law non-fraud claims are separate and distinct claims that cannot be summarily dismissed even if the 10b-5 claim is ultimately dismissed. Amisil's 10b-5 claim is **unique** compared to all the other claims for relief -- including the state law non-fraud claims -- because it is the only one that is premised on the expulsion and seizure of Amisil's interest being "deemed effective." Compl. ¶ 53. By contrast, the breach of contract claim identifies the expulsion as a breach of the Clarium Operating Agreement (Compl. ¶¶ 45, 95), and the claim for a "complete forensic accounting" does not rely on the expulsion whatsoever (Compl. ¶ 108). Moreover, these are not merely state law securities claims that mirror the federal securities fraud claim and that are being brought in federal court pursuant to pendent jurisdiction. *Cf. SG Cowen Sec. Corp. v. United States Dist. Court for the Northern Dist. of California,* 189 F.3d 909 (9th Cir. 1999). This Court has an independent basis for asserting jurisdiction over Amisil's non-fraud state law claims (diversity of citizenship). Amisil "should not be penalized for bringing both its federal securities claims and related state common law claims in one federal action." *Tobias Holdings*, 177 F. Supp. 2d at 168. The Court should permit Amisil to conduct particularized discovery relating to its non-fraud state law claims to proceed forthwith. To rule otherwise would only "encourage a duplication of effort and serve as a disincentive for efficiency." *Id.*

> The availability of a single forum to hear both federal and state claims should not be diminished by an unduly broad application of a statute which itself is an exception to the usual practice in federal courts -- permitting discovery to continue during the pendency of a motion to dismiss. Thus, the automatic stay mandated by the PSLRA cannot prohibit discovery on non-fraud common law claims arising under the Court's

diversity jurisdiction. To hold otherwise would give the PSLRA too broad a brush, sweeping into its purview all related but distinct state law claims brought under diversity jurisdiction. [*Id.* at 169.]

### C. Good Cause Exists and Defendants Will Not Be Prejudiced by Opening Discovery Prior to the Rule 26(f) Conference

Good cause exists for opening discovery relating to Amisil's non-fraud state law claims under Rule 26(d) prior to the parties' conference. This court held that in evaluating a request for discovery prior to a Rule 26(f) conference of the parties "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am.*, 208 F.R.D. 273 (N.D. Cal. 2002, Chen, J.). In the present case expedited discovery will allow Amisil to determine the value of its interest in Clarium, which neither party disputes Amisil maintains. Moreover, Clarium's purported right to arbitrate this claim will not be prejudiced by permitting expedited discovery prior to the deadline for conducting the Rule 26(f) conference.

#### 1. Permitting Expedited Discovery Will Benefit the Administration of Justice

Defendants' refusal to proceed with the Rule 26(f) conference until the deadline approaches severely hampers the administration of justice in this case. As this Court noted in *Semitool* "[s]uch a result is inconsistent not only with Rule 26(d), which requires the Court to consider . . . 'the interests of justice,' but also the overarching mandate of Rule 1 which requires that the Rules 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Id.* at 276 (holding that a moving party need only show good cause as opposed to irreparable injury). Opening discovery as an alternative to requiring the parties to meet and confer immediately will benefit the administration of justice by giving the parties a basis for better understanding their respective legal rights and obligations now, without the lost time and expense associated with waiting beyond February of next year. *Id.* (finding good cause where denying expedited discovery would "slow[] the entire litigation" while allowing "expedited discovery [would] ultimately conserve party and court resources and expedite the litigation.").

### D. Discovery Should Be Allowed Now Because the Benefit to the Administration of Justice Outweighs Any Purported Prejudice to Defendants

In determining whether good cause exists, "[t]he Court weighs [the] benefit to the administration of justice against the possible prejudice or hardship placed on the Defendants." *Id.* As an initial matter there can be no prejudice to defendants if Amisil pursues discovery from **third parties** in support of its non-fraud state law claims.

In addition, defendants will suffer no unusual burden or hardship by being required to produce **financial records** such as those listed in Section 6.9 of Clarium's Operating Agreement (Compl., Ex. B) – i.e., financial statements and copies of year-end tax filings. These are records maintained in the regular course of business and should be readily available in Clarium's files and require no extraction or compilation. Defendants certainly cannot claim that they did not have notice that these materials would be requested, because eight months ago Amisil made its first request for Clarium's financial records as was its right under the Operating Agreement between the parties. *See Semitool*, 208 F.R.D. at 276-77 (finding no prejudice where plaintiff had sought the requested information for over a year and there were pre-litigation disclosure requests as well as extensive discussions regarding the requests). Moreover, there is no question that these documents are relevant to Amisil's claims, nor is there any question that they would be produced in the normal course of discovery, regardless of whether it is conducted in the judicial or arbitral forum. *See id.* (finding no prejudice where there was no question regarding the relevance of the material requested). In addition, defendants will have to produce these materials regardless of the outcome of their pending defensive motions.

Moreover, permitting discovery after hearing this motion will not prejudice defendants' purported right to arbitrate this matter. Any assertion of this kind will likely be moot as defendants' Motion to Compel Arbitration is set to be heard and will likely be decided before any discovery requests will be issued. Furthermore, Amisil does not intend to and could not claim that defendants have waived their right to arbitration by participating in discovery. Amisil cannot claim any prejudice by commencing with discovery immediately as required by waiver rules. *See Fisher v. A.G. Becker Paribas Incorporation*, 791 F.2d 691, 694 (9th Cir. 1986). On the contrary, it is Amisil

that has been prejudiced by defendants' intransigence in producing the requested materials. More importantly, the requested materials will be produced regardless of whether the parties are required to arbitrate the claims or continue to proceed in this litigation. There is again simply no reason to delay Amisil's access to materials that will ultimately frame the course of this case. Given the benefits to the administration of justice, there is no reason that particularized discovery concerning Amisil's accounting and other non-fraud state law claims should not commence immediately.

### E.  Alternatively, Good Cause Exists for Compelling Defendants to Meet and Confer Under Rule 26(f) Immediately

Defendants have violated the letter and spirit of Federal Rule of Civil Procedure 26(f) by refusing to engage in the meet and confer even though they were prepared to do so on November 7th, and further by refusing to state if and when they would be willing to do so prior to February next year, when the case will have been pending for nearly six months. Rule 26(f) mandates a Conference of Parties "**as soon as practicable** and in any event at least 21 days before a scheduling conference is held . . . ." (emphasis added). The purpose of the meeting is to discuss the basis for the parties' claims and defenses and possibilities for a prompt settlement or resolution of the case, to make or arrange for Rule 26 disclosures, and to develop a proposed discovery plan. *Id.*

Rule 26(f) is self-executing. The existence of a deadline to comply with the mandate in Rule 26(f) is by no means a directive to wait until that time. The parties are expected not to delay compliance with Rule 26:

> [T]he court expects counsel for the parties to insure that [Rule 26(a) and Rule 26(f)] are followed. Both of these recent amendments to the Federal Rules of Civil Procedure were prompted in response to the Civil Justice Reform Act of 1990, and a major purpose of these provisions is to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information. The Advisory Committee Notes accompanying the 1993 amendments direct that the rule should be applied in a manner to achieve those objectives. These measures were intended to minimize the cost and the delay incidental to federal litigation and to promote the basic purpose of the Federal Rules of Civil Procedure — 'the just, speedy, and inexpensive determination of every action.' [*Seaton v. Seaton*, 1997 U.S. Dist. LEXIS 12560, *11-12 (D. Tenn. Mar. 11, 1997) (citations omitted)]

The parties' communications prior to the continuance of the Initial Case Management Conference demonstrate that as of October 30, 2006, both sides were prepared to proceed with the

meet and confer on November 7, 2006, and that the conference was "practicable" on that date. Despite this agreement, defendants cancelled the meeting upon being notified that the Initial Case Management Conference was continued to March next year, and have subsequently refused to agree to a specific time, date, and place for conducting the meeting, claiming that there is "no reason" to proceed with the meeting "at this time." By refusing to engage in the Rule 26(f) conference, defendants are not only preventing the parties from engaging in a formal discussion regarding potential settlement or resolution of the case, but also stalling discovery for potentially as long as six months after the lawsuit was filed. This maneuver clearly contravenes the purpose of promoting the "just, speedy, and inexpensive determination" of this case. While defendants may claim that there is no need to discuss the preparation of the Joint Case Management so far in advance, that is only one purpose of the Rule 26(f) meeting. There is simply no justification for defendants' refusal to meet and confer at this time.

It should also be noted that the mere filing of defensive motions is not grounds for delaying commencement of discovery.[2] There has been no determination that any of defendants' motions has merit. Even if defendants' Motion to Compel Arbitration were to be granted, Amisil would be entitled to discovery in the arbitration forum.[3] Defendants may assert that even though the PSLRA stay on discovery does not affect the non-fraud state law claims, it is in the interest of economy and simplicity of litigation for the Court to rule upon defendants' motions to dismiss before defendants are put in a position to have to respond to **any** discovery requests. However, this would constitute

---

[2] Contrary to defendants' assertions in the Opposition to Motion to Shorten Time to Hear Motion to Compel Discovery, the Court has not expressed any view whatsoever that discovery in this case should not proceed while the Motion to Compel Arbitration, or any of defendants' other motions, is pending.

[3] Nor is there any merit to the contention that engaging in discovery prior to a ruling on the Motion to Compel Arbitration would constitute a waiver of defendants' right to arbitrate. To establish waiver a moving party must show "(1) the movant's knowledge of an existing right to compel arbitration; (2) acts inconsistent with invoking that right; and (3) prejudice to the nonmoving party." *Fisher v. A.G. Becker Paribas Incorporated*, 791 F.2d 691, 694 (9th Cir. 1986). Here it is clear that the third requirement of prejudice to Amisil cannot be met. To the contrary, Amisil seeks to go forward with discovery. Moreover, limited discovery does not constitute waiver of a right to compel arbitration. *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1413 (9th Cir. 1990). Defendants could have but have not attempted to negotiate limits to the scope of discovery pending the outcome of the arbitration motion.

"an exception to the usual practice in federal courts" of "permitting discovery to continue during the pendency of a motion to dismiss" (*Tobias Holdings*, 177 F. Supp. 2d 162 at 169) and would be "contrary to the clear letter and spirit of the newly enacted provisions of Rule 26, Federal Rules of Civil Procedure, and should not be permitted . . . ." (*Seaton*, 1997 U.S. Dist. LEXIS 12560 at *14-15).

Defendants should not be allowed to take advantage of an administrative scheduling change to further prevent Amisil from accessing financial records that will enable Amisil to obtain a proper accounting of its interest in Clarium. Defendants' unilateral attempt to obstruct the discovery process and undermine the command of Rule 1 of the Federal Rules of Civil Procedure should not be sanctioned.

## IV. CONCLUSION

For the reasons stated above, Amisil respectfully requests that the Court open discovery with respect to Amisil's non-fraud state law claims in this matter immediately, or in the alternative order the parties to meet and confer for purposes of Federal Rule of Civil Procedure 26(f) on or before December 11, 2006, or as soon thereafter as the Court deems appropriate.

DATED: November 20, 2006.

REED SMITH LLP

By  /s/
Tita K. Bell
Attorneys for Plaintiff
Amisil Holdings Ltd.