Howard Caro (SBN 202082)
Cecilia Chan (SBN 240971)
Nathaniel Spencer-Mork (SBN 226886)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268

Robert Hawk (SBN 118054)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
Phone: +1.650.324.7000
Facsimile: +1.650.324.0638

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No.: 3:06-cv-5255 MJJ EMC<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE**<br><br>Hearing date: December 20, 2006<br>Time: 10:30 a.m.<br>Courtroom: C<br>Judge: The Hon. Edward M. Chen |

Heller Ehrman LLP

**Table of Contents**

Page

I.   INTRODUCTION ........................................................................................................... 1

II.  FACTUAL AND PROCEDURAL HISTORY ............................................................. 1

III. ARGUMENT .................................................................................................................. 3

    A.    The PSLRA's Automatic Stay Bars Discovery from Proceeding ...................... 3

    B.    Amisil Has Failed to Show Good Cause to Justify Expedited
          Discovery or to Compel the Parties to Meet and Confer Now. ......................... 6

    C.    Clarium Is Entitled to Fees Under Rule 37(a)(4)(B) ......................................... 9

IV. CONCLUSION ............................................................................................................... 9

i

# Table of Authorities

## Cases

*Angell Invs., L.L.C. v. Purizer Corp.*,
    2001 U.S. Dist. LEXIS 17782 (N.D. Ill. Oct. 31, 2001) ............................................... 6

*Benbow v. Aspen Tech., Inc.*,
    2003 U.S. Dist. LEXIS 6568 (E.D. La. Apr. 11, 2003) .......................................... 4, 5

*Finab-Finaziaria Maglificio Biellese Fratelli Fila S.p.A v. Kitchen*,
    548 F. Supp. 248 (S.D. Fla. 1982) ......................................................................... 8

*In re Gilead Sciences Sec. Litig.*,
    2004 U.S. Dist. LEXIS 27309 (N.D. Cal. Nov. 22, 2004) ...................................... 4, 5

*In re Trump Hotel S'holder Derivative Litig.*,
    1997 U.S. Dist. LEXIS 11353 (S.D.N.Y. Aug. 5, 1997) ........................................... 6

*Semitool, Inc. v. Tokyo Electron America, Inc.*,
    208 F.R.D. 273 (N.D. Cal. 2002) ........................................................................ 7, 8

*SG Cowen Sec. Corp. v. U.S. Dist. Court for the Northern Dist. Of Cal.*,
    189 F.3d 909 (9th Cir. 1999) ................................................................................. 3

*Tobias Holdings, Inc. v. Bank United Corp.*,
    177 F. Supp. 2d 162 (S.D.N.Y. 2001) .................................................................. 4, 5

## Statutes

15 U.S.C. § 78u-4(b)(3)(B) ............................................................................................ 3

ii

DEFENDANTS' OPPOSITION TO MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE; CASE NO. 3:06-CV-5255 MJJ EMC

## I. INTRODUCTION

This Motion to Compel is an attempt by Amisil to circumvent federal law requiring discovery to be stayed in a case such as this one, and to disregard its own contractual agreement to arbitrate its disputes with Clarium. *First*, because Amisil chose to assert a securities fraud claim under Section 10(b) of the Securities and Exchange Act of 1934, the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA") automatically operate to stay all discovery until the resolution of Defendants' (collectively, "Clarium") now-pending motions to dismiss. In an effort to end run the PSLRA's presumptive discovery stay, Plaintiff brings this Motion seeking to force Clarium to commence discovery immediately. Because discovery relating to *all* of Amisil's claims — including the state law claims not premised on fraud allegations — overlaps with the discovery on the Section 10(b) claim, it is all barred by the PSLRA.

*Second*, independent of the application of the PSLRA stay, Amisil demonstrates no prejudice to it if discovery is allowed to progress according to the Court's case management schedule and the Federal Rules of Civil Procedure. Amisil fails to identify with particularity (or at all) any harm it will suffer if its Motion to Compel is denied. Amisil's decision to wait three months after filing its lawsuit to try to expedite discovery only underscores this lack of prejudice. By contrast, Clarium moved promptly after the filing of Amisil's Complaint to clarify whether this action even belongs in federal court — Clarium's pending Motion to Compel Arbitration — and whether Amisil had stated proper claims for relief — Clarium's pending Motions to Dismiss. Nor has Amisil demonstrated that it is even entitled to the discovery it claims to need on an expedited basis. Accelerating discovery prior to consideration of these threshold issues would not only waste the time and resources of the parties (and potentially the Court) before determination of the proper procedural and substantive posture of this action, but would *prejudice* Clarium. For all of these reasons, this Motion to Compel should be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

At the time Amisil brought this lawsuit, Clarium was attempting to resolve the

Heller Ehrman LLP

1

DEFENDANTS' OPPOSITION TO MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE; CASE NO. 3:06-CV-5255 MJJ EMC

parties' dispute under the terms of the ADR and arbitration clause of the governing Operating Agreement. Declaration of Cecilia Y. Chan ("Chan Decl.") ¶ 2. Amisil aborted this process, unilaterally and without warning, by filing this lawsuit on August 28, 2006. *Id*. The Complaint states eleven causes of action, all of which are based on the same set of underlying facts. *See generally* Compl.

In response to the filing of the Complaint, Clarium promptly moved to enforce the mandatory arbitration provision in the contract on which Amisil's claims are premised [Docket No. 12], and asked Amisil to stipulate that Defendants could respond to the Complaint after resolution of that Motion. However, Amisil refused, and Defendants were forced to file their Motions to Dismiss to protect their rights under Rule 12 of the Federal Rules of Civil Procedure. Chan Decl. ¶ 3. Hearings on the Motions to Dismiss were originally noticed for November 7, 2006.

The original Order Setting Initial Case Management Conference and ADR Deadlines [Docket No. 2] resulted in a November 7, 2006 deadline to meet and confer pursuant to Rule 26(f). On November 1, Judge Jenkins reset the hearing on the Motions to Dismiss to February 6, 2007; two days later, on November 3, the Court reset the initial Case Management Conference to March 6, 2007 [Docket Nos. 52, 53]. Under this new schedule, the deadline to meet and confer pursuant to Rule 26(f) is not until February 13, 2007, after the hearing on the Motions to Dismiss.[1] Because the Rule 26 conference deadline was continued by over three months, Clarium immediately informed Amisil that it was not necessary or appropriate to confer about Rule 26 matters on November 7. Chan Decl. ¶ 5.

Eleven days later, on November 14, counsel for Amisil contacted Defendants' counsel to propose that the Rule 26(f) conference take place following the hearing on the Motion to Compel Arbitration, then scheduled for November 29. *Id*. ¶ 7. Defendants' counsel reiterated that it was premature to conduct the Rule 26 conference in light of the

---

[1] Presumably, this new schedule reflects the Court's acknowledgment that arbitrability is a threshold issue that should be decided first. Indeed, if the Motion to Compel Arbitration is granted, all further proceedings in this Court should be stayed.

Heller Ehrman LLP

2

DEFENDANTS' OPPOSITION TO MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE; CASE NO. 3:06-CV-5255 MJJ EMC

new deadline and asked whether there were specific issues that Amisil needed to discuss. *Id*. In response, Amisil articulated for the first time that it sought to conduct the Rule 26 conference so that it may proceed immediately with discovery. *Id*. ¶ 8. Amisil's counsel further announced that if Clarium did not agree, Amisil would file this Motion to Compel. *Id*. Less than twenty-four hours after that conversation, on November 15, Defendants' counsel faxed a letter to Amisil's counsel, declining to accede to Amisil's demands, and explaining that, among other things, the threatened Motion to Compel would be inconsistent with the PSLRA stay. *Id*. ¶ 9 & Ex. A.[2]

## III. ARGUMENT

### A. The PSLRA's Automatic Stay Bars Discovery from Proceeding.

The PSLRA provides that "[i]n any private action arising under this title, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). Despite the fact that it has brought claims under federal securities laws and that Clarium has moved to dismiss those claims, and even though Amisil has not moved to lift the automatic stay,[3] Amisil nonetheless contends that it is entitled to discovery on the non-fraud state law claims. Contrary to Amisil's assertion that the PSLRA stay is inapplicable to those claims, the plain language of the PSLRA and the congressional intent in enacting that statute make clear that discovery on *any* of Amisil's claims is automatically stayed

---

[2] Amisil disingenuously asserts that Defendants "suddenly forwarded" the position that any discovery is subject to the PSLRA automatic stay, and that Defendants "finally offered a legal basis for their unreasonable position." Motion to Compel at 2, 3-4. Clarium first noted the existence of the PSLRA discovery stay on November 15 because Defendants only learned on November 14 that Amisil's anxiousness to meet and confer three months ahead of the deadline was based on a desire to commence immediate discovery. In any event, Amisil's insinuation that it was Clarium's responsibility to inform Amisil — which knowingly filed a complaint that included a claim that triggered the discovery stay — is baseless.

[3] Because Amisil has not moved to lift the presumptive, automatic stay imposed by the PSLRA, Defendants do not specifically address in this opposition Amisil's inability to demonstrate the "exceptional circumstances" required to lift the stay. *SG Cowen Sec. Corp. v. U.S. Dist. Court for the Northern Dist. Of Cal.*, 189 F.3d 909, 913 (9th Cir. 1999). Amisil, however, has failed to make — or even try to make — any such showing.

Heller
Ehrman LLP

3

during the pendency of Clarium's Motions to Dismiss.

Because Amisil has made no showing that the discovery it seeks in connection with its state law-based claims differs in any respect from discovery clearly barred by the PSLRA, allowing discovery would contravene the clear language of the PSLRA and ignore congressional intent. Amisil relies almost exclusively on an out-of-circuit district court case, *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162 (S.D.N.Y. 2001), for its assertion that discovery on the non-fraud state claims should be allowed to proceed notwithstanding the PSLRA's automatic stay. Motion to Compel at 4-5. The *Tobias Holdings* court's justification that the state claims were "legally cognizable" claims separate from the plaintiff's securities claims, however, has gained only very limited, qualified acceptance. Many courts, including this one, have pointed out that the relevant consideration is not whether there are "separate and distinct claims," as Amisil contends (Motion to Compel at 5), but whether plaintiffs seek separate and distinct *discovery*. *See, e.g., In re Gilead Sciences Sec. Litig.*, 2004 U.S. Dist. LEXIS 27309 (N.D. Cal. Nov. 22, 2004); *Benbow v. Aspen Tech., Inc.*, 2003 U.S. Dist. LEXIS 6568 (E.D. La. Apr. 11, 2003).

In *Gilead*, for example, Judge Jenkins criticized the *Tobias Holdings* decision, noting that "[t]he court failed to consider how parallel state actions, even those involving non-fraud claims, could result in discovery that would assist the federal plaintiffs in meeting the heightened pleading standard under the PSLRA." 2004 U.S. Dist. LEXIS. 27309, at *13. The court was more concerned with preserving the PSLRA's purpose by preventing a de facto circumvention of the stay provision than with semantic distinctions between claims. Indeed, Judge Jenkins wondered at the *Tobias Holdings* court's lack of concern for "the fact that the discovery for the plaintiff's breach of contract and tortious interference claims overlapped with discovery for the federal securities claim."[4] *Id.* at *13 n.5 (citing *Tobias*

---

[4] Though the question in *Gilead* was whether discovery in a parallel state action could be stayed by the federal court under the Securities Litigation Uniform Standards Act of 1998, the Court addressed the very issues involved here. The primary consideration in *Gilead* was whether failing to stay discovery related to the state claims (whether they be brought in state or federal court) would, due to overlapping discovery, lead to the very result that Congress sought to prevent by passing the PSLRA.

Heller Ehrman LLP

4

DEFENDANTS' OPPOSITION TO MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE; CASE NO. 3:06-CV-5255 MJJ EMC

*Holdings*, 177 F. Supp. 2d at 165 n.3). Courts in other jurisdictions have been equally troubled by the legal reasoning of the *Tobias Holdings* decision. The *Benbow* court noted that, even assuming that the rationale underpinning *Tobias Holdings* were valid, lifting the stay is improper: "It is clear that plaintiffs' claims, state and federal, arise from precisely the same factual circumstances, and therefore require the same discovery generally." 2003 U.S. Dist. LEXIS 6568, at *17. "Thus," the court continued, "lifting the stay as to the … State claims would be tantamount to lifting the stay as to the federal securities claim." *Id*.

Amisil's arguments also fail because of its strained and baseless attempts to portray its Rule 10b-5 claim as "unique" from its other claims. Motion to Compel at 5. As an initial matter, all of Amisil's claims arise from the same set of underlying facts. *See* Compl. ¶¶ 1-50. Indeed, far from being wholly distinct, Amisil's federal securities and non-fraud state claims recycle the same language to make the same demands. *See, e.g.*, *id*. ¶¶ 54, 62, 80, 95, 104. For instance, all claims raise questions about whether Clarium improperly failed to furnish Amisil financial information or allow Amisil access to books and records. *Compare, e.g., id*. ¶¶ 54, 55(b) (Section 10(b) claim) *with* ¶ 95 (breach of contract claim).

More importantly, Amisil's focus on the few ways in which the particulars of its claims arguably differ from one another cannot distract from the fact that relevant discovery for all of the claims overlaps. As discussed above, the pertinent analysis is whether the *discovery* between the state and federal claims overlaps, 2004 *Gilead*, U.S. Dist. LEXIS. 27309, at *13 n.5, not whether there are separate and distinct *claims*. The evidence and information relevant to both the state and federal claims in Amisil's Complaint overlap completely. Amisil does not assert otherwise. In sum, Amisil may not use its state claims as a back door to commence discovery that the PSLRA stay expressly bars at the front.

Nor may Amisil escape the PSLRA's requirements by pointing to different jurisdictional grounds for its federal versus its state claims — *i.e.*, by arguing that its state law claims could have been heard on the "independent basis" of diversity jurisdiction. Independent jurisdictional grounds do not make for independent discovery, as explained by

Heller Ehrman LLP

5

the court in *Angell Investments, L.L.C. v. Purizer Corporation*, 2001 U.S. Dist. LEXIS 17782, *6-*7 (N.D. Ill. Oct. 31, 2001), a case involving a parallel state claim of negligent misrepresentation:

> Regardless of whether federal jurisdiction over these claims could also be grounded in diversity of citizenship, the negligent misrepresentation claim is related closely enough to the federal securities law claims that it appears that the discovery sought on the negligent misrepresentation claim would be precisely the same as what plaintiffs would seek on the securities violations claims absent the discovery stay. Allowing plaintiffs to conduct discovery on the negligent misrepresentation claim now despite the stay would be an improper end run around the PSLRA.

As the *Angell Investments* court recognized, granting the relief Amisil requests would enervate the PSLRA and ignore its intent. *See also In re Trump Hotel S'holder Derivative Litig.*, 1997 U.S. Dist. LEXIS 11353, *5 (S.D.N.Y. Aug. 5, 1997) ("[t]here is simply nothing in either the text or the legislative history of the PSLRA that suggests that Congress intended to except federal securities actions in which there happens to be both diversity of citizenship and pendent state law claims").

In short, Amisil chose to allege a claim under the federal securities laws, and should not be permitted to avoid the consequences of that decision. Amisil leans on *Tobias Holdings* for the proposition that it "should not be penalized" for bringing its state claims alongside its federal securities action. Motion to Compel at 5. In *Trump Hotel*, the court rejected just such an argument: "Having chosen to invoke Section 14 of the Exchange Act, plaintiffs are necessarily subject to the PSLRA." 1997 U.S. Dist. LEXIS 11353, at *5. Strategic choices — such as invoking the federal securities law — have consequences. It is only fair that Amisil play by the rules that its strategic choices prescribe; the PSLRA's automatic stay applies to all claims here.

**B.  Amisil Has Failed to Show Good Cause to Justify Expedited Discovery or to Compel the Parties to Meet and Confer Now.**

Even if the PSLRA's automatic stay were not applicable to Amisil's non-fraud state law claims — which it is — Amisil has come nowhere close to meeting the good cause standard necessary to justify expediting the discovery schedule mandated by the Court's case management order and the Federal Rules of Civil Procedure. In determining whether a

Heller Ehrman LLP

6

case warrants expedited discovery, the moving party must show "good cause." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause" exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id*.

Rather than meeting this "good cause" standard, Amisil merely offers conclusory, unsupported assertions of prejudice. For instance, it cites three times to the directive of Rule 1 that the Federal Rules be construed and administered "to secure the just, speedy, and inexpensive determination of every action." Motion to Compel at 6, 8, 9. Invocation of Rule 1 is, of course, not a showing of prejudice and says nothing in itself about what is the most just, speedy, or inexpensive manner to proceed here. Likewise, Amisil cannot carry its burden with conclusory protestations that it "has been prejudiced by defendants' intransigence in producing the requested materials," without specifying the nature of the prejudice. Motion to Compel at 8-9. And, Amisil provides no credible evidence of prejudice or need by merely asserting that opening discovery immediately will benefit the administration of justice "by giving the parties a basis for better understanding their respective legal rights and obligations now…." Motion to Compel at 6. Amisil never substantiates any timing sensitivity for discovery — let alone any imperative to proceed before this coming February. To the contrary, commencing discovery prior to any determination of this case's posture going forward (*i.e.*, whether the case will be arbitrated and/or which, if any, of Amisil's claims will survive) serves only to waste the time and resources of both the parties and the Court.

Indeed, Amisil suffers no harm by allowing this case to proceed on schedule set by the Federal Rules and this Court. If the Motion to Compel Arbitration is granted, then the manner and timing of discovery will be determined by the arbitrator and go forward in that forum under the arbitrator's rules.[5] Otherwise, appropriate discovery will proceed in an

---

[5] If what Amisil really wanted was expedited discovery, it could have proceeded straight to arbitration — as the contract between the parties clearly requires — and availed itself of that system's expedited discovery procedures. (Indeed, Amisil argues that Clarium will be required to produce the same materials regardless of the outcome of its Motion to

*(Footnote Continued)*

7

orderly manner following determination of Clarium's Motions to Dismiss, to be heard on February 6, 2007.[6]  In short, Amisil makes no showing how expedited discovery would either "conserve party and court resources," Motion to Compel at 6, or avoid any prejudice.

Amisil does not compensate for its failure to show specific prejudice or need by citing *Semitool*.  There, plaintiff sued for patent infringement, and asked for limited discovery to determine whether defendant continued to infringe on other patents *beyond those identified in the complaint*.  208 F.R.D at 274.  Because the alleged infringement was ongoing, any delay constituted additional harm to the plaintiff.  *Id*.  Expedited discovery is often contemplated in cases involving counterfeiting and other intellectual property violations, where time is truly of the essence.  *See, e.g.*, *Finab-Finaziaria Maglificio Biellese Fratelli Fila S.p.A v. Kitchen*, 548 F. Supp. 248, 250 (S.D. Fla. 1982).  No such risks are present in this case.

Contrary to Amisil's conclusory assertions that it will suffer prejudice if the relief it seeks is not granted, it will be *Clarium* that suffers prejudice if discovery commences at this time.  *First*, Amisil has not established that it is entitled to the documents it seeks.  As the Clarium defendants demonstrate in their motions to dismiss and to compel arbitration, the scope and nature of Amisil's claims is very much in dispute; the implication by Amisil that the discovery it now seeks is incontrovertibly relevant is therefore premature at best.[7] *Second*, speculation about the ease with which documents can be collected understates the burden of document collection and production.  Motion to Compel at 7.  The documents Amisil seeks are, as a result of Amisil's delay in commencing this litigation, up to eight

---

Compel Arbitration. Motion to Compel at 8.)  By filing this lawsuit instead, Amisil chose its forum and the applicable rules of discovery.

[6] The deadline for the Rule 26(f) conference is February 13, 2007, one week after the hearing for the Motions to Dismiss.

[7] For example, Amisil argues that "neither party disputes" that Amisil "maintains" an interest in Clarium. Motion to Compel at 6.  In fact, Defendants argued in their Motions to Dismiss that Clarium properly expelled Amisil from its ownership stake in Clarium in 2006. [Docket Nos. 21, 27].  This point is very much in dispute, and it is disingenuous to assert that Amisil is necessarily entitled to receive documents as a result of its asserted ownership interest in Clarium.

Heller Ehrman LLP

8

DEFENDANTS' OPPOSITION TO MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE; CASE NO. 3:06-CV-5255 MJJ EMC

years old and early production of them would represent a considerable burden.  Chan Decl. ¶ 10.  Forcing Clarium to engage in this exercise to produce documents that may ultimately be determined to be irrelevant to the claims in this lawsuit would be costly and onerous.

Accordingly, Amisil's Motion to Compel should be denied in its entirety.

### C. Clarium Is Entitled to Fees Under Rule 37(a)(4)(B).

Under Rule 37(a)(4)(B), if a motion to compel is denied, the Court may require the moving party or filing attorney or both to pay reasonable expenses incurred in opposing the motion, including attorney's fees.  Indeed, prior to filing this Motion to Compel, Amisil was advised by Clarium's counsel that because Amisil offered no explanation why the automatic stay imposed by the PSLRA should be lifted, Clarium would seek expenses under Rule 37.  Chan Decl. ¶ 9 & Ex. A.  Amisil nonetheless chose to proceed with this unfounded motion, and Clarium therefore asks the Court to require Amisil to pay Clarium's expenses, including attorney's fees, incurred in opposing this Motion to Compel.

## IV. CONCLUSION

For the reasons discussed above, Clarium respectfully requests that Amisil's Motion to Compel be denied.

December 6, 2006                    Respectfully submitted,

HELLER EHRMAN LLP


By   */s/ Howard S. Caro*
        Howard S. Caro

Attorneys for Defendants

CLARIUM CAPITAL MANAGEMENT, PETER THIEL, JASON PORTNOY, AND MARK WOOLWAY

Heller Ehrman LLP

9

DEFENDANTS' OPPOSITION TO MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE; CASE NO. 3:06-CV-5255 MJJ EMC