```
 1  Howard Caro (SBN 202082)
    Cecilia Chan (SBN 240971)
 2  Nathaniel Spencer-Mork (SBN 226886)
    HELLER EHRMAN LLP
 3  333 Bush Street
    San Francisco, CA  94104-2878
 4  Telephone: +1.415.772.6000
    Facsimile: +1.415.772.6268
 5
    Robert Hawk (SBN 118054)
 6  HELLER EHRMAN LLP
    275 Middlefield Road
 7  Menlo Park, CA 94025-3506
    Phone: +1.650.324.7000
 8  Facsimile: +1.650.324.0638
 9  Attorneys for Defendants
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus Corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC, et al.,<br><br>            Defendants. | Case No.: 3:06-cv-5255 MJJ EMC<br><br>**DECLARATION OF CECILIA Y. CHAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE**<br><br>Hearing date:  December 20, 2006<br>Time:  10:30 a.m.<br>Courtroom:  C<br>Judge:  The Hon. Edward M. Chen |

Heller Ehrman LLP

DEFENDANTS' OPPOSITION TO MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVE RULE 26(F) CONFERENCE; CASE NO. 3:06-CV-5255 MJJ EMC

I, Cecilia Y. Chan, hereby declare:

1. I am an attorney with the law firm of Heller Ehrman LLP, counsel to defendants Clarium Capital Management, LLC, Peter Thiel, Jason Portnoy, and Mark Woolway (collectively, "Defendants" or "Clarium") in the above-captioned action. I am a member of the State Bar of California and am admitted to practice before this Court. I submit this declaration in support of Defendants' Opposition to Plaintiff's Motion to Motion to Compel Expedited Discovery or Alternatively Rule 26(f) Conference ("Motion to Compel"). Unless otherwise indicated, I have personal knowledge of the matters set forth herein, and, if called upon to do so, could testify competently to their truth.

2. I learned from my colleague, Howard S. Caro, and from Clarium's General Counsel that plaintiff Amisil Holdings, Ltd. ("Amisil") filed this lawsuit on August 28, 2006, while the parties were involved in discussions attempting to resolve their dispute under the terms of the ADR and arbitration clause of the governing Operating Agreement.

3. On September 8, 2006, I contacted Tita Bell, counsel to Amisil, by telephone to inquire whether, if Amisil did not agree to arbitration, Amisil would be willing to stipulate to an extension of time for Defendants to respond to the Complaint until after the resolution of the Motion to Compel Arbitration. Amisil refused to agree to such an extension of time unless Clarium agreed to grant Amisil access to Clarium's books and records.

4. Based on the original deadlines set in the Court's August 28, 2006 Scheduling Order [Docket No. 2], Clarium agreed to meet and confer pursuant to Rule 26(f) on November 7, 2006, the deadline originally set for the Rule 26(f) conference, and immediately after the originally set hearing for the motions to dismiss.

5. Upon receiving the Court's November 3, 2006 notice continuing the initial Case Management Conference to March 6, 2007, I contacted Ms. Bell by e-mail to inform her that Defendants believed it was not necessary to confer about Rule 26 matters on November 7 in light of the new deadline for conducting the Rule 26(f) conference.

Heller Ehrman LLP

1

DEFENDANTS' OPPOSITION TO MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE; CASE NO. 3:06-CV-5255 MJJ EMC

6. Between November 3, 2006 and November 14, 2006, counsel for plaintiff did not contact me or my colleagues at Heller Ehrman regarding this action in general or the issues raised in the Motion to Compel in particular.

7. On November 14, 2006, at about 4:45 p.m., I received a telephone call from Ms. Bell. During this call, Ms. Bell asked whether Defendants would agree to meet and confer pursuant to Rule 26(f) following the scheduled hearing on Defendants' Motion to Compel Arbitration, originally set for November 29, 2006. I informed Ms. Bell that in light of the fact that the deadline to meet and confer was three months away, it was premature to meet and confer at that time. I asked Ms. Bell whether there were specific issues that she wished to address.

8. During this conversation, I learned for the first time that Amisil was seeking to conduct a Rule 26 conference so that it might begin the discovery process immediately. Ms. Bell also informed me that if Defendants did not agree to meet and confer on November 29, 2006, she would file the Motion to Compel.

9. At 4:30 p.m. the next day, November 15, 2006 (Wednesday), I sent a letter via facsimile to Ms. Bell, responding to her request, and explaining that Defendants would not agree to Amisil's demands and enumerating the reasons for declining to do so. I further advised her that Clarium would seek to recover expenses incurred by opposing Amisil's proposed Motion to Compel. Attached hereto as Exhibit A is a true and correct copy of this letter, together with the facsimile confirmation, indicating the time of the transmission.

10. I have been advised by our client, Clarium, that the documents Amisil seeks are up to eight years old and their production would represent a considerable burden.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed this 6th day of December, 2006, at San Francisco, California.

/s/ Cecilia Y. Chan
Cecilia Y. Chan

Heller Ehrman LLP

2

DEFENDANTS' OPPOSITION TO MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE; CASE NO. 3:06-CV-5255 MJJ EMC

# EXHIBIT A

# HellerEhrman LLP

November 15, 2006

Cecilia Y. Chan<br>
Cecilia.Chan@hellerehrman.com<br>
Direct +1.415.772.6665<br>
Direct Fax +1.415.772.3965<br>
Main +1.415.772.6000<br>
Fax +1.415.772.6268<br>
<br>
40859.0006

*Via Facsimile and U.S. Mail*

Tita K. Bell, Esq.
Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, California 94111-3922

**Re:** ***Amisil Holdings, Ltd. v. Clarium Capital Management, LLC***
  **United States District Court, Northern District of California**
  **Case No. 3:06-cv-5255 MJJ**

Dear Tita:

I write to respond to the request that you made yesterday evening that we agree to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) after the hearing for the motion to compel arbitration on November 29. I understand that if we do not agree to meet and confer pursuant to Rule 26(f) now, you intend to file a motion with the Court this Thursday, November 16, 2006, seeking an order requiring the parties to meet and confer under Rule 26(f), or alternatively, an order allowing expedited discovery prior to the Rule 26(f) conference. We have considered your requests and cannot agree for the reasons set forth below.

As an initial matter, by moving the Case Management Conference to March 6, 2007 and resetting the corresponding Rule 26 dates, the Court has indicated that arbitrability is a threshold issue to be decided before the parties expend resources on early Rule 26 procedures or other litigation practice. The motion to compel arbitration will be heard in less than two weeks, and with the deadline for the Rule 26(f) conference three months away, it would be wasteful and inefficient to conduct such a conference now. Rather, the parties should wait to see whether any part of this case will even remain in court following resolution of the arbitration motion. We believe the Court will agree that it makes little sense to issue an order forcing the parties to meet and confer prematurely.

With regard to the alternative relief you seek — an order allowing expedited discovery — recall that your complaint includes a Section 10(b) claim under the Securities and Exchange Act. We have moved to dismiss these claims and under the Private Securities

Heller Ehrman LLP  333 Bush Street  San Francisco, CA 94104-2878  www.hellerehrman.com

Anchorage    Beijing    Hong Kong    Los Angeles    Madison, WI    New York    San Diego    **San Francisco**    Seattle
Silicon Valley    Singapore    Washington, D.C.

HellerEhrman LLP

Tita K. Bell, Esq.
November 15, 2006
Page 2

Litigation Reform Act of 1995 ("PSLRA"), which provides that "[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B); *see also SG Cowen Sec. Corp. v. U.S. Dist. Court for Northern Dist. of Cal.*, 189 F.3d 909 (9th Cir. 1999). Thus until the Court decides the motions to dismiss, this action is subject to the automatic PSLRA stay and no discovery can go forward.[1] If you would like to discuss reasons why the PSLRA stay should not remain in place, you are free to contact us to discuss this further. Without any explanation of why the automatic PSLRA stay should be lifted, any motion for expedited discovery is frivolous and unjustified. Accordingly, pursuant to Federal Rule of Civil Procedure 37(a)(4)(B), we intend to seek expenses, including attorney's fees, incurred in opposing such motion.

Lastly, you have asked that we stipulate to have your motion heard on a shortened time basis, on November 29. As we do not believe there is any basis for your motion in light of the facts that (1) the ruling on the arbitration motion is likely to moot your requests; (2) the Rule 26(f) conference deadline is three months away; and (3) the PSLRA automatic stay bars any discovery, your request that the motion be heard on shortened time is unjustified.

Very truly yours,

Cecilia Y. Chan

cc: Bruce Gibney, Esq.

---

[1] Moreover, given that your opposition to the motion to compel arbitration discloses no reasonable basis for resisting the arbitration required by the Operating Agreement, any action by you seeking discovery in court merely constitutes your client's continuing breach of contract.

```
      TRANSMISSION VERIFICATION REPORT
```

```
                                              TIME  : 11/15/2006 16:30
                                              NAME  :
                                              FAX   :
                                              TEL   :


    DATE,TIME               11/15  16:29
    FAX NO./NAME            2096#40859#0006#3918269#
    DURATION                00:00:57
    PAGE(S)                 03
    RESULT                  OK
    MODE                    STANDARD
                            ECM
```

# HellerEhrman LLP

**Facsimile Transmittal**

333 Bush Street
San Francisco, CA 94104-2878
Main: +1.415.772.6000
Fax: +1.415.772.6268

| | | | |
|---|---|---|---|
| To: | Tita K. Bell, Reed Smith LLP | | |
| Telephone: | 415-659-5963 | Fax: | 415-391-8269 |
| From: | Cecilia Y. Chan | | |
| Telephone: | +1.415.772.6665 | | |
| Direct Fax: | +1.415.772.3965 | | |
| No. of Pages: | 3 (including cover) | | |
| Date: | November 15, 2006 | | 40859.0006 (7114) |

**Message:**

SF 1322584 v1
11/15/06 4:25 PM (40859.0006)