Howard Caro (SBN 202082)
Cecilia Chan (SBN 240971)
Nathaniel Spencer-Mork (SBN 226886)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268

Robert Hawk (SBN 118054)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
Phone: +1.650.324.7000
Facsimile: +1.650.324.0638

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus Corporation,<br><br>                              Plaintiff,<br><br>     v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC, et al.,<br><br>                              Defendants. | Case No.: 3:06-cv-5255 MJJ EMC<br><br>**APPENDIX OF UNPUBLISHED AUTHORITY IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE**<br><br>Hearing date:  December 20, 2006<br>Time:  10:30 a.m.<br>Courtroom:  C<br>Judge:  The Hon. Edward M. Chen |

Heller
Ehrman LLP

**INDEX**

TAB

**CASES**

*Angell Invs., L.L.C. v. Purizer Corp.,*
    2001 U.S. Dist. LEXIS 17782 (N.D. Ill. Oct. 31, 2001).................................. 1

*Benbow v. Aspen Tech., Inc.,*
    2003 U.S. Dist. LEXIS 6568 (E.D. La. Apr. 11, 2003) .................................. 2

*In re Gilead Sciences Secs. Litig.,*
    2004 U.S. Dist. LEXIS 27309 (N.D. Cal. Nov. 22, 2004).......................... 3

*In re Trump Hotel S'holder Derivative Litig.,*
    1997 U.S. Dist. LEXIS 11353 (S.D.N.Y. Aug. 5, 1997)............................ 4

Heller
Ehrman LLP

APPENDIX OF UNPUBLISHED AUTHORITY IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO COMPEL EXPEDITED
DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE
CASE NO.: C 06 5255 MJJ

# TAB 1

LEXSEE

ANGELL INVESTMENTS, L.L.C., an Illinois limited liability company, et al., Plaintiffs, v. PURIZER CORPORATION, a Nevada corporation, and BATTELLE MEMORIAL INSTITUTE, an Ohio not-for-profit corporation, Defendants.

01 C 6359

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2001 U.S. Dist. LEXIS 17782

October 29, 2001, Decided
October 31, 2001, Docketed

**DISPOSITION:** [*1] Motion to stay discovery was granted. Motion for reconsideration of the September 13, 2001 order was denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs alleged federal securities violations by defendants corporations one and two, and common law fraud and negligent misrepresentation by corporation one. Corporation one moved to dismiss, which the court was to rule on later. The court granted plaintiffs leave to commence discovery, and corporation one sought stay of discovery pending the ruling on the motion to dismiss pursuant to the Private Securities Litigation Reform Act (PSLRA).

**OVERVIEW:** The PSLRA provided that all discovery and other proceedings were stayed during the pendency of any motion to dismiss. 15 U.S.C.S. § 78u-4(b)(3)(B). Plaintiffs argued that they were unduly prejudiced if discovery were stayed here while corporation two was allowed to conduct discovery in a related case, and that the PSLRA's discovery stay did not apply to the negligent misrepresentation claim. Neither argument was persuasive. In the related case, corporation one brought suit against corporation two. Because that case did not contain any claims of violations of federal securities laws, the PSLRA's discovery stay did not apply, thus staying discovery pending ruling on the motion to dismiss did not unduly prejudice plaintiffs. The negligent misrepresentation claim was related closely enough to the federal securities law claims that it appeared that the discovery sought on the claim was the same as what plaintiffs sought on the securities violations claims absent the discovery stay. Allowing plaintiffs to conduct discovery on

the negligent misrepresentation claim despite the stay was an improper end run around the PSLRA.

**OUTCOME:** Corporation one's motion to stay discovery was granted.

**CORE TERMS:** discovery, state law, federal securities, negligent misrepresentation claim, diversity of citizenship, motion to dismiss, common law fraud, motion to stay, unduly, federal jurisdiction, negligent misrepresentation, federal securities law, conduct discovery, undue prejudice, common law, particularized, pendency, commence, pendent, breach of contract, reconsideration, moot

**LexisNexis(R) Headnotes**

*Securities Law > Liability > Private Securities Litigation > General Overview*
[HN1] See 15 U.S.C.S. § 78u-4(b)(3)(B).

*Civil Procedure > Jurisdiction > Diversity Jurisdiction > General Overview*
*Securities Law > Liability > Private Securities Litigation > Stays of Discovery*
[HN2] State law claims that are distinct from federal securities claims -- such as would be expected to be found where the basis of jurisdiction over the state law claims relies solely on diversity of citizenship -- are not subject to the discovery stay of the Private Securities Litigation Reform Act.

**COUNSEL:** For ANGELL INVESTMENTS L.L.C., BEEDIE, MICHAEL CARUSILLO, WILLIAM A

CASTELLANO, CB & JM CONSTRUCTION, PTY, LTD., CCF PARTNERS II, LLC, COMMODORE CAPITAL MANAGEMENT, L.L.C., MICHAEL CORBAT, SALVATORE A CRAPAROTTA, MICHAEL - DOBBINS, DEBORAH DOBBINS, plaintiffs: Roger L. Longtin, Stephen Lawrence Agin, Piper, Marbury, Rudnick & Wolfe, Chicago, IL.

**JUDGES:** George W. Lindberg, Senior U.S. District Judge.

**OPINION BY:** George W. Lindberg

**OPINION:**

### MEMORANDUM OPINION AND ORDER

Plaintiffs' amended complaint alleges violations of section 10(b) of the Securities and Exchange Act of 1934, see 15 U.S.C. § 78j(b), and Rule 10b-5, see 17 C.F.R. § 240.10b-5, by both defendants Battelle Memorial Institute ("Battelle") and Purizer Corporation ("Purizer"). The amended complaint also alleges common law fraud and negligent misrepresentation by defendant Battelle. Battelle has moved to dismiss the amended complaint; this court will rule on that motion on or before December 5, 2001. This court previously [*2] granted plaintiffs leave to commence discovery, and Battelle now seeks a stay of discovery pending the issuance of a ruling on the motion to dismiss pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B). n1 For the reasons stated below, Battelle's motion to stay discovery is granted.

> n1 Battelle had previously filed a motion for reconsideration of this court's order granting plaintiffs leave to commence discovery. That motion is denied as moot.

[HN1] The PSLRA provides, in pertinent part, that "in any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless...particularized discovery is necessary to preserve evidence or to prevent undue prejudice..." 15 U.S.C. § 78u-4(b)(3)(B). Plaintiffs argue that they would be unduly prejudiced if discovery were stayed here while Purizer is allowed to conduct discovery in a related case, and that in [*3] any event the PSLRA's discovery stay does not apply to the negligent misrepresentation claim. Neither argument is persuasive.

In case number 01 C 6360, which is being reassigned to this court's docket as a related case, Purizer has brought suit against Battelle on claims of common law

fraud, negligent misrepresentation, breach of contract, and unjust enrichment. Because that case does not contain any claims of violations of federal securities laws, the PSLRA's discovery stay does not apply. Plaintiffs characterize this situation as prejudicial to them, but fail to explain how Purizer's head start of approximately one month would harm them, or describe what particularized discovery would be necessary to prevent the undue prejudice that they allege. Accordingly, the court finds that staying discovery pending its ruling on the motion to dismiss will not unduly prejudice plaintiffs.

Plaintiffs also maintain that even if the PSLRA's discovery stay applies to their claims of federal securities law violations and common law fraud, n2 it does not apply to their negligent misrepresentation claim. In support of this argument, plaintiffs cite Tobias Holdings, Inc. v. Bank United Corp., 177 F. Supp. 2d 162, 2001 U.S. Dist. LEXIS 11811, 2001 WL 921168 (S.D.N.Y. 2001). [*4] In Tobias Holdings, the District Court for the Southern District of New York considered the application of the PSLRA's discovery stay in a federal securities fraud case which also contained state law claims of fraud, breach of contract, conspiracy, and tortious interference with contract. Id. at *1. Although the state law claims arose from the same set of facts as the federal securities claims, the court described the state claims as "separate and distinct" from the federal claims and noted that they did not "mirror the federal securities claims." Id. at *2, 4. Federal jurisdiction over the state claims was based on diversity of citizenship. Id. at *1. Noting that "the availability of a single forum to hear both federal and state claims should not be diminished by an unduly broad application of a statute which itself is an exception" to the usual practice of allowing discovery to continue despite the pendency of a motion to dismiss, the court held that the PSLRA does not prohibit discovery on non-fraud state law claims brought under diversity jurisdiction. Id. at *4.

> n2 Plaintiffs appear to concede that the PSLRA's discovery stay would extend to a non-federal fraud claim.

[*5]

Plaintiffs' reliance on Tobias Holdings is misplaced. Contrary to plaintiffs' view, Tobias Holdings does not stand for the proposition that if the basis of federal jurisdiction over state law claims could be found in diversity of citizenship, even where the state claims are closely tied to the federal claims, the PSLRA's discovery stay does not apply. Rather, it stands for the proposition that [HN2] state law claims that are distinct from the federal securities claims -- such as would be expected to be

found where the basis of jurisdiction over the state law claims relies solely on diversity of citizenship -- are not subject to the discovery stay.

The goal of the PSLRA's discovery stay is to prevent the unnecessary imposition of discovery costs in both money and time on defendants in securities fraud cases, given that such costs often coerce settlements by innocent parties. H.R. Conf. Rep. No. 104-369, at 31-32, 37, reprinted in 1995 U.S.C.C.A.N. 730-31, 736. This goal is not thwarted by allowing discovery to proceed on state law claims that are distinct from the securities law claims, as occurred in Tobias Holdings. However, "Congress' attempt to address [concerns of [*6] discovery abuse] would be rendered meaningless if securities plaintiffs could circumvent the stay simply by asserting pendent state law claims in federal court in conjunction with their federal law claims." SG Cowen Securities Corp. v. United States Dist. Ct., 189 F.3d 909, 913 n.1 (9th Cir. 1999).

In their amended complaint, plaintiffs characterized the basis for federal jurisdiction over the common law claims as "supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a)...as these claims are so related to the [federal securities] claims...that they form part of the same case or controversy under Article III of the United States Constitution." In their memorandum of law in opposition to Battelle's motion to stay discovery, plaintiffs now assert that the common law claims "are not truly pendent claims because diversity of citizenship is a separate and independent" jurisdictional basis. Regardless whether federal jurisdiction over these claims could also be grounded in diversity of citizenship, the negligent misrepresentation claim is related closely enough to the federal securities law claims that it appears that the discovery sought on [*7] the negligent misrepresentation claim would be precisely the same as what plaintiffs would seek on the securities violations claims absent the discovery stay. Allowing plaintiffs to conduct discovery on the negligent misrepresentation claim now despite the stay would be an improper end run around the PSLRA.

**ORDERED:** Battelle's motion to stay discovery is granted. Battelle's motion for reconsideration of this court's September 13, 2001 order is denied as moot.

ENTER:

George W. Lindberg

Senior U.S. District Judge

DATED: OCT 29 2001

# TAB 2

LEXSEE

**MICHAEL S. BENBOW, ET AL VERSUS ASPEN TECHNOLOGY, INC.**

**CIVIL ACTION NO. 02-2881 SECTION "A" (3)**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOU-ISIANA**

**2003 U.S. Dist. LEXIS 6568**

**April 11, 2003, Decided**
**April 11, 2003, Filed, Entered**

**SUBSEQUENT HISTORY:** Motion granted by, in part, Motion denied by, in part, Dismissed by, in part Benbow v. Aspen Tech., Inc., 2003 U.S. Dist. LEXIS 10572 (E.D. La., June 6, 2003)

**DISPOSITION:** [*1] Plaintiffs' motion to compel discovery denied since all discovery and other proceedings stayed pending resolution of defendant's motion to dismiss. Defendant's request for fees and costs denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, shareholders, sued defendant corporation in state court under federal securities law and state law. The corporation removed to federal court. It then moved to dismiss. The shareholders, knowing their federal securities claim was subject to the automatic stay of discovery provided by 15 U.S.C.S. § 78u-4(b)(3)(B), while the corporation's motion to dismiss was pending, filed a motion to compel. The corporation moved for fees and costs.

**OVERVIEW:** The shareholders argued that their state law claims were not subject to the Private Securities Litigation Reform Act of 1995 (PSLRA) provision for automatic stay, and that discovery pertinent their state law claims could proceed. But their claims, state and federal, arose from the same factual circumstances, and therefore required the same discovery generally. Thus, lifting the mandatory stay as to the state law claims was tantamount to lifting the stay as to the federal securities claim. There was nothing in the legislative history or the text of the PSLRA that suggested Congress intended to exempt federal securities actions in which there happened to be diversity of citizenship complementing the shareholders' state law claims. The shareholders failed to demonstrate that the outstanding discovery was anything other than general discovery applicable to all of their claims, as opposed to particularized discovery purposefully aimed at eliminating a problem in proof created by the automatic stay. Finally, the shareholders had not demonstrated that they would suffer any undue prejudice.

**OUTCOME:** The shareholders' motion to compel discovery was since all discovery and other proceedings were pending the resolution of the corporation's motion to dismiss. The corporation's request for fees and costs was denied.

**CORE TERMS:** discovery, state law, automatic stay, particularized, motion to dismiss, federal securities, undue prejudice, lawsuit, legislative history, class action, automatic stay provision, contemplate, exceptional circumstances, Securities Act, motion to compel discovery, necessary to preserve, stay proceedings, securities fraud, consolidation, purposefully, circumvent, effectuate, tantamount, proportion, propounded, triggered, pendency, enacting, deadline, baseless

**LexisNexis(R) Headnotes**

*Securities Law > Liability > Private Securities Litigation > General Overview*
[HN1] See 15 U.S.C.S. § 78u-4(b)(3)(B).

*Securities Law > Liability > Private Securities Litigation > General Overview*
[HN2] The 15 U.S.C.S. § 78u-4(b)(3)(B) automatic stay is clearly triggered in the circumstances, where there is (1) a private action, (2) which arises under Securities Exchange Act of 1934 ch. 2B, and (3) in which a motion to dismiss is pending.

*Civil Procedure > Class Actions > General Overview*
*Civil Procedure > Discovery > General Overview*
*Securities Law > Liability > Private Securities Litigation > General Overview*
[HN3] Under 15 U.S.C.S. § 78u-4(b)(3)(B) discovery is stayed from the filing of the complaint until the court has determined the sufficiency of the plaintiff's pleading, unless the plaintiff can establish one of the exceptions to the stay provision.

*Securities Law > Liability > Private Securities Litigation > General Overview*
[HN4] See 15 U.S.C.S. § 78u-4(b)(3)(D).

*Civil Procedure > Class Actions > Voluntary Dismissals*
*Securities Law > Liability > Private Securities Litigation > Stays of Discovery*
[HN5] Reading 15 U.S.C.S. § 78u-4(b)(3)(B) and 15 U.S.C.S. § 78u-4(b)(3)(D) in pari materia compels the conclusion that the former, contemplates a stay of all discovery and other proceedings in the federal court during the pendency of a motion to dismiss. In the case of a class action, § 78u-4(b)(3)(D) provides the contingency available for liberal use as necessary to reach out and enjoin parallel state court proceedings used to circumvent the former provision (i.e., 15 U.S.C.S. § 78u-4(b)(3)(B)'s automatic stay).

*Civil Procedure > Class Actions > General Overview*
*Governments > Legislation > Interpretation*
[HN6] It is generally presumed that Congress acts intentionally and purposefully when it includes particular language in one section of a statute but omits it in another.

*Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > Automatic Stays*
*Governments > Courts > Authority to Adjudicate*
*Securities Law > Liability > Private Securities Litigation > General Overview*
[HN7] Nothing in the language of the Private Securities Litigation Reform Act of 1995 or its legislative history supports giving more weight to the delay inherent in the automatic stay provision because a case is unusually complex. It is well-known that securities actions vary in size from small lawsuits to large consolidations and that motions to dismiss might not be resolved for many months, or years, after the initial complaint is filed. Congress could have enacted a law that considered the amount of delay and the size of the litigation when determining whether a stay of discovery should be im-

posed. But Congress did not enact such a law and it is beyond the authority of a court to rewrite the statute in order to take such policy considerations into account.

*Securities Law > Liability > Private Securities Litigation > Stays of Discovery*
[HN8] "Undue prejudice" is defined as improper or unfair treatment amounting to something less than irreparable harm. Prejudice caused by the delay inherent in the discovery stay of the Private Securities Litigation Reform Act of 1995 cannot be "undue" prejudice because it is prejudice which is neither improper nor unfair. Undue prejudice has been found where the defendants might be shielded from liability in the absence of the requested discovery. Even if exceptional circumstances exist, the movant must also show that particularized discovery is necessary to remedy a problem. General requests to open all discovery do not satisfy this burden.

COUNSEL: For MICHAEL S BENBOW, JAMES B BASSICH, ROBERT W PHILLPOTT, KENNETH P CALLOWAY, plaintiffs: Eugene G. Taggart, Terrence George O'Brien, Melvin I. Schwartzman, Taggart, Morton, Ogden, Staub, Rougelot, & O'Brien, LLC, New Orleans, LA.

For ASPEN TECHNOLOGY INC, defendant: Glenn Michael Farnet, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP, Baton Rouge, LA.

For ASPEN TECHNOLOGY INC, defendant: Julie Parelman Silbert, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, LLP, New Orleans, LA.

For ASPEN TECHNOLOGY INC, defendant: Justin J. Daniels, Skadden, Arps, Slate, Meagher & Flom, LLP, Boston, MA.

JUDGES: DANIEL E. KNOWLES, III, UNITED STATES MAGISTRATE JUDGE.

OPINION BY: DANIEL E. KNOWLES, III

OPINION:

## MEMORANDUM RULING

Plaintiffs' Motion to Compel Discovery (Rec. Doc. No. 23) came on for hearing before the undersigned on Wednesday, April 9, 2003. Defendant Aspen Technology, Inc. ("Aspen") filed formal opposition to which the defendant filed a formal reply. Having [*2] considered the memoranda, the argument of counsel and the applicable law, the Court denies the plaintiffs' motion to compel for the following reasons.

## BACKGROUND

Initially, plaintiffs filed suit in state court against Aspen pursuant to Federal securities law and state law, claiming that it lured the plaintiffs into selling it a computer software company by making fraudulent misrepresentations that its securities would be immediately registered by the Securities and Exchange Commission ("SEC"), and thus, immediately marketable. Aspen removed the matter to this Court on the basis of federal question and diversity jurisdiction. The defendant filed a motion for more definite statement, n1 the Court entered a scheduling order, n2 and plaintiffs filed a Supplemental and Amended Complaint. n3 Thereafter on December 20, 2002, Aspen filed a Motion to Dismiss Plaintiffs' Supplemental and Amended Complaint premised upon lack of standing, failure to sufficiently allege scienter, and failure to sufficiently allege detrimental reliance, inter alia. n4 Aspen's motion to dismiss is presently under submission pending determination by the district judge.

[*3]

n1 See Defendant's Motion for More Definite Statement filed October 17, 2002 [Rec. Doc. No. 4]; Order dated November 20, 2002 (granting Aspen's Motion for More Definite Statement [Rec. Doc. No. 10].

n2 See Scheduling Order dated November 19, 2002 [Rec. Doc. No. 19].

n3 See Plaintiffs' Amended Complaint filed November 27, 2002 [Rec. Doc. No. 12].

n4 See Aspen's Motion and Memorandum in Support of Motion to Dismiss and Aspen's Reply filed January 31, 2003 (citing the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat. 7 and Nathenson v. Zonagen, Inc., 267 F.3d 400, 406 (5th Cir. 2001) for the proposition that Congress passed the PSLRA for the purpose of preventing the abuse of federal securities laws by private plaintiffs) [Rec. Doc. Nos. 16 and 22].

## CONTENTIONS OF THE PARTIES

Plaintiffs recognize that their claim pursuant to Federal securities laws is subject to the automatic stay of discovery provided by 15 U.S.C. § 78u-4(b)(3)(B) of the PSLRA while Aspen's Motion to Dismiss remains pending. However, plaintiffs argue that their state law claims of fraudulent/negligent misrepresentation and breach of contract are not subject to the PSLRA's provision for automatic stay, and [*4] that discovery pertinent their state law claims may proceed. Plaintiffs cite the Lapicola v. Alternative Dual Fuels, Inc., 2002 U.S. Dist. LEXIS 5941, 2002 WL 531545 (N. D. Tex April 5, 2001) (Kaplan, M.J.) and argue that they have already responded to the motion to dismiss, the matter is under submission, and thus, discovery relative to their state law claims cannot be used to defeat Aspen's motion to dismiss. Moreover, plaintiffs submit that their requests are particularized and responses are necessary to prevent undue prejudice. In support of their claim of undue prejudice, plaintiffs refer to the pretrial scheduling order which sets an expert report deadline of April 23, 2003, a discovery deadline of June 23, 2003, and an August 4, 2003 trial date.

For its part, Aspen highlights that plaintiffs' state law claims parrot their federal counterparts inasmuch as the federal and state claims arise out of precisely the same conduct. Aspen submits that the plaintiffs' lawsuit is the type of baseless litigation that Congress sought to curtail by enacting the PSLRA and that one of the legislation's procedural barriers is the "Stay of Discovery Provision." The defendant contends that this is not an [*5] exceptional case involving particularized discovery necessary to preserve evidence or to prevent undue prejudice, and thus, its motion to dismiss triggers imposition of the stay all discovery. See 15 U.S.C. § 77z-1(b)(1)and 78u-4(b)(3)(B). Aspen notes that the discovery requests propounded on December 19, 2001, prior to the filing of plaintiff's motion to dismiss, are hardly particularized, but rather contemplate the plaintiffs' state and federal claims, which arise out of a common set of facts. Aspen's position is that the plaintiffs' motion to compel discovery with regard to their state law claims is tantamount to an "end run" around the PSLRA's automatic stay provision.

## ANALYSIS

The relevant section of the PSLRA provides that:

[HN1] In any private litigation arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). [HN2] The [*6] § 78u-4(b)(3)(B) automatic stay is clearly triggered in the circumstances, where there is (1) a private action, (2) which arises under Chapter 2B of the 1934 Securities Act, and (3) in which a motion to dismiss is pending. All three requirements of the statute are met in this case, and thus, the filing of Aspen's motion to dismiss on December 20, 2002 triggered the imposition of § 78u-4(b)(3)(B)'s automatic stay.

The sole issue before the undersigned is whether *discovery at issue regarding the plaintiffs' state law claims* are stayed. The Court observes that in addition to staying *all discovery,* the quoted language of the provision clearly contemplates a stay of *other proceedings.*

In *Newby v. Enron Corporation,* 188 F. Supp. 2d 684 (S.D. Tex. 2002), Judge Rosenthal observed that:

> [HN3] Discovery is stayed from the filing of the complaint *until* the court has determined the sufficiency of the plaintiff's pleading, unless the plaintiff can establish one of the exceptions. *See* S. Rep. 104-94, at 14 (1995), *reprinted in* 1995 U.S.S.C.A.N. 679, 693 (discovery should "be permitted in securities class actions only after the court has sustained the [*7] legal sufficiency of the complaint"); *In re Carnegie Int'l Corp. Secs. Litig.,* 107 F. Supp. 2d 676, 681 (D. Md. 2000) ("Until the opportunity to test the sufficiency of the complaint has passed, the congressional intent in clear -- no discovery should commence.").

*Id.* at 709 (emphasis in original).

Indeed, the Securities Litigation Uniform Standard Act of 1998 provides, in part that:

> [HN4] [A] court may stay discovery proceedings in any private action in State court, as is necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in action subject to a stay of discovery pursuant to this paragraph.

15 U.S.C. § 78u-4(b)(3)(D). The legislative history of the above-quoted section indicates that Congress enacted § 78u-4(b)(3)(D) as a tool to be used as necessary to stay proceedings/discovery in *state court* used to circum-

vent the automatic stay provisions of the PSLRA. House Report 105-640 explains that:

> [Section 78u-4(b)(3)(D)] amends Section 27(b) of the Securities Act of 1933 to include a provision to prevent plaintiffs from circumventing the stay of discovery under the [*8] Reform Act by using State court discovery proceedings in any private action in a State court as necessary in aid of its jurisdiction, to protect or effectuate its judgments ... Because circumvention of the stay of discovery of the Reform Act is a key abuse that this litigation is designed to prevent, the Committee intends that the courts use this provision liberally, so that the preservation of the State court jurisdiction of limited individual securities fraud claims does not become a loophole through which the trial bar can engage in discovery not subject to the stay of the Reform Act.

H. R. Rep. 105-640. [HN5] Reading § 78u-4(b)(3)(B) and § 78u-4(b)(3)(D) *in pari materia* compels the conclusion that the former, contemplates a stay of all discovery and *other proceedings* in the federal court during the pendency of a motion to dismiss. In the case of a class action, § 78u-4(b)(3)(D) provides the contingency available for liberal use as necessary to reach out and enjoin parallel state court proceedings used to circumvent the former provision (*i.e.,* § 78u-4(b)(3)(B)'s automatic stay).

The Court is not persuaded by the argument that the automatic stay operates unfairly [*9] in this instance because it effectively penalizes the plaintiffs for alleging a federal securities law claim in conjunction with their state law claims. It is true that had plaintiffs chosen to forego filing a federal securities law claim and to proceed solely with their state law claims, the PSLRA, by its own terms, would not apply and there would be no automatic stay of discovery in this case. However, plaintiffs chose to invoke the Act and claim a violation of federal securities laws, and therefore, plaintiffs necessarily subject themselves to the dictates of the PSLRA.

This Court finds nothing in the text of the statute or its legislative history, that suggests that Congress intended to except federal securities actions in which there happens to be both diversity of citizenship and pendent state law claims. To the contrary, "legislative history indicates that the purpose of the PSLRA is to shield parties from baseless lawsuits and prevent plaintiffs from

filing frivolous lawsuits with the aim of conducting discovery with the hope of finding a sustainable claim." n5

n5 *In re CFS-Related Securities Fraud Litigation, 213 F.R.D. 435, 2003 U.S. Dist. LEXIS 2644, 2003 WL 546680 (N. D. Ok. 2003)*.

[*10]

The Court now turns to plaintiffs' argument the automatic stay provision has no application in this relatively uncomplicated lawsuit involving individual private litigation. Essentially plaintiffs contend that because this is not a consolidation of uniquely massive proportion or complex class action litigation, the PSLRA's stay provision, the purpose of which was diffuse the abuses attendant to complex federal securities litigation of class action proportion, is not applicable to the instant private litigation. Although class action litigation was one of Congress' concerns in enacting the PSLRA, the text does not support plaintiffs' interpretation. For instance, subsection 21D(a) (*i.e.*, 15 U.S.C. § 78u-4(a)) of the PSLRA is specifically limited to class actions. However, subsection 21D(b) contains no such limitation. [HN6] "It is generally presumed that Congress acts intentionally and purposefully when it includes particular language in one section of a statute but omits it in another," n6 and therefore, plaintiffs' suggestion that the automatic stay provision of subsection 21D(b) should not apply here because this case does not involve either complex or class [*11] action litigation must be rejected. Moreover, the observations of the district judge in *In re Initial Pub. Offering Sec. Litig., 236 F. Supp. 2d 286 (S. D. N. Y. 2002)* are on point, to wit:

[HN7] Nothing in the language of the PSLRA or its legislative history supports giving more weight to the delay inherent in the automatic provision because the case is unusually complex. It is well-known that securities actions vary in size from small lawsuits to large consolidations and that motions to dismiss might not be resolved for many months, or years, after the initial complaint is filed. Congress could have enacted a law that considered the amount of delay and the size of the litigation when determining whether a stay of discovery should be imposed. But Congress did not enact such a law and it is beyond the authority of this Court to rewrite the statute in order to take such policy considerations into ac-

count. See *Artuz v. Bennett, 531 U.S. 4, 10, 148 L. Ed. 2d 213, 121 S. Ct. 361 (2000)* ("Whatever merits these and other policy arguments may have, it is not the province of this Court to rewrite the statute to accommodate them.").

[*12] *In re: Initial Public Offering, 236 F. Supp. 2d at 287*.

n6 See *Peavy v. WFAA-TV, Inc., 221 F.3d 158, 169 (5th Cir. 2000) (quoting BFP v. Resolution Trust Corporation, 511 U.S. 531, 537, 128 L. Ed. 2d 556, 114 S. Ct. 1757 (1994))* (internal quotation marks omitted).

Although plaintiffs characterize their discovery requests as particularized, a review of the record reveals that the discovery was propounded prior to the filing of the defendant's Motion to Dismiss, and thus, constitutes general discovery addressing all of the plaintiffs' claims against Aspen (*i.e.*, state and federal claims). Plaintiffs' motion does not list any specific discovery items or categories of discovery that are in danger of being destroyed or that must be produced in order to prevent undue prejudice. Review of the plaintiffs' Supplemental and Amending Complaint reveals that the facts underlying the plaintiffs' state law claims similarly constitute the *res gestae* of the federal securities' [*13] law violation alleged against Aspen. Currently, the district judge is in the midst of determining the sufficiency of the core allegations of securities fraud in this case, *inter alia,* In the absence of an exception to the automatic stay provision, all discovery and other proceedings are stayed as a matter of law until the Court determines whether the plaintiffs' pleadings pass PSLRA muster. The purpose of the PSLRA is, in part, to prevent the defendant from incurring any discovery costs until there has been a judicial determination of the sufficiency of the pleadings. n7

n7 See, e.g., *In Re CFS, 2003 U.S. Dist. LEXIS 2644, [WL] at * 11*.

Addressing the exceptions to § 78u-4(b)(3)(B)'s automatic stay, the court in *Sarantakis v. Frank Dominic Gruttadauria, 2002 U.S. Dist. LEXIS 14349, 2002 WL 1803750 (N. D. Ill. August 5, 2002)* aptly characterized "undue prejudice" and "particularized discovery," as follows:

[HN8] "Undue prejudice" has been defined as "'improper or unfair treatment'

amounting to something less than irreparable [*14] harm.'" *Vacold LLC v. Cerami,* 2001 U.S. Dist. LEXIS 1589, 2001 WL 167704, at * 6 (S. D. N. Y. February 16, 2001) (quoting *Medical Imaging Ctrs. of Am., Inc. v. Lichtenstein,* 917 F. Supp. 717, 720 (S. D. Cal. 1996)). "Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair." *In re CFS,* 179 F. Supp. 2d 1260, 1265 (N. D. Okla. 2001). Undue prejudice has been found "where defendants might be shielded from liability in the absence of the requested discovery." *Vacold,* 2001 U.S. Dist. LEXIS 1589, [WL], at * 6; *see In re CFS,* 179 F. Supp. 2d at 1266-67; *see also Global Intellicom, Inc. v. Thomson Kernaghan & Co.,* 1999 U.S. Dist. LEXIS 5439, 99 CIV 342, 1999 WL 223158, at * 1-2 (S. D. N. Y. April 16, 1999) (allowing the plaintiff corporation to obtain discovery related to the defendant's efforts to take over the plaintiff, because those actions, if successful, would moot the plaintiff's lawsuit).

Even if exceptional circumstances exist, the movant must also show that particularized discovery is necessary to remedy a problem. General requests to open all discovery do [*15] not satisfy this burden.

*Sarantakis,* 2002 U.S. Dist. LEXIS 14349, [WL] at * 1-2. n8

n8 *See also In re: CFS-Related Securities Fraud Litigation,* 179 F. Supp. 2d at 1265 (Simple delay inherent in the PSLRA's discovery stay "is prejudice which has been mandated by Congress after a balancing of the various policy interests at stake in securities litigation, including the plaintiff's need to collect and preserve evidence.").

The plaintiffs in this case rely primarily on several district court cases in which the automatic stay was lifted, to wit: *Lapicola v. Alternative Dual Fuels, Inc.,* 2002 U.S. Dist. LEXIS 5941, [WL] (N. D. Tex.), *Tobias Holdings, Inc. v. Bank United Corp.,* 177 F. Supp. 2d 162 (S. D. N. Y. 2001), and *Fazio v. Lehman Bros., Inc.,*

2002 U.S. Dist. Lexis 15157 (N. D. Ohio May 16, 2002). The Court has reviewed these cases and find them unpersuasive.

Specifically, *Lapicola* is inapposite both factually and *sub judice.* The issue presented [*16] in *Lapicola* was the applicability of § 78u-4(b)(3)(D) to private individual lawsuits brought in state court. Moreover, unlike the case at bar, because the plaintiffs' state law claims pending in state court did not mirror the federal securities' claim pending in federal court, the court refused to stay proceedings in the parallel state court proceeding. *Lapicola,* 2002 U.S. Dist. LEXIS 5941, [WL] at * 1. n9

n9 *See also Newby v. Enron Corporation,* 2002 U.S. Dist. LEXIS 486 [WL] * 2-3 (S. D. Tex. May 1, 2002) (rejecting the rationale of the court in *Lapicola,* and finding the Eighth Circuit's decision in *In re Bankamerica Corporation Securities Litigation,* 263 F.3d 795.802-03 (8th Cir. 2001) to be the better reasoned approach).

Assuming *arguendo* that the rationale underpinning the holding of the *Tobias Holdings* case stands on firm ground, the decision does not support plaintiffs' argument under the circumstances of this particular case. *Tobias Holdings* stands for the proposition [*17] that § 78u-4(b)(3)(B)'s stay provision does not apply to *distinct* state law claims with their own jurisdictional basis (diversity jurisdiction). *Tobias Holdings,* 177 F. Supp. 2d at 166-67. It is apparent that, in large part, the court's decision turned upon the fact that the plaintiff's state law claims were distinct from and not merely state analogs to the plaintiff's alleged federal securities violations.

The *Fazio* case appears to be in conflict with then overwhelming majority view. Moreover, the decision ignores the clear and precise language of the statute, which requires stay of all discovery and other proceedings pending the determination of the sufficiency of the plaintiff's pleadings, permitting only particularized discovery, and then, only after a showing of exceptional circumstances.

## CONCLUSION

It is clear that plaintiffs' claims, state and federal, arise from precisely the same factual circumstances, and therefore require the same discovery generally. Thus, lifting the mandatory stay as to the closely related if not substantially similar State claims would be tantamount to lifting the stay as to the federal securities claim. There is nothing [*18] in either the legislative history or the text of the PSLRA that suggests Congress intended to exempt federal securities actions in which there happens to be diversity of citizenship complementing plaintiffs' state

law claims. Plaintiffs have failed to demonstrate that the outstanding discovery is anything other than general discovery applicable to all of their claims against Aspen, as opposed to particularized discovery purposefully aimed at eliminating a problem in proof created by the automatic stay. Finally, plaintiffs have not articulated any prejudice, aside from that which is inherent in the fact that the PSLRA imposes a stay in this case (*i.e.,* simple delay). In the absence of exceptional circumstances, plaintiffs have failed demonstrate that they will suffer any *undue* prejudice.

Accordingly and for all of the foregoing reasons, (1) plaintiffs' motion to compel discovery is DENIED since all discovery and other proceedings are STAYED pending the resolution of the defendant's Motion to Dismiss and (2) defendant's request for fees and costs is DENIED.

**IT IS SO ORDERED.**

New Orleans, Louisiana this 11 day of April, 2003.

**DANIEL E. KNOWLES, III**

**UNITED STATES    [*19]    MAGISTRATE JUDGE**

**TAB 3**

LEXSEE

**In re GILEAD SCIENCES SECURITIES LITIGATION, This Document Relates To: ALL ACTIONS**

**No. C 03-4999 MJJ**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**2004 U.S. Dist. LEXIS 27309**

**November 18, 2004, Decided**
**November 22, 2004, Filed**

**SUBSEQUENT HISTORY:** Dismissed without prejudice by In re Gilead Scis. Secs. Litig., 2005 U.S. Dist. LEXIS 3170 (N.D. Cal., Jan. 26, 2005)

**DISPOSITION:** Defendants' motion to stay discovery denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In a putative class action, plaintiffs sued defendants, a corporation and its officers, alleging they engaged in securities fraud. Discovery in the case was stayed pursuant to § 21D(b)(3)(B) of the Securities Exchange Act of 1934, found at 15 U.S.C.S. § 78u-4(b)(3)(B). Invoking § 78u-4(b)(3)(D), defendants moved for an order staying discovery in a related state court lawsuit.

**OVERVIEW:** Invoking 15 U.S.C.S. § 78u-4(b)(3)(D), defendants requested an order staying discovery in the state court action until the court had decided a pending motion to dismiss. The state plaintiffs expressed that they intended to begin discovery to amend their complaint. Looking to factors considered by other district courts faced with a similar motion, the court examined (1) whether there was a risk of the federal plaintiffs obtaining the state plaintiffs' discovery, and to what extent a confidentiality agreement and/or protective order with the defendants could minimize this risk; (2) whether the state and federal actions contained overlapping legal claims and underlying facts; and (3) the scope of discovery needed to amend the state complaint, and the burden that this discovery would impose on the defendants. Weighing those factors, a stay was not needed. The plaintiffs in the state and federal cases were not being represented by the same attorneys and did not have a sharing agreement, and confidentiality agreement, or a protective order under Cal. R. Ct. 243.1, could prevent the federal plaintiffs from obtaining and using discovery obtained in the state lawsuit.

**OUTCOME:** The court denied the motion.

**CORE TERMS:** discovery, motion to dismiss, state action, confidentiality agreement, federal securities, federal action, circumvention, non-fraud, motion to stay, amend, restrictive, heightened, sharing, staying, class action, protective order, demurrer, seal, diversity jurisdiction, unreasonable burden, overriding interest, breach of contract, public access, state law, misstatements, circumvent, writ of mandate, consolidated, deposition, objected

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > General Overview*
*Governments > Courts > Authority to Adjudicate*
*Securities Law > Liability > Private Securities Litigation > General Overview*
[HN1] The Securities Litigation Uniform Standards Act of 1998 grants federal courts the discretionary authority to order that discovery in private actions in state courts be stayed.

*Civil Procedure > Federal & State Interrelationships > General Overview*
*Civil Procedure > Discovery > General Overview*
*Securities Law > Liability > Private Securities Litigation > General Overview*
[HN2] See 15 U.S.C.S. § 78u-4(b)(3)(D).

*Governments > Courts > Authority to Adjudicate*
*Governments > Federal Government > U.S. Congress*
*Securities Law > Liability > Private Securities Litigation > Stays of Discovery*
[HN3] Through the Securities Litigation Uniform Standards Act of 1998, found in part at 15 U.S.C.S. § 78u-4(b)(3)(D), federal courts have been given the authority to prevent plaintiffs from circumventing the stay of discovery under the Private Securities Litigation Reform Act by using state court discovery, which may not be subject to those limitations, in an action filed in state court. Additionally, because circumvention of the stay of discovery in federal actions was a key abuse that the legislation was designed to prevent, courts should use this provision liberally, so that the preservation of state court jurisdiction of limited individual securities fraud claims does not become a loophole through which the trial bar can engage in discovery not subject to the stay of the Private Securities Litigation Reform Act.

*Civil Procedure > Discovery > General Overview*
*Securities Law > Liability > Private Securities Litigation > Stays of Discovery*
[HN4] The Private Securities Litigation Reform Act, which preceded the Securities Litigation Uniform Standards Act of 1998, provides for an automatic stay of discovery in federal securities actions where a defendant files a motion to dismiss a complaint. 15 U.S.C.S. § 78u-4(b)(3)(B).

*Criminal Law & Procedure > Accusatory Instruments > General Overview*
*Securities Law > Liability > Private Securities Litigation > General Overview*
*Securities Law > Liability > Securities Exchange Act of 1934 Actions > Implied Private Rights of Action > Heightened Pleading Requirements*
[HN5] In interpreting 15 U.S.C.S. § 78u-4(b)(3)(D), courts have identified two interests which the Securities Litigation Uniform Standards Act of 1998 was designed to protect: (1) to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss and (2) to avoid the situation in which a plaintiff sues without possessing the requisite information to meet the heightened pleading requirements of the Private Securities Litigation Reform Act, then uses discovery to acquire that information and resuscitate a complaint that is otherwise subject to dismissal.

*Civil Procedure > Class Actions > Class Counsel > General Overview*
*Governments > Legislation > Interpretation*

*Securities Law > Liability > Private Securities Litigation > Stays of Discovery*
[HN6] Nowhere does 15 U.S.C.S. § 78u-4 imply, let alone explicitly state, that, to obtain a stay of discovery in a related state court case, the federal defendants must show that the state plaintiffs filed the state action with the intent to circumvent the Private Securities Litigation Reform Act. Based on the text of and legislative intent behind § 78u-4(b)(3)(D), which seeks to close a loophole exploited by plaintiffs' attorneys, defendants must show that the federal court's jurisdiction to hear a securities class action will be affected if a stay of state court discovery is not granted.

*Civil Procedure > Discovery > General Overview*
*Civil Procedure > Pretrial Matters > Consolidation of Actions*
*Securities Law > Liability > Private Securities Litigation > Stays of Discovery*
[HN7] Since no federal circuit court has established a set of factors to guide a lower court's determination as to whether to grant a stay of discovery under 15 U.S.C.S. § 78u-4, the United States District Court for the Northern District of California relies on those factors addressed in relevant district court decisions: specifically, (1) whether there is a risk of the federal plaintiffs obtaining the state plaintiffs' discovery, and to what extent a confidentiality agreement and/or protective order with the defendants can minimize this risk; (2) whether the state and federal actions contain overlapping legal claims and underlying facts; and (3) the scope of discovery needed to amend the state complaint, and the burden that this discovery will impose on the defendants.

*Civil Procedure > Discovery > Protective Orders*
*Governments > Courts > Court Records*
[HN8] Cal. R. Ct. 243.1 gives state courts discretion in ordering that a record be filed under seal if certain facts are established. The state court will consider, inter alia, whether an overriding interest overcomes the right to public access, whether a substantial probability exists that this interest will be prejudiced if the record is not sealed, and whether a less restrictive means exists to achieve this interest. Cal. R. Ct. 243.1. The statute does not define "overriding interest"; thus it is solely within the province of the state court to define the scope of this term. Nevertheless, it is plausible that a state court will determine that Congress's interest in preventing the circumvention of the Private Securities Litigation Reform Act overrides the right to public access of court filed documents.

*Civil Procedure > Federal & State Interrelationships > General Overview*
*Civil Procedure > Discovery > General Overview*
*Securities Law > Liability > Private Securities Litigation > Stays of Discovery*
[HN9] A federal court may stay discovery proceedings in any private action in a state court, as necessary in aid of its jurisdiction. 15 U.S.C.S. § 78u-4(b)(3)(D). Hence, when deciding whether to impose such a stay, the focus should be on whether discovery in the state action will adversely affect a court's ability to decide a federal securities action, not whether the state claims mirror the federal claims. The underlying facts of the state and federal claims are relevant to this analysis.

**COUNSEL:** [*1] For Rick Hartman, on Behalf of Himself and all Others Similarly Situated, Plaintiff: Eric J. Belfi, Murray, Frank & Sailer LLP, New York, NY; Jack G. Fruchter, Abraham Fruchter & Twersky LLP, New York, NY; James M. Orman, Law Offices of James M. Orman, Philadelphia, PA; Robert S. Green, John W. Pilette, Robert A. Jigarjian, Green Welling LLP, San Francisco, CA; Steven G. Schulman, Milberg Weiss Bershad & Shulman LLP, New York, NY; Douglas C. McDermott, Milberg, Weiss Bershad & Schulman, LLP, Seattle, WA.

For Trent St. Clare, Plaintiff: David Jude George, Robert Jeffrey Robbins, Lerach Coughlin Stoia Geller Rudman Robbins LLP, Boca Raton, FL; Laurence D. King, Linda M. Fong, Kaplan Fox & Kilsheimer LLP, San Francisco, CA; Lori G. Feldman, Douglas C. McDermott, Milberg Weiss Bershad & Schulman LLP, Seattle, WA; David Avi Rosenfeld, Esq., Samuel H. Rudman, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Melville, NY.

For Terry Johnson, Plaintiff: Linda M. Fong, Laurence D. King, Kaplan Fox & Kilsheimer LLP, San Francisco, CA; Douglas C. McDermott, Milberg, Weiss Bershad & Schulman, LLP, Seattle, WA.

For Gilead Sciences, Inc., John C. Martin, John F. Milligan, Mark L. [*2] Perry, Norbert W. Bischofberger, Anthony Carraciolo, William A. Lee, Defendants: Grant P. Fondo, John C. Dwyer, Cooley Godward LLP, Palo Alto, CA.

For JOHN EICHLER, Movant: Michael M. Goldberg, Glancy & Binkow LLP, Los Angeles, CA.

For Trent St. Clare, Movant: Douglas C. McDermott, Milberg, Weiss Bershad & Schulman, LLP, Seattle, WA; Laurence D. King, Linda M. Fong, Kaplan Fox & Kilsheimer LLP, San Francisco, CA.

For Trent St. Clare, 3rd party defendant: Douglas C. McDermott, Milberg, Weiss Bershad & Schulman, LLP, Seattle, WA; Laurence D. King, Kaplan Fox & Kilsheimer LLP, San Francisco, CA.

For Aaron Kaufman, Mark Peng, Interested Parties: Marc M. Umeda, Robbins Umeda & Fink LLP, San Diego, CA.

**JUDGES:** MARTIN J. JENKINS, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** MARTIN J. JENKINS

**OPINION:**

### ORDER DENYING DEFENDANTS' MOTION FOR STAY OF DISCOVERY IN FACTUALLY-RELATED STATE DERIVATIVE ACTION

#### INTRODUCTION

Before the Court is Defendants Gilead Sciences, Inc., John C. Martin, John F. Milligan, Mark L. Perry, Norbert W. Bishofberger, Anthony Carraciolo, and William A. Lee's ("Defendants") Motion for Stay of Discovery in Factually-Related State Derivative Action. This motion [*3] was heard prior to Defendants' motion to dismiss Plaintiffs' Consolidated Amended Class Action Complaint. Plaintiffs oppose both motions. Additionally, the plaintiffs in the related state court action oppose the motion for stay of discovery. For the following reasons, the Court **DENIES** this motion.

#### PROCEDURAL POSTURE

On November 10, 2003, the first of seven securities class actions was filed in this Court against Defendants, consisting of Gilead Sciences, Inc. ("Gilead") and its officers. (Defendants' Motion for Stay of Discovery ("Mot.") at 5.) On April 30, 2004, Plaintiffs filed their consolidated amended complaint, alleging a class period of July 14, 2003 through October 28, 2003. (*Id.*) On June 21, 2004, Defendants filed a motion to dismiss the amended complaint. (*Id.*) Discovery has been stayed in the federal action pursuant to section 21D(b)(3)(B) of the Securities Exchange Act of 1934. 15 U.S.C. § 78u-4(b)(3)(B).

On December 16, 2003, two shareholder derivative actions were filed in the Superior Court of the State of California, County of San Mateo, against Gilead and several of its officers and its entire board of directors ("State [*4] Defendants"). (*Id.*) The state court plaintiffs ("State Plaintiffs"), represented by counsel not involved in the federal action, served interrogatories and request for production of documents on State Defendants on

January 27, 2004. State Defendants objected. (*Id.*) After State Plaintiffs amended their complaint on July 1, 2004, State Defendants demurred, which was denied by the superior court. (*Id.* at 6.) State Defendants filed a motion in the state action to stay that matter pending determination of their petition for writ of mandate to the California Court of Appeal to overturn the state court's denial of demurrer.

On June 2, 2004, State Plaintiffs served a deposition notice on Gilead seeking testimony from Gilead's person most knowledgeable as to numerous topics, including Gilead's financial results for the second quarter and third quarters of 2003 and inventory levels of Viread. (*Id.*) State Plaintiffs also seek documents relating to these same topics, as well as SEC filings, insurance coverage, the relationship between the State Defendants, and the public announcements at issue. (*Id.*) On June 11, 2004, State Defendants objected and moved for a protective order. [*5] The superior court denied this motion. (*Id.*)

On August 19, 2004, Defendants filed, in this Court, their motion for stay of discovery in the state court action "until the complaint in this federal securities class action . . . is either dismissed with prejudice or survives Defendants' motion to dismiss." (*Id.* at 1.)

When this Court heard the motion to stay discovery on November 5, 2004, the parties noted that the California Court of Appeal issued a writ of mandate to the state superior court to grant State Defendants' demurrer. On October 20, 2004, the state court granted the demurrer. Moreover, the parties expressed that a stay of discovery regarding all matters had been granted, but that this stay was lifted on October 29, 2004. State Plaintiffs expressed that they would begin discovery to amend their complaint, pending the resolution of Defendant's motion to stay discovery.

## LEGAL STANDARD

[HN1] The Securities Litigation Uniform Standards Act of 1998 ("SLUSA") grants federal courts the discretionary authority to order that discovery in private actions in state courts be stayed. In particular, the applicable provision of the SLUSA states:

[HN2] Circumvention of stay of [*6] discovery. Upon a proper showing, a court may stay discovery proceedings in any private action in a State court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this paragraph.

15 U.S.C. § 78u-4(b)(3)(D). As the relevant legislative history explains, [HN3] federal courts were given this authority "to prevent plaintiffs from circumventing the stay of discovery under the [Private Securities Litigation Reform Act] by using State court discovery, which may not be subject to those limitations, in an action filed in State Court." n1 H.R. Rep. No. 105-640 (1998). Additionally, because circumvention of the stay of discovery in federal actions was a key abuse that the legislation was designed to prevent, the United States House of Representatives Committee on Commerce intended "that courts use this provision liberally, so that the preservation of State court jurisdiction of limited individual securities fraud claims does not become a loophole through which the trial bar can engage in discovery not subject to the stay of the Reform Act." *Id.*

n1 [HN4] The Private Securities Litigation Reform Act ("PSLRA"), which preceded the SLUSA, provides for an automatic stay of discovery in federal securities actions where, as here, a defendant files a motion to dismiss a complaint. *See* 15 U.S.C. § 78u-4(b)(3)(B). Both relevant provisions of the PSLRA and the SLUSA are codified in 15 U.S.C. section 78u-4.

[*7]

[HN5] In interpreting section 78u-4(b)(3)(D), courts have identified two interests which the SLUSA was designed to protect: 1) to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss and 2) to avoid the situation in which a plaintiff sues without possessing the requisite information to meet the heightened pleading requirements of the PSLRA, then uses discovery to acquire that information and resuscitate a complaint that is otherwise subject to dismissal. *Lapicola v. Alternative Dual Fuels, Inc.*, 2002 U.S. Dist. LEXIS 5941 at *5, No. 3-02-CV-0299-G (N.D. Tex. April 5, 2002) (citation omitted).

## ANALYSIS

The Court first takes issue with State Plaintiffs' interpretation of section 78u-4(b)(3)(D): "It is clear that, for a federal court to stay discovery, defendants must make a proper showing that the State Derivative Action was filed in an attempt to circumvent the discovery stay set forth by the PSLRA." n2 [HN6] Nowhere does the statute imply, let alone explicitly state, that Defendants must show that State Plaintiffs filed the state action with the intent to circumvent the PSLRA. Based on the text of and legislative intent [*8] behind section 78u-4(b)(3)(D), which seeks to close a loophole exploited by plaintiffs' attorneys, the Court finds that Defendants must show that the Court's jurisdiction to hear a securities

class action will be affected if a stay of state court discovery is not granted.

> n2 Specially Appearing State Court Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion for Stay of Discovery in Factually-Related State Derivative Action ("State Opp.") at 3:11-14.

[HN7] Since no federal circuit court has established a set of factors to guide a lower court's determination as to whether to grant a stay of discovery, the Court relies on those factors addressed in relevant district court decisions: specifically, 1) whether there is a risk of Plaintiffs obtaining State Plaintiffs' discovery, and to what extent a confidentiality agreement and/or protective order with Defendants can minimize this risk; 2) whether the state and federal actions contain overlapping legal claims and underlying facts; and 3) [*9] the scope of discovery needed to amend the state complaint, and the burden that this discovery will impose on Defendants.

## A. Risk of Circumvention

In *In re DPL Inc., Securities Litigation*, 247 F. Supp. 2d 946 (S.D. Ohio 2003), the court recognized that it had the jurisdiction to decide whether the plaintiff's consolidated complaint set forth claims under the heightened pleading standards imposed by the PSLRA before any discovery had taken place. *Id.* at 949-950. The court granted the defendants' motion to stay discovery in the state actions because there was evidence that one attorney represented both state and federal plaintiffs, and anticipated sharing with the federal plaintiffs the discovery in the state court action. *Id.* at 950-951. The court noted that the stay would remain in effect until the court ruled on defendants' to-be-filed motion to dismiss. *Id.* at 951.

In another case cited by Defendants, the district court enjoined all discovery in the state court action because of the similarity of underlying facts and relief sought in both the state and federal actions, and because the state plaintiffs [*10] acknowledged that they were covered by the consolidated federal class action. *Newby v. Enron Corporation*, 2002 WL 1001056 at *3 (S.D. Tex. May 1, 2002); *aff'd*, 338 F.3d 467 (5th Cir. 2003). Additionally, the court noted that the state plaintiffs had already extensively undertaken discovery. The court ruled that the enjoinment would remain in effect until the court had ruled on defendants' motion to dismiss. *Id.* at *2-3.

The Court finds that there is insufficient evidence showing that Plaintiffs could obtain State Plaintiffs' discovery to warrant a stay of discovery. First, unlike the

cases relied upon by Defendants, there are separate attorneys representing each set of plaintiffs in the respective actions. (State Opp. at 7:13-15.) Moreover, there is no evidence of collusion between Plaintiffs and State Plaintiffs, nor is there a sharing agreement, as existed in *In re DPL*. On the contrary, both Defendants and State Plaintiffs acknowledge that a protective order and/or confidentiality agreement should prevent the sharing of discovery between the two actions. (State Opp. at 6-7; Mot. at 11 n.9; Joint Declaration of David J. George and Lori G. [*11] Feldman in Support of Plaintiffs' Response to Defendants' Motion for Stay of Discovery.) The Court strongly recommends, as State Plaintiffs suggest, that such agreement contain a provision requiring the parties to file any publicly available documents under seal. n3 (State Opp. 7:3-4.)

> n3 At the November 5, 2004 motion hearing, the parties noted the applicability of [HN8] California Rule of Court 243.1, which gives state courts discretion in ordering that a record be filed under seal if certain facts are established. Cal. R. Ct. 243.1. The state court will consider, inter alia, whether an overriding interest overcomes the right to public access, whether a substantial probability exists that this interest will be prejudiced if the record is not sealed, and whether a less restrictive means exists to achieve this interest. *Id.* The statute does not define "overriding interest," thus it is solely within the province of the state court to define the scope of this term. Nevertheless, it is plausible that the state court will determine that Congress's interest in preventing the circumvention of the PSLRA overrides the right to public access of court filed documents. Additionally, the Court notes that its alternative to recommending a confidentiality agreement -- staying discovery in the state court action -- is a considerably more restrictive means to achieve the interest of the SLUSA. Whether there is a means that is less restrictive than a confidentiality agreement is again, a determination made by the state court.

[*12]

## B. Overlapping Claims

The Court next considers whether the underlying facts of both the state and federal actions are similar such that discovery in the state action would assist Plaintiffs in the federal action. *See Newby*, 2002 WL 1001056 at *3. State Plaintiffs, relying on *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162 (S.D.N.Y. 2001),

argue that since the state action only alleges state law claims, whereas the federal action alleges federal securities violations, a discovery stay for the state claims is not warranted. (State Opp. at 8-9.) The Court disagrees with State Plaintiffs' reliance on *Tobias Holdings*. n4 First, that court's holding was limited to the plaintiff's federal securities claim and state common law claims brought under the district court's diversity jurisdiction. *Tobias Holdings*, 177 F. Supp. 2d at 164. Thus, the court's focus was limited to the stay provision of the PSLRA (staying discovery in federal actions), not the SLUSA (staying discovery in state actions), which is at issue before the Court. Second, the court merely speculated that federal courts would have no basis on which [*13] to stay discovery in a parallel state action involving non-fraud claims, because the non-fraud claims would not interfere with the jurisdiction of the federal court. 177 F. Supp. 2d at 168-169. The court failed to consider how parallel state actions, even those involving non-fraud claims, could result in discovery that would assist the federal plaintiffs in meeting the heightened pleading standard under the PSLRA. n5 The court likely denied the stay of discovery because there was little evidence "of the perceived abuses addressed by Congress" -- using discovery to coerce a settlement. 177 F. Supp. 2d at 165-166.

> n4 The court held that the stay provisions of the PSLRA (15 U.S.C. § 78u-4(b)(3)(B)) did not apply to state law non-fraud claims (breach of contract, conspiracy, and tortuous interference with contract) that are raised in federal court, and which are heard based on the court's diversity jurisdiction. *Tobias Holdings*, 177 F. Supp. 2d at 169.

> n5 Interestingly, the court was not concerned with the fact that the discovery for the plaintiff's breach of contract and tortious interference claims overlapped with discovery for the federal securities claims. 177 F. Supp. 2d at 165 n. 3.

[*14]

Instead, the Court reads section 78u-4(b)(3)(D) more broadly: [HN9] "a court may stay discovery proceedings in *any private action* in a State Court, as necessary in aid of its jurisdiction." 15 U.S.C. 78u-4(b)(3)(D) (emphasis added). Hence, the focus should be on whether discovery in the state action will adversely affect a court's ability to decide a federal securities action, not whether the state claims mirror the federal claims. The Court recognizes that the underlying facts of the state and federal claims are relevant to this analysis. In the case at hand, the underlying facts of both claims are the same-both claims

arise out of alleged misstatements made by Gilead and its officers. In fact, State Plaintiffs conceded in their Amended Complaint that "[t]he misstatements alleged in the class complaint are the same as those which are alleged in the instant action." (Declaration of Grant Fondo in Support of Defendants' Motion for Stay of Discovery, Ex. B at 20 n.1.) The Court notes that discovery in the state action would be relevant and useful for Plaintiffs if they were to amend their complaint. However, the Court finds that a confidentiality agreement between [*15] Defendants and State Plaintiffs, which also requires public documents to be filed under seal, will be sufficient in preventing Plaintiffs' circumvention of the PSLRA.

**C. Scope and Burden of Discovery**

Another purpose of section 78u-4(b)(3)(D) is to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss. *See Lapicola*, 2002 U.S. Dist. LEXIS 5941 at *5. As stated above, both the state and federal actions are based on the same underlying facts. The Court agrees with Defendants' assertion that compliance with State Plaintiffs' and Plaintiffs' likely duplicative discovery requests will be burdensome. n6 (*See* Mot. at 12-13.) Discovery in both actions will, at a minimum, require the depositions of Gilead's senior officers and directors. Nevertheless, the burden on Defendants to comply with the discovery requests of State Plaintiffs, who must amend their state complaint, is not so unreasonable as to warrant this Court granting a stay of discovery.

> N6 The Court disagrees with State Plaintiffs' suggestion that their sharing of copies of discovery with Plaintiffs will alleviate Defendants' burden. (*See* State Opp. at 4 n.3.)

[*16]

**CONCLUSION**

Because the risk that Plaintiffs may rely on discovery obtained by State Plaintiffs is relatively low compared with the few district court cases that have considered this issue, the Court finds that the stay of discovery in the state court proceedings is unnecessary. The Court believes that a confidentiality agreement between Defendants and State Plaintiffs will adequately prevent Plaintiffs from relying on discovery in the state action. For the foregoing reasons, Defendants' motion to stay discovery is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 18, 2004

MARTIN J. JENKINS

2004 U.S. Dist. LEXIS 27309, *

UNITED STATES DISTRICT JUDGE

**TAB 4**

LEXSEE

## IN RE: TRUMP HOTEL SHAREHOLDER DERIVATIVE LITIGATION

96 Civ. 7820 (DAB) (HBP)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

1997 U.S. Dist. LEXIS 11353; Fed. Sec. L. Rep. (CCH) P99,537

August 5, 1997, Decided
August 5, 1997, FILED

**DISPOSITION:** [*1] Plaintiffs' motion to compel discovery denied. Discovery stayed pending the resolution of the dismissal motion to be filed by defendants on August 11, 1997.

## CASE SUMMARY:

**PROCEDURAL POSTURE:** After plaintiff shareholders brought a shareholders' derivative action against defendant corporation, the shareholders made an informal motion to compel document discovery from a third-party.

**OVERVIEW:** A shareholders' derivative action was brought against a corporation. The shareholders made an informal motion to compel document discovery from a third party. The court denied the motion and stayed discovery pending resolution of an expected motion to dismiss. The court noted that pursuant to a stipulation of the parties, the shareholder's were granted leave to file an amended complaint by a certain date, and the corporation and the third party were granted 45 days thereafter to answer or otherwise move with respect to the amended complaint. The court pointed out that under the Private Securities Litigation Reform Act, 15 U.S.C.S. § 78u-4(b)(3)(B), in any private action under the Act, all discovery and other proceedings were to be stayed during the pendency of any motion to dismiss, unless the court found upon the motion of any party that particularized discovery was necessary to preserve evidence or to prevent undue prejudice to that party. The court ruled that the statute was not limited to class actions, and found that the fact that the motion to dismiss had not yet been filed was solely the result of the schedule to which the parties had agreed.

**OUTCOME:** The court denied the shareholder's motion to compel discovery. The court stayed discovery pending the resolution of the expected motion to dismiss.

**CORE TERMS:** discovery, dismissal motion, motion to dismiss, state law, stayed pending, Exchange Act, diversity of citizenship, staying

**LexisNexis(R) Headnotes**

*Business & Corporate Law > Corporations > Shareholders > Actions Against Corporations > General Overview*
*Civil Procedure > Discovery > Protective Orders*
[HN1] See 15 U.S.C.S. § 78u-4(b)(3)(B).

## COUNSEL:

For RICHARD A. ZIEMAK, plaintiff: Steven G. Schulman, Jeffrey S. Abraham, Melvyn I. Weiss, Milberg Weiss Bershad Hynes & Lerach LLP, New York, NY.

## JUDGES: HENRY PITMAN, United States Magistrate Judge

## OPINION BY: HENRY PITMAN

## OPINION:

OPINION AND ORDER

PITMAN, United States Magistrate Judge:

Plaintiffs have moved informally to compel document discovery from third-party Colony Capital, Inc. n1 For the reasons stated below, plaintiffs' motion is denied and discovery herein is stayed pending resolution of the

motion to dismiss schedule to be filed on August 11, 1997.

n1 This discovery dispute was presented to the Court through (1) letters from plaintiffs' counsel dated June 10, June 25, July 2, and July 7, 1997; (2) letters from defendants' counsel dated June 16, July 1 and July 8, 1997; and (3) a letter from counsel for Colony date July 3, 1997. All the foregoing correspondence shall be docketed herein. At oral argument on July 29, 1997, all counsel agreed that the matter was ripe for decision without the need for further briefing.

[*2]

This shareholder derivative action was commenced on October 16, 1996. Plaintiffs have alleged claims arising under Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a) and under numerous common law doctrines. Plaintiffs claim that the Court has subject matter jurisdiction by virtue of both the presence of a federal question and diversity of citizenship.

Pursuant to a stipulation of the parties, plaintiffs were granted leave to file a Third Amended Consolidated Derivative Complaint on or before June 29, 1997, and defendants were granted forty-five (45) days thereafter to answer or otherwise move with respect to said complaint. The Third Amended Consolidated Complaint was filed on June 26, 1997. Defendants' response is, thus, due on August 11, 1997. Defendants have represented to the Court that they will be moving to dismiss the Third Amended Consolidated Derivative Complaint in its entirety and that their motion will be filed in accordance with the timetable set forth in the May 30 Stipulation.

The instant dispute arises out of the parties' divergent positions concerning the application of Section 21D(b)(3)(B) of the Private Securities Litigation Reform Act ("PSLRA"), [HN1] 15 U.S.C. [*3] § 78u-4(b)(3)(B) which provides that:

In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

In light of the imminent filing of their motion to dismiss, defendants contend that this provision justifies, if not

requires, that discovery be stayed pending resolution of their motion.

Plaintiffs make several arguments in opposition. First, they contend that Section 21D(b)(3)(B) has no application here because this is a derivative action, not a class action, and the PSLRA was intended to deal with the abuses that Congress believed had developed in such class actions. Although class actions are certainly one of Congress' concerns in enacting the PSLRA, the text of the statute does not support plaintiffs' interpretation. Subsection 21D(a), 15 U.S.C. § 78u-4(a), of the PSLRA is specifically limited to class actions. Subsection 21D(b), however, contains no such limitation. Since "'it is generally presumed that Congress acts intentionally [*4] and purposefully when it includes particular language in one section of a statute but omits it in another'", BFP v. Resolution Trust Corp., 511 U.S. 531, 537, 128 L. Ed. 2d 556, 114 S. Ct. 1757 (1994), plaintiffs' argument that the stay provisions of Section 21D(b) applies only to class actions must be rejected.

Second, plaintiffs argue that the Section 21D(b)(3)(B) is inapplicable because no motion to dismiss has been filed. Although plaintiffs are correct that no dismissal motion has yet been filed, this appears to be solely the result of the schedule to which the parties have agreed. In this case, the parties, to their credit, have agreed to a schedule for the filing of a third amended complaint and a moderately extended period within which a dismissal motion would be served. In the ordinary action, responses to discovery requests served with a complaint would not be due until the same time an answer or a Rule 12 motion were due. Thus, in the ordinary action, neither discovery itself nor the Section 21D(b) stay would even be an issue until an answer or dismissal motion were due. No logical reason has been proffered why this chronology should change simply because the parties [*5] have amicably worked out a schedule for the service of an amended pleading and dismissal motion.

Plaintiffs next argue that staying discovery in this matter operates unfairly because it effectively penalizes them for alleging a federal securities law claim in conjunction with their state law claims. Plaintiffs contend that had they chosen to proceed on their state law claims alone, the PSLRA by, its own terms, would be inapplicable and there would be no stay. Although plaintiffs appear be correct that the PSLRA has no application to actions in which only state law claims are alleged, this is simply not such an action. Having chosen to invoke Section 14 of the Exchange Act, plaintiffs are necessarily subject to the PSLRA. There is simply nothing in either the text or the legislative history of the PSLRA that suggests that Congress intended to except federal securities actions in which there happens to be both diversity of citizenship and pendent state law claims.

1997 U.S. Dist. LEXIS 11353, *; Fed. Sec. L. Rep. (CCH) P99,537

Finally, plaintiffs have not established how they will be prejudiced by staying discovery. Indeed, the possibility that prejudice will result from a stay is particularly remote in this case because the only discovery currently [*6] sought is the production of documents. In any event, in order to further minimize the chance of prejudice, I hereby order Colony and all defendants to preserve all documents in their possession or under their control which have either already been requested by plaintiffs or which are likely to be the subject of a discovery request from plaintiffs.

Accordingly, for all the foregoing reasons, plaintiffs' motion to compel discovery is denied. Discovery is hereby stayed pending the resolution of the dismissal motion to be filed by defendants on August 11, 1997.

Dated: New York, New York

August 5, 1997

So Ordered

HENRY PITMAN

United States Magistrate Judge