Harvey L. Leiderman (SBN 55838)
Email: hleiderman@reedsmith.com
Tita K. Bell (SBN 206735)
Email: tkbell@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Mailing Address:
P.O. Box 7936
San Francisco, CA 94120-7936
Telephone:    415.543.8700
Facsimile:    415.391.8269

Daniel R. Formeller (admitted *pro hac vice*)
Email: dformeller@tsmp.com
Basileios Katris (admitted *pro hac vice*)
Email: bkatris@tsmp.com
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
Telephone:    312.627.4000
Facsimile:    312.627.1717

Attorneys for Plaintiff Amisil Holdings Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC f/k/a/ THIEL CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Company, PETER ANDREAS THIEL, a California resident, JASON PORTNOY, a California resident, MARK WOOLWAY, a California resident,<br><br>Defendants. | Case No. C 06 5255 MJJ (EMC)<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE**<br><br>**F.R.C.P. 26(d), (f)**<br><br>Hearing Date:    December 20, 2006<br>Time:    10:30 a.m.<br>Courtroom:    C<br><br>The Honorable Edward M. Chen |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## I.    INTRODUCTION

We told the Court in response to Defendants' motion to throw this case into arbitration that their reason for doing so was to frustrate Amisil's ability to ever get a fair accounting of its confiscated interest in Clarium -- reported in today's *Chronicle* as being "one of the nation's most successful and daring hedge funds with $2.1 billion in assets..." [1] We told the Court when we filed this discovery Motion that we had to do so in order to prevent Defendants from taking advantage of the Court's own schedule to continue to hide the truth from us, for over eight months after we filed the lawsuit.  Now, in their opposition to this motion, Defendants provide clear and unequivocal confirmation of their intent:  the sworn declaration of their counsel, an officer of this Court, who baldly states, "the documents Amisil seeks are up to eight years old and their production would represent a considerable burden."  Chan Decl. ¶ 10.[2]  If the Court does not break through this stone wall and let Amisil finally commence discovery, now four months into this case, the Court will be rewarding behavior that utterly defeats the purpose of revised Rule 26.

The Defendants fail to demonstrate any credible burden of moving forward with discovery in this case, or any burden that would outweigh the prejudice to Amisil if discovery were to continue to be stalled for eight months.  Defendants point to no burden whatsoever if Amisil were permitted to seek discovery from third parties.  As to their own purported burden, the Chan declaration is moreso evidence of an improper intent than a cognizable "burden" that the Court should weigh.  Far from demonstrating a burden, this cover-up only validates Amisil's purpose in bringing this Motion.  Defendants' statement makes clear that they will take any position, no matter how untenable, to prevent Amisil from obtaining a fair accounting of its interest in Clarium.

Amisil seeks limited discovery to begin the process of accounting and neither Defendants' disingenuous burden, nor the PSLRA's stay provision, should operate to further delay Amisil from

---

[1] *See The San Francisco Chronicle*, December 13, 2006, p. 1.  Since this description could only have sourced from defendant Clarium itself, the Court can take judicial notice of the fact under Rule 201(b), Federal Rules of Evidence, and Amisil so requests.

[2]  Counsel attributes this conclusory "fact" to an unidentified individual.  For the record, Amisil objects to this hearsay statement under Rule 802, Federal Rules of Evidence, and asks that it not be admitted into evidence on this Motion.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    determining the value and extent of its interest in "one of the nation's most successful…hedge

2    funds."

3         Under these circumstances it would be manifestly unjust to sweep all of Amisil's claims –

4    including state law claims that are clearly distinct from the federal securities fraud claim – under the

5    rubric of the PSLRA's automatic stay provision, which applies to only one of Amisil's claims for

6    relief.  The stay provision is intended to prevent, on one extreme, fishing expeditions while a motion

7    to dismiss a securities fraud claim is pending; yet Defendants seek to bar, on the other extreme, all

8    legitimate discovery in this case on account of their strategically filed defensive motion, the merit of

9    which is highly questionable.  Defendants' current attempt to frustrate Amisil's prosecution of its

10   non-fraud state law claims foreshadows the continued obstructionism that is sure to come.

11        In bringing this Motion[3] Amisil does not seek to commence a fishing expedition.  Rather,

12   Amisil seeks to obtain, for example, information from third parties and documents that it believes in

13   good faith Clarium should be able to access readily that relate to Amisil's accounting claim.  In

14   granting this Motion, the Court has discretion to focus the scope of permissible discovery at this time

15   in a manner that would protect Defendants from legitimately feared abuses that the automatic stay

16   provision was designed to protect.  At the same time, ordering limited discovery at this stage will

17   serve the interests of justice by facilitating Amisil's prosecution of its accounting claim and pre-

18   empting any future obstructionism in the discovery process.

19

20

21

22   [3]  Defendants make much of the fact that this Motion has not been characterized as a motion to lift
     the stay under 15 U.S.C. § 78u-4(b)(3)(B).  Opp. at 3 n. 3.  While the issue of whether an exemption

23   from the automatic stay provision exists has been raised by way of plaintiff's motion to lift the stay
     (e.g., *Fazio v. Lehman Bros*, 2002 U.S. Dist. LEXIS 15157 (N.D. Ohio, May 16, 2002)), in other

24   cases the issue was raised by way of defendant's motion to stay discovery (*Angell Invs., LLC. v.
     Purizer Corp.*, 2001 U.S. Dist. LEXIS 11782 (N.D. Ill. Oct. 29, 2001)) or plaintiff's motion to

25   compel discovery (*Benbow v. Aspen Tech., Inc.*, 2003 U.S. Dist. LEXIS 6568 (E.D. La. Apr. 11,
     2003); *In re Trump Hotel Shareholder Deriv. Litig.*, 1997 U.S. Dist. LEXIS 11353 (S.D.N.Y. Aug.

26   5, 1997)).  Accordingly, there does not appear to be any requirement that plaintiff raise the challenge
     in a motion to lift the stay, and nothing in *SG Cowen Sec. Corp. v. United States District Court for*

27   *the Northern Dist. of California*, 189 F. 3d 909 (9th Cir. 1999), cited in their footnote 3, suggests
     otherwise.

28

## II.    ARGUMENT

### A.    Defendants Will Suffer No Burden if Limited Discovery Commenced Now

Without sufficiently establishing the cost burden that they would face, Defendants seek to declare a moratorium on all legitimate fact-gathering by Amisil ostensibly so that they can be shielded from liability in the absence of the requested discovery. Defendants insist that all discovery should be stayed even if it imposes no burden on them (such as discovery from third party sources) and regardless of whether the information sought is kept in the ordinary course of business (such as the company's books and records). Defendants' assertion that producing records dating back eight years would impose a burden is far from compelling. Clarium's financial statements and year-end tax filings are documents that should be kept in the ordinary course of business and in all likelihood electronic archives of such documents exist so that the process of retrieving them should involve scant labor. Even if older data is not maintained electronically or on on-site servers, Clarium has only itself to blame for such a burden. Had Clarium furnished these records timely in the due execution of its contractual duties, the burden today would be significantly less.

Moreover, there is no merit to Defendants' assertion it would waste time and resources to proceed with discovery even on the non-fraud state law claims while a motion to dismiss the entire complaint is pending. On the contrary, as noted in *Tobias Holdings*, the usual practice in federal court is to permit discovery to continue pending a motion to dismiss. Thus, Defendants cannot demonstrate any prejudice that would outweigh Amisil's right to commence discovery in this case.

### B.    The PSLRA's Stay Provision Does Not Prevent a Plaintiff from Obtaining Legitimate Particularized Discovery Pertaining to Non-fraud State Law Claims Where No Risk of Abuse Exists

Amisil seeks to commence discovery from third parties sources and limited but legitimate discovery from Defendants pertaining to claims that cannot be summarily dismissed even if the Court were to find that the securities fraud allegations do not meet the heightened pleading standards of the PSLRA. Opening discovery on these claims would not contravene the purpose of the automatic stay provisions of the PSLRA. The Third Circuit Court of Appeals reviewed the legislative history of the PSLRA and identified four abuses of discovery that the automatic stay

PLAINTIFF'S MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE

DOCSSFO-12462264.1-TKBELL

1   provision was designed to prevent. *In re Advanta*, 180 F. 3d 525, 531 (3d Cir. 1999). As the court

2   noted:

>   The purpose of the Act was to restrict abuses in securities class-action litigation,
>   including: (1) the practice of filing lawsuits against issuers of securities in response to
>   any significant change in stock price, regardless of defendants' culpability; (2) the
>   targeting of "deep pocket" defendants; (3) the abuse of the discovery process to
>   coerce settlement; and (4) manipulation of clients by class action attorneys. See H.R.
>   Conf. Rep. No. 104-369, at 28 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 748. [*Id.*
>   at 531 n. 5.]

6       In the absence of more pertinent authority from within the Ninth Circuit, *Tobias Holdings v.*

7   *Bank United Corp.*, 177 F.Supp.2d 162 (S.D.N.Y. 2001), remains the most factually similar

8   published authority on the issue of whether state law claims that have been alleged alongside a

9   federal securities fraud claim are exempt from the PSLRA's stay on discovery. According to *Tobias*

10  *Holdings,* 177 F.Supp.2d at 165-169, and subsequent cases interpreting it in the same context, three

11  factors are relevant to this inquiry: first, whether the state law claims are separate and distinct from

12  the federal securities fraud claim (*see In re CFS-Related Secs. Fraud Litig.*, 170 F.Supp.2d 1260,

13  1267 (N.D. Okla. 2001)); second, whether there is an independent basis for federal jurisdiction over

14  the state law claims (*see In re Altera Corp. Deriv. Litig.*, 2006 U.S. Dist. LEXIS 76197, *4-5 (N.D.

15  Cal. Oct. 11, 2006)); and third, whether permitting an exemption would lead to any of the perceived

16  discovery abuses the PSLRA was designed to prevent (*Fazio v. Lehman Bros. ,*2002 U.S. Dist.

17  LEXIS 15157, *8-12 (N.D. Ohio May 16, 2002)). As discussed in its opening memorandum, Amisil

18  should be permitted under *Tobias Holdings* to commence limited discovery as to its non-fraud

19  claims against Defendants, and none of the cases cited by Defendants compels a different

20  conclusion.

21      As to the first factor, Amisil has clearly alleged non-fraud state law claims that are separate

22  and distinct from the Rule 10b-5 claim. *Angell Invs., LLC v. Purizer Corp., supra,* cited by

23  Defendants in their opposition, compels the same conclusion. In *Angell Investments*, this Court

24  considered the appropriateness of staying discovery in a parallel state action for negligent

25  misrepresentation in light of a motion to dismiss filed in a federal securities fraud action. 2001 U.S.

26  Dist. LEXIS 11782 at *3. Acknowledging that the relevant inquiry under *Tobias Holdings* was

27  whether the state law claims simply "mirror" the federal claim (2001 U.S. Dist. LEXIS 11782 at *4),

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

the Court found that negligent misrepresentation was "related closely enough" to fraud that the discovery sought in the parallel cases would be "precisely the same" (*id.* at *6-7).[4] By contrast, Amisil's claims for breach of contract and accounting -- which do not encompass elements of intent, misrepresentation or concealment and do not assume that the purported 2006 expulsion and seizure of Amisil's interest were "effective" -- are clearly not mirror images of its claim for violation of Rule 10b-5. *Tobias Holdings* permits an exemption from the automatic stay requirement even though the state law claims arise from the same facts as the federal securities fraud claim so long as the state claims are "separate and distinct claims that cannot be summarily dismissed." *Id.* at 166. Moreover, recognizing that overlap in discovery is likely where state and federal law claims arise from the same set of facts, *Tobias Holdings* permits the exemption even given the likelihood of overlapping discovery. 177 F.Supp.2d at 165 n. 3. Here, while discovery as to non-fraud claims may overlap with the Rule 10b-5 claim, it is not precisely the same and is arguably more limited, since it would not extend to issues of intent to defraud or justifiable reliance, among others.

As to the second factor, it is undisputed that diversity of citizenship exists in this case and therefore the Court may assert diversity jurisdiction over the claims that do not involve the violation of a federal statute.

As to the third factor, as noted above, the PSLRA's automatic stay provision was designed to protect defendants in securities class actions from being bombarded with frivolous, burdensome discovery that has the effect of coercing them into settlement. This case is an individual action alleging securities fraud as well as state law claims. Defendants assert that because they filed a motion to dismiss the 10b-5 claim, Amisil should not be afforded **any** discovery at this time since doing so may lead to uncovering materials that may support or rebut the allegations that Clarium has committed securities fraud. To impose a complete stay would be an unduly harsh application of the

---

4  Likewise, this case is distinguishable from the unpublished out-of-district decision cited by Defendants, *Benbow v. Aspen Tech., Inc.*, 2003 U.S. Dist. LEXIS 6568 (E.D. La. Apr. 11, 2003), in which the plaintiff sought "general discovery" pertaining to state law claims for fraudulent/negligent misrepresentation and breach of contract alike. Unlike *Benbow*, no general discovery has been propounded here and the Court is poised to limit the scope of permissible discovery to the extent necessary to prevent abuse.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  PSLRA's automatic stay provision given that Defendants cannot point to any legitimate burden they

2  would suffer if limited discovery on non-fraud issues were to commence.

3      *In re Gilead Sciences Securities Litigation*, cited by Defendants, is inapposite. 2004 U.S.

4  Dist. LEXIS 27309 (N.D. Cal. Nov. 22, 2004). First, *Gilead* involves the distinct issue of whether

5  discovery in a parallel state action should be stayed pending resolution of a motion to dismiss on a

6  claim for violation of federal securities law in federal court in light of the automatic stay provision of

7  Securities Litigation Uniform Standards Act *Id.* at *13. As such, *Gilead* was shaped by policy

8  interests embodied in the SLUSA -- a statute that is not implicated here (*id.* at *8-9) -- and Judge

9  Jenkins did not suggest that the same concerns would apply in determining whether discovery may

10  proceed in a federal action involving both state and federal securities fraud claims despite the

11  automatic stay provision under the PSLRA. Indeed, in addressing *Tobias Holdings*, Judge Jenkins

12  distinguished that case on the basis that it did not involve a parallel state action or the SLUSA. In

13  any event, in suggesting that courts should consider the degree to which discovery on the federal

14  versus state claims overlap, the point was that a plaintiff should not be permitted to abuse its

15  discovery powers and engage in a fishing expedition while a motion to dismiss a securities fraud

16  claim is pending to coerce defendants into settlement. *Id.* at *13 (pointing out that the PSLRA was

17  designed to address perceived abuses such as "using discovery to coerce a settlement."). Thus,

18  *Gilead* serves to remind courts to evaluate whether there is any risk of abuse by plaintiff should

19  discovery move forward. [5]

20      *In re Trump Hotel Shareholder Deriv. Litig.*, 1997 U.S. Dist. LEXIS 11353 (S.D.N.Y. Aug.

21  5, 1997) has no bearing here. It is a non-published decision from the same district court that issued

22  *Tobias Holdings* which predates *Tobias Holdings* by four years. *Tobias Holdings* supersedes *Trump*

23  as it represents a more current expression of the purpose of the PSLRA's automatic stay provision

24  and exemptions thereunder. It should also be noted that the court in *Trump* did not consider whether

25  ─────────────────────────

[5]  Other courts interpreting the automatic stay provision of the PSLRA have similarly focused on the
26  absence of perceived abuses that the statute was designed to protect. In *Fazio v. Lehman Bros*, 2002
U.S. Dist. LEXIS 15157, *12, the Northern District of Ohio explained that "if diversity jurisdiction
27  exists, and additionally, the Congressional policies behind the [PSLRA] would not be furthered by
maintaining the stay, relief from the stay is warranted."

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    the state law claims involved fraud or whether they were in any way related to the federal law

2    claims.

3        **C.**      **To the Extent Rule 37 Applies the Court Should Order Defendants to Pay the**

4                    **Expenses Incurred in Bringing This Motion**

5        Amisil brings this Motion pursuant to Rules 26(d) and (f) – both of which authorize the Court

6    to grant the relief being sought. Rule 37 pertains to motions to compel discovery generally but does

7    not specifically address the situation found here where the Rule 26(f) conference has not yet

8    occurred and therefore discovery cannot yet commence. If the Court finds that Rule 37 applies to

9    this Motion, including the provisions allowing the Court to require the losing party or the filing

10   attorney or both to pay reasonable expenses incurred in connection with the motion to compel,

11   Amisil requests that the Court order Defendants and their attorneys to pay the expenses incurred by

12   Amisil and its attorneys in connection with bringing this Motion in the event the Motion is granted.

13 **III.**    **CONCLUSION**

14        For the reasons stated above, Amisil respectfully requests that the Court permit the parties to

15   commence discovery immediately, even if limited in scope. Alternatively, Amisil requests that the

16   Court order the parties to meet and confer in good faith under Rule 26 without further delay.

17

18        DATED: December 13, 2006.

19                      REED SMITH LLP

20

21                      By    /s/

22                          Tita K. Bell
                         Attorneys for Plaintiff
                         Amisil Holdings Ltd.

23

24

25

26

27

28