Harvey L. Leiderman (SBN 55838)
Email: hleiderman@reedsmith.com
Tita K. Bell (SBN 206735)
Email: tkbell@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Mailing Address:
P.O. Box 7936
San Francisco, CA 94120-7936
Telephone: 415.543.8700
Facsimile: 415.391.8269

Daniel R. Formeller (admitted *pro hac vice*)
Email: dformeller@tsmp.com
Basileios Katris (admitted *pro hac vice*)
Email: bkatris@tsmp.com
Tressler, Soderstrom, Maloney & Priess
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
Telephone: 312.627.4000
Facsimile: 312.627.1717

Attorneys for Plaintiff Amisil Holdings Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMISIL HOLDINGS LTD., a Cyprus corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLARIUM CAPITAL MANAGEMENT, LLC f/k/a/ THIEL CAPITAL MANAGEMENT, LLC, a Delaware limited liability company, PETER ANDREAS THIEL, a California resident, JASON PORTNOY, a California resident, MARK WOOLWAY, a California resident,<br><br>　　　　　Defendants. | Case No. C 06 5255 MJJ (EMC)<br><br>**APPENDIX OF UNPUBLISHED AUTHORITY CITED IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL EXPEDITED DISCOVERY OR ALTERNATIVELY RULE 26(F) CONFERENCE**<br><br>Hearing Date:　December 20, 2006<br>Time:　　　　　10:30 a.m.<br>Courtroom:　　C<br><br>Honorable Edward M. Chen |

Plaintiff Amisil Holdings Ltd. submits copies of the following unpublished cases for the Court's reference:

1. *Fazio v. Lehman Bros, Inc.*, 2002 U.S. Dist. LEXIS 15157 (N.D. Ohio May 16, 2002), *rev'd on other grounds*, 340 F. 3d 386 (6th Cir. 2003)

2. *In re Altera Corp. Deriv. Litig.*, 2006 U.S. Dist. LEXIS 76197 (N.D. Cal. Oct. 11, 2006)

DATED: December 13, 2006.

REED SMITH LLP

By___/s/_____
Tita K. Bell

Attorneys for Plaintiff
Amisil Holdings Ltd.

# EXHIBIT A

LEXSEE 2002 U.S. DIST. LEXIS 15157



Warning
As of: Dec 12, 2006

**ROBERT FAZIO, et al., Plaintiffs, vs. LEHMAN BROTHERS, INC., et al., Defendants. SAMUEL GLAZER, Plaintiff, vs. LEHMAN BROTHERS, INC., et al., Defendants. DOMINIC A. VISCONSI, et al., Plaintiff, vs. LEHMAN BROTHERS, INC., et al., Defendants.**

CASE NO. 1:02CV157, CASE NO. 1:02CV370, CASE NO. 1:02CV382

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

*2002 U.S. Dist. LEXIS 15157*

**May 16, 2002, Decided**

**DISPOSITION:** [*1] Plaintiffs' Consolidated Motion To Lift Stay of Discovery granted.

**COUNSEL:** For Robert Fazio, Carl Fazio, Sr., Irene Dugger Fazio, Fazio Investment One Limited, Fazio Investment Three Limited, Plaintiffs (1-02-00157-JMM): Ari H. Jaffe, Byron S. Krantz, Steven R. Malynn, Kohrman, Jackson & Krantz, Cleveland, OH.

For Lehman Brothers, Inc., Lehman Brothers Holdings, Inc., Defendants (1-02-00157-JMM): Douglas V. Bartman, James J. Bartolozzi, Mark R. Jacobs, Kahn, Kleinman, Yanowitz & Arnson, Cleveland, OH.

For Lehman Brothers, Inc., Defendant (1-02-00157-JMM): H. Nicholas Berberian, Neal, Gerber & Eisenberg, Chicago, IL.

For S.G. Cowen Securities, Societe Generale SA, Defendants (1-02-00157-JMM): Christopher M. Ernst, John S. Kluznik, Sr., Mark P. O'Neill, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, OH.

For Hambrecht & Quist, Inc., J.P. Morgan, Defendants (1-02-00157-JMM): Christopher P. Fisher, Elin B. Young, Marvin L. Karp, Michael N. Ungar, Ulmer & Berne, Cleveland, OH.

**JUDGES:** John M. Manos, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** John M. Manos

**OPINION:**

MEMORANDUM OF OPINION

On May 7, 2002, the Plaintiffs in these actions jointly filed a Consolidated Motion To Lift [*2] the Stay of Discovery. The parties have fully briefed these issues. For the following reasons, the motion is GRANTED as to all cases.

I. FACTS

These actions arise out of the conduct of Frank Gruttadauria, who formerly acted as an investment broker for each of the Plaintiffs. He is charged with stealing from the investment accounts he was servicing over a period of approximately fifteen years, and covering up his activity by providing false account statements to the Plaintiffs.

The Plaintiffs have sued the brokerage firms for whom Gruttadauria worked over the period of the alleged theft. Generally, the Plaintiffs assert that the brokerages are liable for his conduct. They have brought fraud claims under the federal securities laws, including Section 10(b) of the Securities and Exchange Act of 1934 (*15 U.S.C. § 78j(b)*) and S.E.C. Rule 10(b)(5), as well as related claims under state law. Two of the brokerage defendants are SG Cowen Securities Corp. and its parent Societe Generale (collectively "SG Cowen"). Gruttadauria worked for SG Cowen and its predecessor from about 1989 until October 2000.

Although these actions have not been formally consolidated, the [*3] Court has required that the parties proceed with discovery in concert because all the claims arise out of Gruttadauria's alleged theft. On April 5, 2002, the Court held a status conference at which an initial pleading and discovery schedule was set. Pursuant to that schedule, by April 15, 2002 the Plaintiffs filed amended complaints, the answers to which are due on May 30, 2002. The parties also agreed to continue "informal discovery" by which they would exchange documents relating to the Plaintiffs' accounts without any actual discovery requests under the rules of civil procedure. More extensive "formal discovery" pursuant to the rules of civil procedure is scheduled to commence upon filing of the Defendants' answers to the amended complaints. The Court also granted the Defendants leave to file any motions challenging the sufficiency of the complaints.

On April 26, 2002, SG Cowen filed a motion to dismiss the federal securities fraud claims in each case asserting substantially the same legal grounds for dismissal. Alternatively, it seeks a stay for the purpose of referring these cases to arbitration before an NASD panel.

SG Cowen also asserts that it is entitled to an automatic [*4] stay of discovery while the motions to dismiss are pending pursuant to the Private Securities Law Reform Act, particularly *15 U.S.C. § 78u-4(b)(3)(B)*. In its motion, SG Cowen expressed its intent to fulfill its agreement to continue informal discovery, but seeks a stay of formal discovery under the rules, which would stay the exchange of written requests for production, interrogatories, requests for admission, and depositions. In response, the Plaintiffs have filed the current motion to lift the stay so that formal discovery may proceed upon filing of the Defendants' answers on May 30, 2002, under the schedule set forth at the status conference on April 5, 2002.

II. LAW AND ANALYSIS

The Private Securities Law Reform Act ("P.S.R.A.") provides in relevant part:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

*15 U.S.C. § 78u-4(b)(3)(B)* (emphasis added). [*5] In addition, during the pendency of any stay of discovery, any party receiving actual notice of the litigation shall preserve all relevant documents and other evidence as if they were subject to discovery requests. *15 U.S.C. § 78u-4(b)(3)(C)*.

In passing these provisions, Congress expressed concern over the rising abuse of the securities fraud statutes by which shareholders would bring suits, often as class actions, when disappointed about a drop in the price of a particular company's stock. In particular, Congress was concerned that the immense cost of discovery in such suits was often being used as leverage to force settlements even absent any wrongdoing. By staying discovery pending a decision on a motion to dismiss, the sufficiency of a complaint could be determined at little expense. To protect plaintiffs, the statute also mandates that any party having notice of the lawsuit preserve all relevant documents and other potential evidence. In addition, the statute provides a means to obtain relief from the stay to permit "particularized discovery ... to preserve evidence or to prevent undue prejudice". See, e.g., *SG Cowen Securities Corp. v. United States District Court for the Northern District of California, 189 F.3d 909, 911-13 (9th Cir. 1989)*; [*6] *Vacold, L.L.C. v. Cerami, 2001 U.S. Dist. LEXIS 1589, 2001 WL 167704 at *6 (S.D.N.Y. 2001)*; In re: *Carnegie International Corp. Securities Litigation, 107 F. Supp. 2d 676, 679 (D. Md. 2000)*; In re: *Tyco International, Ltd. Securities Litigation, 2000 U.S. Dist. LEXIS 11659, 2000 WL 33654141 at *1-2 (D.N.H. 2000)*; *Powers v. Eichen, 961 F. Supp. 233, 235-36 (S.D. Cal. 1997)*.

2002 U.S. Dist. LEXIS 15157, *6

The reference in the statute to a stay of "all discovery" is to be interpreted broadly. It applies even as to discovery against co-defendants who have not filed motions to dismiss. In re: *CFS-Related Securities Fraud Litigation, 179 F. Supp. 2d 1260, 1263-64 (N.D. Okla. 2001)*. Similarly, although Congressional policy statements focus primarily on abuses in class actions, by its plain language the statutory stay is not limited to class actions. Whether the case is a class action, however, may be an appropriate factor in determining whether the stay should be lifted. In re: *Trump Hotel Shareholder Derivative Litigation, 1997 U.S. Dist. LEXIS 11353, 1997 WL 442135* at *1 (S.D.N.Y. 1997).

A. Application of the P.S.R.A.

To obtain relief from the stay, the Plaintiffs first must demonstrate that they [*7] are seeking "particularized discovery". The Court concludes that discovery in these cases is sufficiently particularized to warrant relief from the stay. Securities litigation often involves vague allegations of fraud brought by an entire class of shareholders. Such is not the case here. The Plaintiffs' allegations relate to specific accounts all primarily serviced by a single individual -- Frank Gruttadauria. Given that these cases are focused by their very nature, discovery would be particularized under the P.S.R.A.

The Plaintiffs also must demonstrate that discovery is necessary either to preserve evidence or to prevent undue prejudice. In this context, "undue prejudice" does not rise to the level of irreparable harm, but rather means prejudice that is improper or unfair under the circumstance. *CFS, 179 F. Supp. 2d at 1265; Faulkner v. Verizon Communications, Inc., 156 F. Supp. 2d 384, 402 (S.D.N.Y. 2001); Vacold, 2001 WL 167704* at *6; *Medical Imaging Centers of America, Inc. v. Lichtenstein, 917 F. Supp. 717, 720 (S.D. Cal. 1996)*. General allegations and speculative risks regarding lost evidence or fading memories [*8] are insufficient to meet the exception to the stay. *CFS, 179 F. Supp. 2d at 1265*; In re: *Fluor Corp. Securities Litigation, 1999 U.S. Dist. LEXIS 22128, 1999 WL 817206* at *3 (C.D. Cal. 1999); *Novak v. Kasaks, 1996 U.S. Dist. LEXIS 11778, 1996 WL 467534* at *1 (S.D.N.Y. 1996).

The Plaintiffs essentially rely on two bases for undue prejudice: (1) the advanced age of several of the Plaintiffs, and (2) the long time period over which the alleged fraud occurred. They argue that these factors render the danger of lost evidence and fading memories substantially greater than that in the usual case. The Court agrees. Some of the allegations go back over a decade, and the elder Plaintiffs in most cases are the ones who established the initial accounts and originally dealt with Gruttadauria. In these cases, therefore, there is a significant risk of prejudice to the Plaintiffs not present in the cases in which stays of discovery were maintained. Accordingly, these cases fall within the exception to the statutory stay of discovery under the P.S.R.A.

B. Effect of the State Law Claims

Alternatively, the Plaintiffs argue that the stay should be lifted because they assert claims under state law that [*9] are not subject to it. Some courts have denied discovery on state law claims if the federal court is exercising *supplemental jurisdiction* pursuant to *28 U.S.C. § 1367*. Such courts have reasoned that allowing such discovery would provide a means to circumvent the statutory stay by simply re-couching the allegations as claims arising under state law. See *SG Cowen, 189 F.3d at 913 n. 1*. However, in *Tobias Holding, Inc. v. Bank United Corp., 177 F. Supp. 2d 162 (S.D.N.Y. 2001)*, the court held that if a federal court has an *independent basis for jurisdiction* over the state law claims, primarily diversity jurisdiction under *28 U.S.C. § 1332*, then the stay should not apply. The court reasoned that the state law claims could not be dismissed even upon dismissal of the federal securities fraud claims because the elements of the state law claims were properly pled, and diversity created an independent basis for jurisdiction. To enforce the stay, therefore, would cause an unnecessary delay, duplication of effort, and effectively penalize plaintiffs who seek an efficient resolution by bringing all claims [*10] in a single forum. *Id. at 166-69*.

Cases interpreting Tobias, however, have not recognized a general rule that the stay should never apply if there is diversity jurisdiction over the state law claims. For example, in *Angell Investments, L.L.C. v. Purizer Corp., 2001 U.S. Dist. LEXIS 17782, 2001 WL 1345996 (ND. Ill. 2001)*, that court concluded that the existence of an independent ground for jurisdiction over the state law claims, like diversity, is not determinative. Rather, the stay should apply to state law claims, regardless of the basis for jurisdiction, if the factual bases for the federal and state law claims are closely tied together. *Id. at *2*. See also *Trump, 1997 WL 442135* at *2 (diversity jurisdiction does not preclude application of stay to state

law claims).

The Court concludes that Tobias controls these cases. Here, like in Tobias, this Court has diversity jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. 1332. In addition, the Court in Tobias noted that maintaining the stay in that case would not have furthered the Congressional goals behind the P.S.R.A. First, the case was not a [*11] "fishing expedition" in which discovery was to be used to find a sustainable claim that could not otherwise be pled. Similarly, the allegations were not frivolous, nor designed to extort money out of the defendants through the threat of exorbitant discovery costs. In addition, because the case was not a class action, the discovery sought was determined to be non-coercive. *Tobias, 177 F. Supp. 2d at 166*.

As in Tobias, the Congressional policies behind the statutory stay are not furthered here. The state law claims are not subject to any motions to dismiss, so such claims would survive even if the federal securities fraud claims are dismissed. In addition, because there is diversity jurisdiction, litigation on the state law claims must proceed in this Court. Discovery, therefore, could only be delayed, but not reduced or avoided. These cases also do not constitute "fishing expeditions" in which the discovery process is subject to abuse. Independent of the private civil lawsuits, Gruttadauria's conduct is the subject of criminal proceedings and an S.E.C. investigation. The Defendants, therefore, must identify and gather materials relevant to these cases to fulfill [*12] their obligations to the governmental authorities. There would be little additional expense and effort in permitting simultaneous discovery in the private civil lawsuits.

For these reasons, a stay of discovery is not appropriate. The Court stresses that this decision is not based on any strict rule that diversity jurisdiction requires lifting the stay. However, if diversity jurisdiction exists, and additionally, the Congressional policies behind the P.S.R.A. would not be furthered by maintaining the stay, relief from the stay is warranted. Furthermore, because the factual bases for the various claims are intertwined, relief from the stay is granted as to all claims because the Court concludes that it is impracticable to limit discovery to particular claims.

C. Briefing Schedule On the Motions To Dismiss

On May 8, 2002, the Court granted the Plaintiffs until May 24, 2002 to respond to the motions to dismiss, and authorized them to exceed the page limit by ten pages. In view of this decision, on May 9, 2002, SG Cowen requested an extension of time to file reply briefs in support of the motions to dismiss until June 7, 2002, and likewise requested leave to exceed the page limit [*13] by ten pages. Om May 15, 2002, one of the Plaintiffs' counsel telephoned the Court requesting an extension of one more week to filed their response briefs. Although no motion has been filed, the request is granted, and SG Cowen is hereby granted a comparable extension and leave to exceed the page limit by ten pages. Accordingly, the Plaintiffs' responses are due on May 31, 2002, and SG Cowen's replies are due on June 14, 2002.

Alternative to a complete stay, SG Cowen further requested that the start of formal discovery be moved from May 30, 2002 to June 20, 2002. Such a delay would be comparable to the extensions of time granted with respect to the briefing on the motions to dismiss. SC Cowen's request to delay discovery is DENIED. The extensions on the briefing schedule for the motions to dismiss does not warrant a delay in the start of formal discovery.

III. CONCLUSION

For the foregoing reasons, the Plaintiffs' Consolidated Motion To Lift the Stay of Discovery is GRANTED. Accordingly, formal discovery shall commence on May 30, 2002 as scheduled at the status conference held April 5, 2002. The Plaintiffs shall respond to the motions to dismiss by May 31, 2002. SG Cowen [*14] shall file its reply briefs by June 14, 2002 and may exceed the page limit by ten pages.

IT IS SO ORDERED.

Issued: May 16, 2002

s/ John M. Manos

UNITED STATES DISTRICT JUDGE

# EXHIBIT B

LEXSEE

In re Altera Corp Deriv. Litigation; This Document Relates to: ALL ACTIONS

NO. C 06-03447 JW

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

*2006 U.S. Dist. LEXIS 76197*

October 11, 2006, Decided
October 11, 2006, Filed

**COUNSEL:** [*1] For Michael Nakhimovsky, Derivately on Behalf of Nominal Defendant ALTERA CORPORATION, Plaintiff: Elizabeth C Guarnieri, Robert S. Green, Green Welling LLP, San Francisco, CA.; Eric L. Zagar, Sean M. Handler, Esq., Schiffrin & Barroway LLP, Radnor, PA.; Rachele R. Rickert, Wolf Haldenstein Adler Freeman & Herz LLP, San Diego, CA.

For Alaska Electrical Pension Fund, Plaintiff: Sandra G. Smith, Schiffrin & Barroway LLP, Radnor, PA.; Travis E. Downs, III, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, San Diego, CA.

For Wayne County Employees' Retirement System, BENJAMIN SAVIN, Plaintiffs: Travis E. Downs, III, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, San Diego, CA.

For Denis M Berlan, John P Daane, Paul Newhagen, Robert W Reed, Nathan Sarkisian, Rodney Smith, William E. Terry, Defendants: Anna Erickson White, Morrison & Foerster LLP, Palo Alto, CA.

For Eric Cleage, Defendant: Bruce B. Kelson, Shearman & Sterling LLP, San Francisco, CA.

For Altera Corporation, Nominal Defendant, Defendant: James H Miller, Schriffrin & Barroway LLP, Radnor, PA, US.

For Robert J. Finocchio, Jr, Kevin McGarity, Susan Wang, Katherine E. Schuelke, Consol Defendants: [*2] Anna Erickson White, Morrison & Foerster LLP, Palo Alto, CA.

For L A Murphy, Movant: Betsy C. Manifold, Rachele R. Rickert, Wolf Haldenstein Adler Freeman & Herz LLP, San Diego, CA.

**JUDGES:** JAMES WARE, United States District Judge.

**OPINION BY:** James Ware

**OPINION:**

**ORDER STAYING DISCOVERY PENDING DEFENDANTS' ANTICIPATED MOTION TO DISMISS**

On October 2, 2006, the Court conducted a Case Management Conference ("CMC"). In attendance were Travis Downs of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") and Sandra Smith of Schiffrin & Barroway for Plaintiffs, Craig Martin of Morrison & Foerster for Nominal Defendant Altera Corp., and Individual Defendants except Erik Cleage, and Bruce Kelson of Shearman & Sterling for Individual Defendant Erik Cleage.

During the CMC, the parties disputed whether the Private Securities Litigation Reform Act of 1995 ("PSLRA") applies to this shareholder derivative case, which alleges violations of the Securities Exchange Act and *Rule 10b-5*, breach of fiduciary duty, and unjust enrichment. Plaintiffs contended that the PSLRA discovery stay does not apply to shareholder derivative actions, but only to class actions. Defendants contended that [*3] the PSLRA discovery stay applies to derivative actions that allege federal securities law claims.

In any private action arising under *15 U.S.C. § § 78a et seq.*, the PSLRA mandates that the Court stay discovery during the pendency of any motion to dismiss, unless it is found pursuant to a party's motion that particularized discovery is necessary to preserve evidence or prevent undue prejudice to that party. *15 U.S.C. § 78u-4(b)(3)(B)*.

The federal courts have previously applied the PSLRA discovery stay to shareholder derivative actions

alleging violations of federal law. See *Erickson v. Horing*, 2000 U.S. Dist. LEXIS 22432, *19-*23 (D. Minn. Oct. 23, 2000). The discovery stay applies even when no motion to dismiss has yet been filed due to the parties' schedule for filing a revised version of the complaint. *In re Trump Hotel Shareholder Derivative Litig.*, 1997 U.S. Dist. LEXIS 11353, *3-*4 (S.D.N.Y. Aug. 5, 1997). In order to fulfill the purposes underlying the PSLRA, the discovery stay also applies to pendent state law claims and initial disclosures. See, e.g., *Medhekar v. Hockey*, 99 F.3d 325, 328 (9th Cir. 1996) [*4] (initial disclosures); *SG Cowen Securities Corp. v. U.S. Dist. Ct.*, 189 F.3d 909, 913 n.1 (9th Cir. 1999) (pendent state law claims). The Court finds that the PSLRA's discovery stay applies in this case.

The cases cited by Plaintiffs for the proposition that the PSLRA does not apply to shareholder derivative actions are distinguishable. Three of Plaintiffs' cases find the PSLRA's discovery stay inapplicable to derivative actions asserting solely state law claims. See *In re First Bancorp Derivative Litig.*, 407 F. Supp. 2d 585 (S.D.N.Y. 2006); *In re Firstenergy Shareholder Derivative Litig.*, 219 F.R.D. 584, 586 (N.D. Ohio 2004); In re Tyco Int'l Ltd. Multidistrict Litig., 2003 WL 23830479, *3 (D. N.H. Jan. 29, 2003). Because the Plaintiffs have asserted federal securities claims, these three cases are inapposite. Plaintiffs' fourth case stands for the proposition that the PSLRA discovery stay does not apply to non-fraud state law claims (e.g. tortious interference with contract, breach of contract) unrelated to a plaintiff's federal securities fraud claims. *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 169 (S.D.N.Y. 2001). [*5] The court there had diversity jurisdiction over the relevant state law claims. *Id. at 164*. Here, Plaintiff's state law claims are not wholly distinct, and *Tobias Holdings* is inapposite.

The Court ORDERS all discovery STAYED pending Defendants' anticipated motion to dismiss. Defendants shall notice the motion to dismiss for a hearing no later than **December 20, 2006.** (See Docket Item No. 34.)

Dated: October 11, 2006

/s/

JAMES WARE

United States District Judge